**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
**100 CHURCH STREET**
**NEW YORK, NY 10007**

**KATHLEEN M. LINNANE**
Assistant Corporation Counsel
Labor and Employment Law Division
Telephone: (212) 356-2467
Email: klinnane@law.nyc.gov

April 7, 2025

**By ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re: Maiorino v. New York City Department of Sanitation, et al.
1:25-cv-00097-LJL

Dear Judge Liman:

I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for the New York City Department of Sanitation and the City of New York ("Defendants"), in the above-referenced matter. Defendants respectfully submit this letter in opposition to Plaintiff's Letter Motion, dated April 3, 2025, wherein Plaintiff requests that the Court (1) order discovery at the pleading stage; (2) grant Plaintiff leave to amend the Complaint after the requested discovery is produced; and, (3) hold Defendants' Motion to Dismiss the Complaint in abeyance until such time as Plaintiff amends the Complaint. See ECF No. 15. Plaintiff's requests should be denied in their entirety for the reasons set forth below.

**A. Background**

Plaintiff commenced this action on January 4, 2025. ECF No. 1. In the Complaint, Plaintiff alleges that in denying Plaintiff's request for an accommodation to the COVID-19 vaccine mandate applicable to employees of the City of New York ("Vaccine Mandate"), Defendants violated the Free Exercise clause of the First Amendment to the United States Constitution, the New York State Human Rights Law ("SHRL") and New York City Human Rights Law ("CHRL"). Id. On March 28, 2025, Defendants served a Motion to Dismiss the Complaint. ECF Nos. 9-11. On April 2, 2025, Defendants sought, by email, Plaintiff's consent to stay discovery during the pendency of Defendants' Motion to Dismiss; thereafter, Plaintiff consented to said stay. On April 3, 2025, Defendants requested that the Court stay discovery pending Defendants' Motion to Dismiss dated March 28, 2025, which request was granted. ECF No. 14.

**B. Plaintiff's Request for Discovery at the Pleading Stage Should be Denied**

As an initial matter, Plaintiff has already consented to a stay of discovery in this matter. Yet Plaintiff now seeks discovery, claiming that he "did not anticipate a motion to dismiss, which Defendant [sic] filed without conferring with counsel." ECF No. 14. Not only is this claim nonsensical, particularly in view of the dozens of motions to dismiss consistently brought by the

defendants in similar matters involving nearly identical complaints in the Southern and Eastern Districts, as well as in State Supreme courts, including several brought by the same counsel representing Plaintiff here, but it is also irrelevant. Plaintiff consented to stay discovery, and his about-face request that Defendants produce discovery at the pleading stage should be denied for that reason alone. And notably, pursuant to Rule 2(F) of Your Honor's Individual Practices in Civil Cases, "[a]bsent order of the Court, neither pre-motion letters nor pre-motion conferences are required." Defendants are under no obligation to discuss their case strategies with Plaintiff, nor do this Court's rules require either the Court or Plaintiff to be put on notice of an anticipated motion to dismiss.

Nevertheless, Plaintiff is not entitled to discovery at this stage in the litigation. Contrary to Plaintiff's faulty contention, the burden is not on Defendants to provide information to bolster his pleading. Indeed, at the pleading stage, the burden is on the plaintiff to state a plausible claim for relief in the complaint. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2009). The plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Cagle v. Weill Cornell Med., 2024 U.S. Dist. LEXIS 131832, *8 (S.D.N.Y. 2024) (quoting Twombly, 550 U.S. at 556). Plaintiff's contention that absent the discovery he seeks, he will be unable to argue his claims on the merits does not entitle him to discovery at this stage, and his request flies in the face of decades of precedent that it is a "plaintiff's obligation to provide the grounds of his entitlement to relief." Mangahas v. Eight Oranges Inc., 2022 U.S. Dist. LEXIS 190294, *9-10 (S.D.N.Y. 2022).

Plaintiff also argues that the discovery he seeks "is essential to Plaintiff's First Amendment Free Exercise claim." ECF No. 14. However, Plaintiff evidently fails to recognize that the Second Circuit has conclusively held that the Vaccine Mandate, "in all its iterations, is neutral and generally applicable," is subject to rational basis review, and does not violate the Free Exercise clause of the United States Constitution. See Kane v. De Blasio, 19 F.4th 152, 165 (2d Cir. 2021); see also New Yorkers for Religious Liberty Inc. v. City of New York, 121 F.4th 448, 459 (2d Cir. 2024). "Courts within the circuit have overwhelmingly, if not unanimously rejected [free exercise] challenges" to the very same Vaccine Mandate at issue here; Rizzo v. NYC Dep't of Sanitation, 2024 U.S. Dist. LEXIS 116666 at *17-18 (S.D.N.Y. 2024) (collecting cases); Vasquez v. City of New York, 2024 U.S. Dist. 58731, at *28-29 (E.D.N.Y. 2024) (dismissing Free Exercise challenge brought by former FDNY firefighter); Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. 2024) (dismissing Free Exercise challenge brought by former NYPD Police Officer). Consequently, the discovery Plaintiff purports to seek will not change that simple fact.

Finally, Plaintiff's request for discovery is improper because Plaintiff is engaging in nothing other than a fishing expedition. Plaintiff's letter motion suggests that Plaintiff is unable to assert plausible claims that entitle him to the relief he seeks from this Court, and in speculating that discovery will reveal some sort of unlawful conduct, claims that such discovery will enable him to cure that deficit. ECF No. 15 at 1. However, as this Court has aptly recognized, "[d]iscovery […] is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." Mikityuk v. Cision US, Inc., 2021 U.S. Dist. LEXIS 157929, *12 (S.D.N.Y. 2021) (quoting Tottenham v. Trans World Gaming Corp., 2002 U.S. Dist. LEXIS 11313 (S.D.N.Y. 2002)). Here, Plaintiff relies on no objective support, instead relying on demonstrated false claims about Defendants' denial of his requested accommodation and a conspiratorial notion that Defendants may have acted unlawfully. This Court has routinely held that "disclosure should not be directed simply to permit a fishing

expedition." See, *e.g.*, Cibao v. 3 Kids Corp., 2021 U.S. Dist. LEXIS 159896, *4 (S.D.N.Y. 2021) (quoting Edmondson v. RCI Hospitality Holdings, Inc., 2018 U.S. Dist. LEXIS 147435, at *1 (S.D.N.Y. 2018). The Court should apply the same logic here, and should reject Plaintiff's improper request for discovery at the pleading stage.

**C. Plaintiff's Request to Hold Defendants' Motion in Abeyance Should be Denied**

Plaintiff further requests that the Court grant him leave to amend the Complaint after Defendants produce the requested discovery, and that the Court "[h]old Defendants' motion to dismiss in abeyance pending the filing of the amended complaint." ECF No. 15 at 2. However, Plaintiff provides no legal grounds, factual or otherwise, that support his request to hold Defendants' Motion to Dismiss in abeyance. Thus, his request must be denied accordingly.

Rule 15 of the Federal Rules of Civil Procedure ("FRCP") provides that a plaintiff may amend [his] complaint "within 21 days after service of a motion under Rule 12(b)." F.R.C.P. 15(a)(1)(B). Plaintiff presents the convoluted argument that "allowing limited discovery to obtain […] critical evidence aligns with the spirit of Rule 15," and contends that discovery at this stage "justifies amending the complaint." ECF No. 15 at 2. Citing to Foman v. Davis, Plaintiff argues that he "ought to be afforded an opportunity to test his claim on the merits." Id. Plaintiff further argues that holding Defendants' Motion to Dismiss in abeyance is "in the interests of judicial economy," and that his request will "eliminate unnecessary motion practice."

Defendants note that at this time, only ten days after Defendants served their Motion to Dismiss pursuant to FRCP Rule 12(b), Plaintiff is not statutorily barred from amending the Complaint. Defendants further note the absurdity of Plaintiff's contention that his "request will promote judicial efficiency," while (1) the instant motion not only forces Defendants to respond to a baseless request for discovery at the pleading stage, but also unnecessarily forces this Court to rule on that baseless motion; and, (2) holding Defendants' motion in abeyance will result in nothing other than inefficiency and delay. Nevertheless, Defendants do not disagree that Plaintiff should have the opportunity to test his claim on the merits, and should Plaintiff wish to amend the Complaint, he should do so within the time statutorily provided to him under the Federal Rules. Notably, however, FRCP Rule 15 makes no reference to or allowance for discovery. And as set forth above, the burden is on Plaintiff to set forth plausible arguments which will lead to discovery. See Cagle, 2024 U.S. Dist. LEXIS 131832, *8.

Setting aside all of the foregoing, Plaintiff provides no legal grounds on which the Court should find in his favor. Discovery at the pleading stage is improper, and if permitted, would set a dangerous precedent that would encourage other plaintiffs to seek court orders for discovery at the pleading stage. It would further be prejudicial to Defendants, who should not be required to supplement Plaintiff's pleading when the burden rests solely on Plaintiff to plausibly plead his case. And as set forth above, Plaintiff is conducting a fishing expedition in the absence of any actual facts that support his claims. Because Plaintiff fails to set forth any logical or legal basis for the relief he seeks here, Plaintiff's request must be denied it its entirety.

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

By: /s/ *Kathleen M. Linnane*

Kathleen M. Linnane
Senior Counsel