THE CITY OF NEW YORK
**LAW DEPARTMENT**
**100 CHURCH STREET**
**NEW YORK, NY 10007**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**BRIGID LYNN**
Assistant Corporation Counsel
Labor and Employment Law Division
Telephone: (212) 356-2481
Email: blynn@law.nyc.gov

April 18, 2025

**By ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re: Maiorino v. New York City Department of Sanitation, et al.
1:25-cv-00097-LJL

Dear Judge Liman:

I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for the New York City Department of Sanitation and the City of New York ("Defendants"), in the above-referenced matter. Defendants write in response to this Court's order that Defendants show cause as to why their Motion to Dismiss should not be dismissed as moot and the stay of discovery lifted given Plaintiff's filing of an Amended Complaint. See ECF No. 22.

**A. Background**

Plaintiff commenced this action on January 4, 2025. ECF No. 1. Plaintiff, a sanitation worker formerly employed by the New York City Department of Sanitation ("DSNY"), was terminated due to his failure to comply with the COVID-19 vaccine mandate applicable to employees of the City of New York ("Vaccine Mandate"). Plaintiff alleges that in denying Plaintiff's request for an accommodation to the Vaccine Mandate, Defendants violated the Free Exercise clause of the First Amendment to the United States Constitution. See, generally, Complaint. Plaintiff further alleges that Defendants violated the New York State Human Rights Law ("SHRL") and New York City Human Rights Law ("CHRL"). Id.

Defendants moved to dismiss the Complaint on March 28, 2025. ECF No. 9. On April 9, 2025, Plaintiff filed his first Amended Complaint. ECF. No. 20. Plaintiff thereafter filed a Memorandum of Law in Opposition to Defendants' Motion to Dismiss on April 11, 2025. ECF. No. 21.

**B. Defendants' Motion to Dismiss the Complaint Should Be Dismissed as Moot.**

Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure provides that a party may amend his complaint twenty-one (21) days after service of either a responsive pleading or a motion

under Rule 12(b). F.R.C.P. 15(a)(1)(B). "[A]n amended complaint filed 'as a matter of course' pursuant to Rule 15(a) renders moot a motion to dismiss directed at the original complaint." Chodos v. F.B.I., 559 F. Supp. 69, 70 n.2 (S.D.N.Y. 1982), aff'd 697 F.2d 289 (2d Cir. 1982). However, "[d]istrict courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." Pettaway v. Nat'l Recovery Sols., LLC, 955 F.3d 299, 303 (2d Cir. 2020). "In determining whether to deny the motion to dismiss as moot, courts consider whether the plaintiff seeks to add new defendants or claims and whether the existing defendant has responded to the proposed amendments." Han v. Fin. Supervisory Serv., 2025 U.S. Dist. LEXIS 32204, at *3 (S.D.N.Y. Feb. 24, 2025).

Here, Plaintiff's Amended Complaint was filed as of right on April 9, 2025, twelve (12) days after Defendants served their Motion to Dismiss. Therefore, because Plaintiff's Amended Complaint was filed as of right, Defendants agree with this Court that their Motion to Dismiss the Complaint is moot. Furthermore, while the 78-page Amended Complaint includes the same four causes of action as those alleged in the Complaint, the Amended Complaint contains several new allegations to which Defendants have not yet responded. See Han, 2025 U.S. Dist. LEXIS 32204, *3. Defendants, therefore, request that this Court deny their previously-filed Motion to Dismiss as moot and provide Defendants the opportunity to file a motion to dismiss the Amended Complaint.

**C. The Court Should Not Lift the Stay of Discovery.**

As an initial matter, and as already noted by this Court in its April 8, 2025 Order, discovery was stayed on consent of both parties pending a decision on Defendants' Motion to Dismiss the Complaint. See ECF Nos. 14, 19. Defendants respectfully request that the stay of discovery remain in place pending the Court's decision on Defendants' anticipated motion to dismiss the Amended Complaint, which contains the identical causes of action as the Complaint.

**1. Defendant's Anticipated Motion to Dismiss**

As Defendants intend to set forth in their anticipated motion to dismiss, Plaintiff's Free Exercise clause claim must be dismissed because the Second Circuit has conclusively determined that the Vaccine Mandate, "in all its iterations," is neutral and generally applicable, and is, therefore, both subject to rational basis review and facially constitutional under the Free Exercise clause. Kane v. De Blasio, 19 F.4th 152, 165 (2d Cir. 2021); see also New Yorkers for Religious Liberty Inc. v. City of New York, 121 F.4th 448, 459 (2d Cir. 2024). "Courts within the circuit have overwhelmingly, if not unanimously rejected [free exercise] challenges" to the very same Vaccine Mandate at issue here. Rizzo v. NYC Dep't of Sanitation, 2024 U.S. Dist. LEXIS 116666 at *17–18 (S.D.N.Y. Jul. 2, 2024) (collecting cases); see also Vasquez v. City of New York, 2024 U.S. Dist. 58731, at *28–29 (E.D.N.Y. Mar. 30, 2024) (dismissing Free Exercise challenge brought by former FDNY firefighter); Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. 2024) (dismissing Free Exercise challenge brought by former NYPD Police Officer). The Second Circuit's precedent warrants dismissal of the identical claims brought by Plaintiff here.

Plaintiff also alleges that the denial of his reasonable accommodation request violates the CHRL and SHRL. However, "an employer need not provide an accommodation if it 'impose[s] an undue hardship on the operation of an employer's business.'" Abdelsayed v. N.Y. Univ., 2023 U.S. Dist. LEXIS 126566, at *29 (S.D.N.Y. Jul. 24, 2023). Allowing Plaintiff to work unvaccinated posed clear health and safety risks, and doing so would have hindered DSNY's

operations. See Garland v. N.Y. City Fire Dep't, 574 F. Supp. 3d 120, 133 (E.D.N.Y. 2021), dismissed, 665 F. Supp. 3d 295 (E.D.N.Y. 2023), aff'd, 2024 U.S. App. LEXIS 2651 (2d Cir. Feb. 6, 2024). Moreover, considering that thousands of City employees requested accommodations to the Vaccine Mandate, it would have created an undue hardship to grant Plaintiff and all similarly situated sanitation workers exemptions, given the aggregate impact. See, e.g., Petersen v. Snohomish Reg'l Fire & Rescue, 2024 U.S. LEXIS 13749, at *18 (W.D. Wash. Jan. 25, 2024).

**2. Defendants Request a Continued Stay of Discovery**

When determining whether to stay discovery, a court may consider the following factors: "(1) whether the defendant has made a strong showing that plaintiffs claim lacks merit; (2) the breadth of the requested discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Joglo Realties, Inc. v. Dep't of Envtl. Conservation of N.Y., 2016 U.S. Dist. LEXIS 195745, at *4 (E.D.N.Y. Oct. 17, 2016). That the non-moving party consents to a stay of discovery is not dispositive but, rather, "is only a factor to be considered." Jay Kripalani M.D., P.C. v. United Healthcare Grp., 2025 U.S. Dist. LEXIS 1073, at *4 (E.D.N.Y. Jan. 3, 2025).

Here, the aforementioned factors strongly weigh in favor of staying discovery. Plaintiff's only federal claim, brought under the Free Exercise clause of the United States Constitution, is barred by binding Second Circuit precedent. See Whitfield v. City of New York, 2025 U.S. Dist. LEXIS 298, at *4 ("Defendants' anticipated motion may dispose of the sole remaining federal claim in this matter, and therefore deprive this court of federal jurisdiction. Accordingly, a stay of discovery is appropriate."). Furthermore, Plaintiff's CHRL and SHRL claims are likely to be dismissed, as granting Plaintiff's proposed accommodation would have imposed an undue hardship on the operations of DSNY.

Defendants intend to file a dispositive motion to dismiss the Amended Complaint, and engaging in discovery while Defendants' motion to dismiss is pending will result in the unnecessary and wasteful expenditure of time, money, and resources. See Fed. R. Civ. P. 1; see also O'Sullivan v. Deutche Bank AG, 2018 U.S. Dist. LEXIS 70418 (S.D.N.Y. Apr. 26, 2018) (staying discovery where defendants "made a strong showing that they are likely to succeed on their motion to dismiss.").

Defendants further anticipate that discovery would likely be burdensome given the length, breadth, and prolixity of the 502-paragraph Amended Complaint. See Whitfield, 2025 U.S. Dist. LEXIS 298, at *5 (that the complaint was "lengthy—sixty-nine pages, not including exhibits, and over 250 paragraphs" supported the Defendants' argument that discovery would "likely [be] burdensome"). Lastly, there is minimal risk of unfair prejudice to Plaintiff because discovery has not yet commenced. See Concern for Indep. Living, Inc. v. Town of Southampton, 2025 U.S. Dist. LEXIS 16088, at *9–10 (E.D.N.Y. Jan. 29, 2025) ("[I]t appears at this nascent stage that there would be little or no prejudice if discovery were stayed pending the motion to dismiss.")

Defendants thank the Court for its consideration of these requests.

Respectfully submitted,

By: /s/ Brigid Lynn
Brigid Lynn
Assistant Corporation Counsel