Martinez
&
Loiacono
PLLC

Christina M. Martinez, Esq.
Partner
245 Bricktown Way, Suite J
Staten Island, New York 10309
T: (347) 215-4543
F: (718) 556-2007
ChristinaMartinezEsq@gmail.com
*Admitted in:*
*New York & New Jersey*

April 22, 2025

Hon. Lewis J. Liman
United States District Judge
Southern District of New York

Re: *Maiorino v. New York City Dep't of Sanitation, et. al.,* Case No. 1:25-cv-00097-LJL

Dear Judge Liman:

Pursuant to the Court's April 18, 2025 Order, Docket No. 27, Plaintiff respectfully submits this letter in opposition to Defendants' request to continue the stay of discovery pending their anticipated motion to dismiss the Amended Complaint. Defendants have failed to demonstrate good cause, and discovery should now proceed.

Relevant factors for the court to consider include: "(1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay". *Khan v. New York City*, No. 24-cv-2168, 2024 WL 4814236, at *4 (E.D.N.Y. Nov. 18, 2024).

## I. <u>No Strong Showing of an Unmeritorious Claim</u>

### A. Free Exercise Claim

Defendants argue that the Vaccine Mandate is neutral and generally applicable—but this argument is irrelevant to Plaintiff's Free Exercise claim. As explicitly stated in the Amended Complaint, Plaintiff does *not* challenge the mandate itself. Rather, he challenges the unconstitutional *accommodation standards and procedures* used by the City to evaluate religious requests. Am. Compl. ¶¶ 436-38, 441. The Second Circuit has twice held that the City's religious accommodation policies are not neutral or generally applicable.

In fact, the very case on which Defendants rely—*Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021)—recognized that while the mandate itself may be facially neutral, the City's accommodation standards and individualized assessment practices were not, and thus could violate the Free Exercise Clause. *Kane*, 19 F.4th at 169–70. The Second Circuit reaffirmed this in *New Yorkers for Religious Liberty, Inc. v. City of New York*, 121 F.4th 448 (2d Cir. 2024),

where it *reversed dismissal* of Free Exercise claims involving the *identical accommodation standards and conduct* alleged here. Am. Compl. ¶139, 151.

The Amended Complaint sets forth detailed, non-conclusory facts showing that Plaintiff's religious objection was denied based on denominational affiliation and failure to obtain clergy endorsement—standards the Second Circuit has now held to be unconstitutional. Am. Compl. ¶¶ 78, 81–85, 92–93, 140–148. Plaintiff specifically alleges that his request was denied solely because the Pope supported vaccination, and because he did not submit a clergy letter—both impermissible bases under *Kane* and *NYFRL*. Id. ¶¶ 93, 140–143.

This case challenges the discriminatory procedures and standards the City used to evaluate religious accommodation requests. Plaintiff's Free Exercise claim is not only plausible—it is grounded in controlling Second Circuit precedent. Moreover, the claim is well-supported by facts uncovered through prior litigation. In *Rizzo v. DSNY*, where undersigned counsel also served as plaintiff's attorney, discovery revealed that the City applied the very same unconstitutional standards struck down in *Kane* and reaffirmed in *NYFRL*. Case 1:23-cv-07190. While *Rizzo* challenged only the mandate, discovery exposed that the City was rejecting accommodation requests—particularly from Catholics—based on whether beliefs were "personal, political, or philosophical," a standard expressly invalidated by the Second Circuit. Am. Compl. ¶¶50–52, 91; *Kane*, 19 F.4th at 168. Like Rizzo, Plaintiff's objection was grounded in the Catholic doctrine of conscience, yet the City dismissed it as a "personal" preference.

The forthcoming deposition transcripts from the City and DSNY's 30(b)(6) witnesses in *Rizzo*, which will be available in time to oppose Defendants' anticipated motion, confirm the truth of the allegations in the Amended Complaint. Indeed, the City has openly defended this approach. In *Furno*, it argued that a Catholic detective was properly denied an accommodation by the same Citywide Panel *because* the Pope endorsed vaccination. *Furno v. New York City Police Dep't*, Index No. 85021/2023, NYSCEF Doc. No. 31, March 2, 2023 at p. 16.

**B. Undue Hardship / Least Restrictive Means**

Defendants' anticipated argument that accommodating Plaintiff would have imposed an undue hardship is both factually and legally untenable. Plaintiff alleges that weekly PCR testing was already accepted by the City as the standard accommodation, and that it was neither burdensome nor disruptive to DSNY's operations. Am. Compl. ¶¶ 53, 57–60, 107–111. These allegations are not hypothetical. In *Rizzo v. DSNY*, undersigned counsel deposed DSNY's EEO Director—the City's 30(b)(6) witness—who testified that the Law Department instructed him that undue hardship could not be considered, and that any employee with a sincerely held religious belief must be accommodated with weekly testing.

That testimony, along with the City's written policies stating that weekly testing does not cause undue hardship, is now being willfully ignored by the City in this case. Defendants' continued invocation of "undue hardship" in the face of their own sworn testimony and written policies is not just baseless—it constitutes a knowing misrepresentation to the Court.

**II. <u>Discovery Will Not Be Burdensome</u>**

The City's burden argument is exaggerated and unpersuasive. The relevant discovery—EEO policies, accommodation criteria, Citywide Panel materials, and prior ESI—is already in the City's possession from *Rizzo* and related matters. There is minimal burden in producing documents and testimony that have already been collected and disclosed in a similar case.

**III. <u>Plaintiff Will Be Prejudiced by Delay</u>**

A continued stay would cause significant and unfair prejudice to Plaintiff, who remains out of work and unable to vindicate his rights despite the lifting of the Vaccine Mandate. The City has refused to reinstate him, leaving him—an hourly wage, middle-class sanitation worker—financially strained and unable to meet his family's basic needs. See Am. Compl. ¶¶485, 497. Further delay, while the City prepares a nearly identical motion to dismiss based on arguments already rejected by the Second Circuit, serves no purpose other than to stall the litigation and obstruct timely discovery.

Courts have repeatedly held that the mere pendency of a motion to dismiss is not a valid basis for halting discovery. See *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."); *Thomas v. Amazon.com Servs., LLC*, No. 23-CV-1271, 2024 WL 3706844, at *3 (E.D.N.Y. Apr. 15, 2024) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.").

As one commentator aptly observed, "[d]iscovery equalizes information asymmetries, thereby enhancing settlement prospects and also reducing surprises and gamesmanship at trial." Kevin J. Lynch, *When Staying Discovery Stays Justice*, 47 Wake Forest L. Rev. 71, 72 (2012). Preventing discovery from proceeding here would deprive Plaintiff of the opportunity to meaningfully develop his case and would reward the City's attempt to relitigate already-settled legal ground while withholding access to critical information.

**IV. <u>The City Has Not Met Its Burden Under Rule 26(c)</u>**

The City has made no showing of good cause here. Discovery in this matter will not be unusually complex or voluminous, and Plaintiff's claims are strongly supported by existing case law and prior discovery. For the reasons above, Plaintiff respectfully requests that the Court lift the stay and allow discovery to proceed.

Respectfully submitted,

Christina Martinez, Esq.
Martinez & Loiacono PLLC
*Attorney for the Plaintiff*