```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
VINCENT MAIORINO,                                                :
                                                                 :
                              Plaintiff,                         :
                                                                 :          25-cv-97 (LJL)
            -v-                                                  :
                                                                 :          ORDER
NEW YORK CITY DEPARTMENT OF SANITATION                           :
and CITY OF NEW YORK,                                            :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/24/2025

LEWIS J. LIMAN, United States District Judge:

Defendant's request that the Court stay discovery pending its anticipated motion to dismiss the Amended Complaint is denied. Dkt. No. 24.

A court may grant a motion to stay discovery only upon a showing of "good cause." *See* Fed. R. Civ. P. 16(b)(4) (providing that discovery schedule "may be modified only for good cause and with the judge's consent"). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (alteration in original) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)); *see also Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). In determining the strength of the motion to dismiss, a court considers whether it presents "substantial grounds" for dismissal, *Hong Leong*, 297 F.R.D. at 72 (quoting *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 2013)), or the alternative formulation presented by Judge Gorenstein, whether there is a "strong showing that [the party moving for the stay] is likely to succeed on the merits," *id.* at 73 (alteration in original) (quoting *S.E.C. v. Citigroup Glob. Mkts., Inc.*, 673 F.3d 158, 162–63 (2d Cir. 2012)). "A motion to dismiss does not automatically stay

discovery, except in cases covered by the Private Securities Litigation Reform Act. Thus, 'discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.'" *Id.* at 72 (quoting *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)); *see also Ruby Has LLC*, 2021 WL 2413320, at *1.

Without prejudging the ultimate outcome of the anticipated motion, Defendant has not shown at this stage that it will present substantial grounds for dismissal. Moreover, discovery has not yet been served and Plaintiff represents that he will seek only limited materials consisting of those that have been collected and disclosed in a similar case. Dkt. No. 28.[1] Finally, Plaintiff is a former sanitation worker who, *inter alia*, seeks reinstatement to his job. Dkt. No. 20 at 77 (Prayer for Relief). He has made a showing that he would be prejudiced by a stay of discovery pending a decision on the anticipated motion to dismiss. *See Bertrand v. Dep't of Educ., Archdiocese of N.Y.*, 2023 WL 2776015, at *3 (S.D.N.Y. Apr. 4, 2023).

---

[1] If discovery would impose undue burden or expense, Defendant may move for a protective order under Federal Rule of Civil Procedure 26(c).

The parties are directed to appear telephonically for an initial pretrial conference on May 9, 2025 at 2 PM. The parties are directed to dial into the Court's teleconference number at 646-453-4442, use conference ID# 358639322, and follow the necessary prompts. One week prior to conference, the parties shall jointly submit to the Court a proposed Case Management Plan and Scheduling Order. A template is available at https://www.nysd.uscourts.gov/hon-lewis-j-liman. This document should be filed electronically on ECF, consistent with the Court's Individual Practices in Civil Cases, which are available on the same webpage. Parties should consult the Individual Practices for guidance on the matters to be discussed at the Initial Pretrial Conference and for the Court's rules with respect to communications with Chambers and other procedural matters.

SO ORDERED.

Dated: April 24, 2025
      New York, New York

                                          LEWIS J. LIMAN
                                    United States District Judge