No. 25-cv-00097 (LJL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT MAIORINO,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF SANITATION and CITY OF NEW YORK,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

***MURIEL GOODE-TRUFANT***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Second Floor*
*New York, N.Y. 10007*

*Of Counsel: Brigid Lynn*
*Tel: (212) 356-2481*
*Matter No. 2025-004638*

# TABLE OF CONTENTS


Page

TABLE OF AUTHORITIES ... iii

PRELIMINARY STATEMENT ... 1

STATEMENT OF FACTS ... 2

A. Background ... 2

B. The City's Reasonable Accommodation Process ... 3

C. Plaintiff's Allegations in the Complaint ... 4

D. Plaintiff's Reasonable Accommodation Request ... 5

ARGUMENT

POINT I

PLAINTIFF'S CLAIMS AGAINST DSNY MUST BE DISMISSED BECAUSE THE DSNY IS NOT A SUABLE ENTITY ... 9

POINT II

THE VACCINE MANDATE AND THE CITY'S ACCOMMODATION PROCESS DO NOT INFRINGE ON PLAINTIFF'S RIGHT TO FREELY EXERCISE HIS RELIGIOUS BELIEFS ... 9

A. Legal Standard ... 9

B. The Second Circuit Has Conclusively Determined That the Vaccine Mandate is Facially Neutral and Generally Applicable. ... 10

C. The City's Process for Evaluating Religious Accommodation Requests Is Not Subject to Strict Scrutiny. ... 13

**Page**

POINT III

PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO ACCOMMODATE UNDER THE SHRL ....................................................15

A. Plaintiff Has Not Demonstrated That He Has Sincere Religious Beliefs That Conflict With The Vaccine Mandate ....................................................17

B. Plaintiff Was Not Subject to Disciplinary Procedures ..................................18

C. It Would Be An Undue Burden On The City To Allow Plaintiff To Continue Working While Unvaccinated ....................................20

POINT IV

PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO ACCOMMODATE UNDER THE CHRL ....................................................21

POINT V

PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO ENGAGE IN A COOPERATIVE DIALOGUE UNDER THE CHRL ....................................................22

POINT VI

THE AMENDED COMPLAINT VIOLATES FRCP RULE 8 AND SHOULD BE DISMISSED....................................................24

## TABLE OF AUTHORITIES

**Cases** **Pages**

Algarin v. City of New York,
2012 U.S. Dist. LEXIS 146190 (S.D.N.Y. Oct. 10, 2012) ....................16

Algarin v. NYC Health + Hosp. Corp.,
678 F. Supp. 3d 497 (S.D.N.Y. 2023)....................20

Ashcroft v. Iqbal,
556 U.S. 662 (2009)....................9, 15

Baker v. Home Depot,
445 F.3d 541 (2d Cir. 2006)....................23

Bath v. Fire Dept. of the City of N.Y.,
2023 N.Y. Misc. LEXIS ....................23

Bath v. Fire Dept. of the City of N.Y.,
2023 N.Y. Misc. LEXIS 2744 (Sup. Ct. N.Y. Cnty. 2023) ....................18

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)....................10, 21

Bonilla v. City of New York,
2023 U.S. Dist. LEXIS 215081 (S.D.N.Y. Dec. 4, 2023) ....................14, 15

Broecker v. N.Y.C. Dep't of Educ.,
585 F. Supp. 3d 299 (E.D.N.Y. 2022) ....................3, 19

Cagle v. Weill Cornell Medicine,
680 F. Supp. 3d 428 (S.D.N.Y. 2023)....................16

Chinchilla v. N.Y.C. Police Dep't,
2024 U.S. Dist. LEXIS 123246 (S.D.N.Y. July 12, 2024) ....................14, 15

Chinchilla v. N.Y.C. Police Dep't,
2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. July 12, 2024) ....................2, 15, 22

Matter of Clarke v. Bd. Of Educ. of the City School Dist. of the City of N.Y.,
213 A.D.3d 548 (1st Dep't 2023) ....................19

Collins v. City Univ. of N.Y.,
2023 U.S. Dist. LEXIS 21587 (S.D.N.Y. Feb. 8, 2023)....................14

Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY,
280 F. Supp. 3d 426 (S.D.N.Y. 2017)....................11

**Cases** **Pages**

Dennison v. Bon Secours Charity Health Sys. Med. Group, P.C.,
2023 U.S. Dist. LEXIS 84888 (S.D.N.Y. May 15, 2023)....16

Employment Div. v. Smith,
494 U.S. 872 (1990)....11, 15

Ferrelli v. N.Y. State Unified Ct. Sys.,
2022 U.S. Dist. LEXIS 39929 (N.D.N.Y. Mar. 7, 2022)....12, 14

Fifth Ave. Presbyterian Church v. City of New York,
293 F.3d 570 (2d Cir. 2002)....11

Gardner-Alfred v. FRB of N.Y.,
2023 U.S. Dist. LEXIS 171012 (S.D.N.Y. 2023)....18

Garland v. N.Y. City Fire Dep't,
574 F. Supp. 3d 120 (E.D.N.Y. 2021)....3, 19

Garland v. NY City Fire Dept.,
574 F. Supp. 3d 128....19

Hogan v. Fischer,
738 F.3d 509 (2d Cir. 2013)....9

Hunold v. City of NY,
2023 N.Y. Misc. LEXIS 7771 (Sup. Ct. N.Y. Cnty. 2023)....18

Indig v. Pomona,
2019 U.S. Dist. LEXIS 200934 (S.D.N.Y. 2019)....11

Islam Chowdhury v. Dep't of Hous. Pres.,
2025 U.S. Dist. LEXIS 40873 (S.D.N.Y. 2025)....16

Kane v. De Blasio,
19 F.4th 152 (2d Cir. 2021)....1, 12, 13, 17

Kane v. De Blasio,
575 F. Supp. 3d 435 (S.D.N.Y. 2021)....14

Knight v. Conn. Dep't of Pub. Health,
275 F.3d 156 (2d Cir. 2001)....16

L-7 Designs Inc. v. Old Navy, LLC,
647 F.3d 419 (2d Cir. 2011)....5

**Cases** **Pages**

Littlejohn v. City of New York,
795 F.3d 297 (2d Cir. 2015)....................4

Lynch v. Board of Educ. of the City Sch. Dist. of the City of N.Y.,
198 N.Y.S. 3d 78 (1st Dep't 2021), *lv appeal denied* 42 N.Y.3d 905 (2024)....................2

Maniscalco v. N.Y. City Dept. of Educ.,
563 F. Supp. 3d 33 (E.D.N.Y. 2021)....................20

Marciano v. de Blasio,
589 F. Supp. 3d 423 (S.D.N.Y. 2022)....................13, 19

Matter of Marsteller v. City of NY,
217 A.D.3d 543 (1st Dep't 2023), *Iv rearg & lv appeal denied* 2023 N.Y. App....................2, 22

Masterpiece Cakeshop, Ltd. v. Colo. C.R. Comm'n,
584 U.S. 617 (2018)....................15

Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.,
631 F.3d 57 (2d Cir. 2011)....................9

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
715 F.3d 102 (2d Cir. 2013)....................21

Mora v. N.Y. State Unified Ct. Sys.,
2023 U.S. Dist. LEXIS 166411 (S.D.N.Y. Sept. 19, 2023)....................14

N.Y. State Inspection, Sec. & L. Enf't Emps. v. Cuomo,
64 N.Y.2d 233 (1984)....................20

O'Reilly v. Bd. of Ed.,
2022 N.Y. Misc. LEXIS 246 (Sup. Ct. N.Y. Cnty. 2022)....................19

Ortiz v. Pace Univ.,
2025 U.S. Dist. LEXIS 3224 (S.D.N.Y. 2025)....................10, 21

Phillip v. Dep't of Sanitation,
2019 U.S. Dist. LEXIS 32590 (E.D.N.Y. 2019)....................9

Pierre v. Fire Dept. of the City of N.Y. (Art. 78),
2023 N.Y. Misc. LEXIS 1272 (Sup. Ct. N.Y. Cnty. 2023)....................18

Rizzo v. City of New York,
No. 23-cv-7190(JMF)....................11

**Cases** **Pages**

Salahuddin v. Cuomo,
861 F.2d 40 (2d Cir. 1988)....24

Sherr v. Northport-East Northport Union Free Sch. Dist.,
672 F Supp 81 (E.D.N.Y. 1987) ....17

Matter of Shmuel G.,
4 Misc. 3d 1002(A), (Fam. Ct., Kings Co. 2004) ....17

Smith v. New York City Fire Department, et al.,
____Ad3d____, Nos. 2023-09850, 2023-09852, Index No. 533033/2022 (2nd Dep't Jun. 18, 2025)....23

Strong v. Zucker,
2022 U.S. Dist. LEXIS 55438 (W.D.N.Y. Mar. 28, 2022)....13

United States v. Seeger,
380 U.S. 163 (1965)....17

We the Patriots United States v. Connecticut Off. Of Early Childhood Dev.,
76 F.4th 130 (2d Cir. 2023) ....12, 15

Ximines v. George Wingate High Sch.,
516 F.3d 156 (2d Cir. 2008)....9

**Statutes**

Fed. R. Civ. P. 8 ....24

Fed. R. Civ. P. 8(a)(2)....24

Fed. R. Civ. P. 12(b)(6)....2, 9

N.Y.C. Charter § 396 ....9

N.Y. Exec. Law § 296(1)(a)....16

N.Y. Labor Law § 27-a ....20

NYC Admin. Code § 8-107(31)(c)(3)(b)(i) .... 21-22

**Other Authorities**

New Yorkers for Religious Liberty, No. 22-cv-1801 (2d. Cir. Nov. 13, 2024) ....12

**PRELIMINARY STATEMENT**

Plaintiff, Vincent Maiorino ("Plaintiff"), a sanitation worker formerly employed by the Department of Sanitation of New York ("DSNY") brings this action against DSNY and the City New York ("City") (collectively, "Defendants"), alleging that in denying his request for a reasonable accommodation request ("RA Request") for an exemption to the COVID-19 vaccine mandate applicable to City employees ("Vaccine Mandate," or, "Mandate"), Defendants violated the New York State Human Rights Law and the New York City Human Rights Law ("SHRL," and, "CHRL," respectively). Furthermore, buried at the end of the Amended Complaint, in a clear attempt at forum shopping, and despite the Second Circuit's definitive position that the Vaccine Mandate "in all its iterations, is neutral and generally applicable," (see Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021)), Plaintiff also alleges that Defendants denied him his rights to freely exercise his religious beliefs in violation of the Free Exercise Clause of the First Amendment to the United States Constitution.

Nevertheless, the Amended Complaint must be dismissed in its entirety because Plaintiff fails to state a claim for any of the causes of action he asserts. Specifically, Plaintiff's failure to accommodate claims fail because Plaintiff, amongst a litany of fanciful contentions and irrelevant propositions, fails to plausibly allege actual facts that demonstrate that he notified his employer of a sincerely-held religious belief that conflicted with the Vaccine Mandate, or any facts that demonstrate his religion was a motivating factor for any of the conduct he alleges therein. Second, Plaintiff's claim that Defendants failed to engage in the cooperative dialogue similarly fails, because as has been noted by other courts in this circuit when dismissing the identical claims in pleadings also brought by the same counsel representing Plaintiff here, "New York's appellate

courts, in Marsteller[1] and Lynch[2], held that the systems operated by the NYPD and other City agencies satisfy the cooperative dialogue requirements of the []CHRL." See Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248, at *35 (S.D.N.Y. July 12, 2024). Finally, Plaintiff's Free Exercise claim fails because not only does Plaintiff allege facts that are facially untrue, but he also fails to demonstrate that the Vaccine Mandate or the process by which Defendants granted reasonable accommodation requests infringe on his right to freely exercise his religious beliefs. For these reasons, and as set forth more fully below, the Amended Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

### A. Background

On October 20, 2021 the former Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dave A. Chokshi, issued a Commissioner's Order ("COH Order") requiring all New York City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. by October 29, 2021 ("Vaccine Mandate"). The Vaccine Mandate has been repeatedly upheld as lawful by every Court that has considered it. Thus, the Vaccine Mandate is unassailable and legally sound. On February 9, 2023, the Board of Health ("BOH") amended the Vaccine Mandate, and in recognizing that 96% of City workers and 90% of New York City residents had "completed a primary series of vaccination," BOH repealed the

---

[1] See Matter of Marsteller v. City of NY, 217 A.D.3d 543, 545 (1st Dep't 2023), *lv rearg & lv appeal denied* 2023 N.Y. App. Dix. LEXIS 7044 (2023).

[2] See Lynch v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 198 N.Y.S. 3d 78 (1st Dep't 2021), *lv appeal denied* 42 N.Y.3d 905 (2024).

requirement that City employees be excluded from their work premises if they did not demonstrate proof of COVID-19 vaccination.[3]

Critical to this case is that the Vaccine Mandate created a condition of employment for City employees, including Plaintiff, to be vaccinated. On this point, the law is clear. This Court has unequivocally held that the Vaccine Mandate is a "condition of employment" for City employees such as Plaintiff. See Garland v. N.Y. City Fire Dep't, 574 F. Supp. 3d 120, 129 (E.D.N.Y. 2021); see also Broecker v. N.Y.C. Dep't of Educ., 585 F. Supp. 3d 299, 318 (E.D.N.Y. 2022) (holding that the COVID-19 vaccine mandate applicable to New York City Department of Education employees created a "lawful condition of employment."). The law of this case – as well as holdings in similar cases brought in the Southern District of New York and New York Supreme Court – is likewise clear that because vaccination against COVID-19 is a condition of employment, non-compliant employees can be terminated based on their failure to satisfy this condition.

### B. The City's Reasonable Accommodation Process

In response to the COH Order, the City established additional procedures specific to requests for vaccination-related accommodations in an effort to address the anticipated increase in accommodation requests. One day after the issuance of the Vaccine Mandate, on October 21, 2021, the Department of Citywide Administrative Services ("DCAS") issued guidance with respect to the vaccination requirement, which included the "FAQ on New York City Employees Vaccine Mandate," and a document entitled "Applying for a Reasonable Accommodation from the Covid-19 Vaccine Mandate."[4] These documents laid out the guidelines for seeking an exemption

---

[3] See https://www.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-city-employees.pdf (last accessed June 19, 2025).

[4] See https://www1.nyc.gov/assets/dcas/downloads/pdf/guidelines/vaccine-reasonable-accommodation-process.pdf (last accessed June 13, 2025).

from the Vaccine Mandate through a reasonable accommodation request. Any City employee who was denied a reasonable accommodation by their agency had the right to appeal that denial. Id. All appeals were reviewed by the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel"). The Citywide Panel was created specifically in response to the DOHMH Order to consider appeals filed by employees whose accommodation requests had been denied by their respective agency.

### C. Plaintiff's Allegations in the Complaint[5]

Plaintiff alleges to have been employed as a sanitation worker with DSNY, and that he "was a senior employee in his district." See Amended Complaint ("Amended Compl.") ¶¶13, 27. Plaintiff alleges that his "sincerely held religious beliefs as a Roman Catholic require him to refuse the COVID-19 vaccine," because Plaintiff alleges, "among other religious reasons, they are produced, developed, and/or tested with aborted fetal cell lines."[6] Id. ¶15. Plaintiff alleges that "on or about November 4, 2021, [Plaintiff] submitted his formal request to DSNY for a religious accommodation from the COVID-19 vaccine mandate . . . , citing his sincerely held religious beliefs as the basis for his request." Id. ¶72. Plaintiff alleges that his RA Request was denied, and that he appealed that denial on November 20, 2021. Id. ¶¶74, 112.

Plaintiff alleges that he was placed on leave without pay on November 28, 2021, and that "while off duty, [he] supplemented his pending appeal by submitting a comprehensive written statement further articulating the nature and basis of his sincerely held religious beliefs and

---

[5] For the purposes of this motion only, the well-pleaded allegations of fact in the Complaint are deemed to be true. See Littlejohn v. City of New York, 795 F.3d 297 (2d Cir. 2015).

[6] As set forth below, and as is demonstrated by the exhibits annexed to the Lynn Decl., Plaintiff did not articulate any such belief to DSNY in his RA Request. See Exh. A. That Plaintiff attempts to set forth that claim now, when he, at no time, informed Defendants of that purported belief, should by disregarded by the Court.

how they directly conflict with compliance with the Vaccine Mandate." Id. ¶116. Plaintiff alleges that, despite his timely appeal and extensive clarification of his religious beliefs," his appeal was denied on January 5, 2022, and that on February 11, 2022, he "was discharged form work." Id. ¶¶112, 250.

Plaintiff alleges that the "harrowing trajectory of [his] plight has exacted a profound toll, not only of his immediate circumstances but on the very fabric of his being." Id. ¶279. And that "[f]rom his initial appeal for exemption, the subsequent denial, and the labyrinthine process that followed, each juncture has weighed heavily upon him, rendering days as moments lost, and moments as treasures beyond reclamation." Id. Plaintiff alleges that "[t]he pursuit of happiness, so vital to the human experience, has been marred by ridicule and disregard, leaving him adrift in a sea of frustration and unfulfilled aspirations." Id. ¶282.

Among such nonsensical claims, Plaintiff alleges, absent any support for his claim, that he "has sincerely held religious beliefs which prohibit him from receiving the COVID-19 vaccines." Id. ¶¶288, 352. Plaintiff alleges that he "was able to perform the essential duties of his job with a reasonable accommodation," (¶¶297, 363) yet does not allege what those duties were. Plaintiff claims that he "sufficiently articulated and explained the religious nature of his conflict with the Vaccine Mandate." Id. ¶¶247, 308.

**D. Plaintiff's Reasonable Accommodation Request**[7]

On November 4, 2021, well beyond the deadline by which City employees were required to submit any requests for reasonable accommodations to the Vaccine Mandate, Plaintiff

---

[7] Plaintiff's Reasonable Accommodation Request and Appeal documents may be incorporated by reference. See L-7 Designs Inc. v. Old Navy, LLC, 647 F.3d 419 (2d Cir. 2011) (citations omitted) ("A complaint is deemed to include … materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.").

submitted a fill-in-the-blank form[8] entitled, "Affidavit of Vaccine Exemption on Religious Grounds for City Employees." See Plaintiff's Reasonable Accommodation Request dated November 4, 2021, annexed to the Declaration of Brigid Lynn ("Lynn Decl.) as Exh. A. The document states Plaintiff "affirm[s] that [he is] a member of a recognized religious organization, and that the immunizations required by (Governing Authority Name) DSNY are contrary to [his] religious tenets and practices." Id. Notably, nowhere in the document does Plaintiff articulate his religious beliefs or explain that, or even how, his purported "religious tenets and practices" conflict with the Vaccine Mandate. Instead, the form only references provisions of law. Id. On November 18, 2021, DSNY denied Plaintiff's RA Request, and in doing so, advised him that, "[b]ecause [his] request for an accommodation was submitted after November 2, 2021, [he was to be] placed in Leave Without Pay Status effective Wednesday, November 24, 2021, unless you submit proof of receipt of a COVID-19 vaccine before this date." See DSNY Communication to Plaintiff Denying RA Request, annexed to the Lynn Decl. as Exh. B.

On November 19, 2021, Plaintiff appealed the DSNY's denial of his RA Request. Plaintiff's appeal was comprised of an email and his certificate of baptism from 1965. See Plaintiff Appeal Email, dated November 19, 2021, annexed to the Lynn Decl. as Exh. C ("Appeal Email"). In his Appeal Email, Plaintiff did not articulate his religious beliefs, nor did he explain that or how his religious beliefs conflicted with the Vaccine Mandate. Instead, Plaintiff's Appeal Email stated:

> The Roman Catholic Church teaches a person may be required to refuse a medical intervention, including a vaccination, if his or her informed conscience comes to this sure judgment. While the Catholic Church does not prohibit the use of vaccines in principle, her teachings do provide a

[8] This form is available for download at https://img1.wsimg.com/blobby/go/0622c036-b3fe-40c8-8ca9-3cd6b61c0fb2/downloads/CITY%20EMPLOYEES%20copy.pdf?ver=1729820846777 (last accessed March 27, 2025).

> principled religious basis on which a Catholic may determine that he or she ought to refuse certain vaccines.
>
> The Church holds that vaccination is not morally obligatory in principle and so must always be voluntary. Moreover, there is a general moral duty to refuse the use of medical products, including certain vaccines, that are produced using human cells lines derived from direct abortions. It is permissible to use such vaccines only under certain case-specific conditions, based on a judgment of conscience.
>
> An individual's judgment in these matters is to be respected because he/she is morally required to obey the judgment of a sure conscience, even if it is objectively in error.
>
> As the Catechism makes clear, a person "must not be forced to act contrary to his conscience. Nor must he be prevented from acting according to his conscience, especially in religious matters"

Id.

On December 21, 2021, Plaintiff submitted what appears to be a legal brief written by attorney Jeannette Poyerd-Loiacono ("Appeals Brief"). See Email from Poyerd-Loiacono dated Dec 21 2021 with Appeals Brief, annexed to the Lynn Decl. as Exh. D. Attached as an exhibit to this Appeals Brief was a "Supplemental Request for Religious Accommodation" in support of Plaintiff's appeal. Id. at 41-53. This Appeals Brief, written by an individual who is, notably, not Plaintiff, the language of which is pasted into the Amended Complaint in full, explains how Plaintiff purportedly "researched and investigated vaccines with a new perspective, one through the lens of the word of God," and "realized that they conflict with the tenets of [his] faith." Amended Compl. ¶121. The Appeals Brief states that, "vaccines are unholy" and that Plaintiff must "abstain[] from injecting vaccines into [his] body, as the vaccines are unclean and impure according to God's word." Id. The Appeals Brief also states that "[a]ccording to the CDC website, vaccines have been manufactured, produced, and contain fetal cell lines from aborted babies, neurotoxins, hazardous substances, attenuated viruses, animal cells, foreign DNA, albumin from

human blood, carcinogens, and chemical wastes," and that "consuming them is in direct contradiction to my religious beliefs to keep my temple holy, clean and pure." Id.

The Appeals Brief also states that "most horrifying discovery [he] made was that the vaccines not only contain impure additives that the Scripture teaches [him he] must avoid, but the vaccines are also produced, manufactured and contain the fetal cell lines from aborted babies." Id. The Appeals Brief states that "[c]onsuming a vaccine that has been made from the degradation of the sanctity of another life goes against [his] personal religious beliefs and [his] conscience." Id. The Appeals Brief also states his belief that receiving "these vaccines" is a violation "of God's order in these three ways: By participating in the actual murder of a human being. I am complicit in the heinous business of trafficking and marketing the remains of aborted children, and I am disregarding the way that God made me." Id. The Appeals Brief also states his belief that since his conscience tells him to refuse COVID-19 vaccines, then he is required by God to refuse them, and that his conscience came to the "sure judgment not to get the shot." Id.

The Appeals Brief also states that "[t]he Catholic Church has been also very clear that getting a vaccination or any medical procedure is not a moral obligation and the decision to do so must be voluntary." Id. The Appeals Brief highlighted a purported belief that "mandates are in violation of Scripture and God's law because it take the obligatory choice from God's creation." Id.

On January 5, 2022, Plaintiff was advised by email that his Appeal was denied. See Amended Compl. ¶122; see also Email Appeal Denial dated January 5, 2022, annexed to the Lynn Decl. as Exh. E. On February 11, 2022, DSNY terminated Plaintiff's employment due to his failure to comply with the Vaccine Mandate.

# ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS AGAINST DSNY MUST BE DISMISSED BECAUSE THE DSNY IS NOT A SUABLE ENTITY

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, § 396. Section 396 "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." See Ximines v. George Wingate High Sch., 516 F.3d 156, 159-60 (2d Cir. 2008). Accordingly, all claims against the DSNY must be dismissed. See Phillip v. Dep't of Sanitation, 2019 U.S. Dist. LEXIS 32590, *5 (E.D.N.Y. 2019) (dismissing all claims against DSNY as a non-suable entity.).

## POINT II

## THE VACCINE MANDATE AND THE CITY'S ACCOMMODATION PROCESS DO NOT INFRINGE ON PLAINTIFF'S RIGHT TO FREELY EXERCISE HIS RELIGIOUS BELIEFS

### A. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (internal quotation omitted). Thus, the pleading standard "requires

more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); Ortiz v. Pace Univ., 2025 U.S. Dist. LEXIS 3224, *3 (S.D.N.Y. 2025) ("[a] complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal) (quoting Twombly, 550 U.S. 544, 555, 557)).

### B. The Second Circuit Has Conclusively Determined That the Vaccine Mandate is Facially Neutral and Generally Applicable.

Plaintiff's only federal claim is brought under the First Amendment's Free Exercise Clause. Amended Compl. ¶¶427-502. Though Plaintiff purports to challenge the process by which Defendants reviewed his reasonable accommodation request, Plaintiff predicates this cause of action on nothing other than his conclusory claim that the "standards, policies, and procedures governing the religious accommodation process adopted by the Defendants for evaluating religious accommodation requests were neither neutral nor generally applicable." Amended Compl. ¶452. Plaintiff makes a number of misleading, frivolous allegations and spouts forth demonstrably false claims which he fashions as facts, which, notably, have been explicitly rejected by deposition testimony given by City officials in matters brought by the same counsel representing Plaintiff here. By way of example, Plaintiff alleges that, "Defendants relied upon the Pope's public comments on the COVID-19 vaccine when denying Roman Catholic applicants like Plaintiff," (Amend. Compl. ¶459), "Defendants implemented the Vaccine Mandate standards, policies, and procedures governing the religious accommodation process in a discriminatory manner by implementing denominational preferences for certain religious sects, such as Christian Scientists and Jehovah's Witnesses, and other sects that the Defendants recognize as established," (Amend.

Compl. ¶474), and, "Defendants are hostile to Plaintiff's religious beliefs because Plaintiff is not a member of one of the Defendants' "preferred sects."" (Id. ¶469). Defendants note for the Court that Plaintiff makes claims throughout the Amended Complaint that he knows to be untrue, and which is, notably, a violation of the Federal Rules of Civil Procedure.[9]

Nevertheless, Plaintiff's Free Exercise Clause claim still fails. It is "not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." See Indig v. Pomona, 2019 U.S. Dist. LEXIS 200934, *22 (S.D.N.Y. 2019) (citing Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY, 280 F. Supp. 3d 426, 482 (S.D.N.Y. 2017), Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002)); see also Employment Div. v. Smith, 494 U.S. 872, 879 (1990) ("the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)") (internal quotations omitted). Therefore, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement." Fifth Ave. Presbyterian Church, 293 F.3d at 574; see also Smith, 494 U.S. at 879.

---

[9] For the Court's review of the aforementioned deposition testimony concerning the claims Plaintiff alleges here, and in an effort to demonstrate to the Court the breadth of the frivolity and false nature of Plaintiff's allegations, Defendants append relevant testimony from the deposition of Eric Eichenholtz, taken by Plaintiff's counsel in Rizzo v. City of New York, No. 23-cv-7190(JMF), to the Lynn Declaration as Exhibit F.

As an initial matter, the Second Circuit Court of Appeals has already held that the Vaccine Mandate is neutral and generally applicable. Kane, 19 F.4th at 164 (finding the Vaccine Mandate neutral on its face because it applied equally to all employees); see also New Yorkers for Religious Liberty, No. 22-cv-1801 (2d. Cir. Nov. 13, 2024). The Second Circuit has also unequivocally made clear that rational basis review applies to the Vaccine Mandate. Kane, 19 F.4th at 166. Furthermore, "[t]o fail the neutrality prong, it is not enough for a law to simply affect religious practice; the law or the process of its enactment must demonstrate hostility to religion." We the Patriots United States v. Connecticut Off. Of Early Childhood Dev., 76 F.4th 130, 145 (2d Cir. 2023). Here, though Plaintiff wrongly makes the conclusory claim that the opposite is true, the Vaccine Mandate did not single out anyone who declines vaccination on religious grounds, and Plaintiff pleads no facts showing that suppression of Catholicism or any related practice was the intent of the Vaccine Mandate or the process by which employees could request exemptions.

Any claim that the Vaccine Mandate was not generally applicable because Defendants refused to accept sincerely held religious beliefs that conflict with the Mandate, and because it provides for reasonable accommodations is without merit. As the Court held in Ferrelli v. State Unified Ct. Sys., "a mandate is not individualized merely because it includes express exceptions, rather, to demonstrate that a law is not generally applicable 'there must be some showing that the exemption procedures allow secularly motivated conduct to be favored over religiously motivated conduct'." See 2022 U.S. Dist. LEXIS 39929, *17-18 (N.D.N.Y. Mar. 7, 2022 (internal citations omitted). Here, outside of Plaintiff's baseless conclusions, there is no evidence of such favoritism, and the only secular exemptions available to City employees are medical exemptions. Id.

Because the Vaccine Mandate is neutral and generally applicable, it is subject to rational basis review. Rational basis review requires that Defendants must show only that they have chosen a "means for addressing a legitimate goal that is rationally related to achieving that goal." Kane, 19 F.4th 166. Here, as Courts have consistently recognized, it is clear that during the rapid spread of COVID-19 pandemic, it was incumbent on the City to take steps to mitigate the health risks to the public and to its employees by requiring that all City employees be vaccinated against COVID-19. Marciano v. de Blasio, 589 F. Supp. 3d 423, 432 (S.D.N.Y. 2022). Plaintiff's suggestions that less restrictive means to reduce the spread of COVID-19 include "regular PCR testing, masking, social distancing, and remote work accommodations" are unavailing. Amended Compl. at ¶450. As the Court in Strong v. Zucker eloquently pointed out, "it is not the task of this Court to set public health care policy or to reach its own decision about how best to deal with the COVID19 pandemic." 2022 U.S. Dist. LEXIS 55438, at *12 (W.D.N.Y. Mar. 28, 2022).

**C. The City's Process for Evaluating Religious Accommodation Requests Is Not Subject to Strict Scrutiny.**

In support of his free exercise claim, Plaintiff alleges that the "City's accommodation policy, as applied, automatically denied religious accommodation requests from individuals identifying as Catholic, on the grounds that the Catholic Church does not officially prohibit the vaccine." Amended Compl. ¶202. Plaintiff contends that the "standards, policies, and procedures governing the religious accommodation process adopted by the Defendants for evaluating religious accommodation requests were neither neutral nor generally applicable." Id. ¶452. Plaintiff's argument is unavailing.

As an initial matter, and as set forth above, Plaintiff's contention that the review process violated the Free Exercise Clause is predicated on his demonstrably false claims. Nevertheless, Plaintiff does not allege actual facts that would make the procedures at issue here

subject to strict scrutiny review. Plaintiff does not plausibly plead that his religious beliefs were "evaluated for their objective validity by comparison to those of other members of [his] faith (so there is no allegation of non-neutrality)," nor does he plausibly plead that Defendants "only sometimes adhered to its stated evaluation policies (so there is no analogous allegation of inconsistent application)." See Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123246, *10-11 (S.D.N.Y. July 12, 2024) (citing Collins v. City Univ. of N.Y., 2023 U.S. Dist. LEXIS 21587, at *9 n.7 (S.D.N.Y. Feb. 8, 2023).

Plaintiff argues that the "City determined that the objections to the vaccine based on its development or testing using aborted fetal cell lines were invalid if the applicant did not also state explicit objections to other products that the City deemed to have [been] tested in similar ways." Amended Compl. ¶210. However, Courts in this Circuit have already found that a process intended to determine the sincerity of an applicant's religious beliefs is permissible for an employer to undertake. See Chinchilla, 2024 U.S. Dist. LEXIS 123246 at *11-12 (citing Kane v. De Blasio, 575 F. Supp. 3d 435, 442 (S.D.N.Y. 2021); Bonilla v. City of New York, 2023 U.S. Dist. LEXIS 215081, at *5 (S.D.N.Y. Dec. 4, 2023); Mora v. N.Y. State Unified Ct. Sys., 2023 U.S. Dist. LEXIS 166411, at *11 (S.D.N.Y. Sept. 19, 2023); Ferrelli v. N.Y. State Unified Ct. Sys., 2022 U.S. Dist. LEXIS 39929, at *8 (N.D.N.Y. Mar. 7, 2022) ("[Q]uestioning [about other products tested with fetal cell lines] does not presuppose the illegitimacy of concerns about use of fetal cell lines; it merely seeks to determine whether such concerns are the applicant's true motivation for seeking an exemption.")).

Plaintiff also alleges that "Defendants demonstrated a hostility to Plaintiff's religious practices and beliefs," and "discriminated against [him]" and did not grant his accommodation request "because he is a Roman Catholic." Amended Compl. ¶¶463, 464, 471.

Even when a law is otherwise permissible, a government entity is still required "under the First Amendment Free Exercise Clause to proceed in a manner neutral toward and tolerant of . . . religious beliefs." Chinchilla, *14 (quoting Masterpiece Cakeshop, Ltd. v. Colo. C.R. Comm'n, 584 U.S. 617, 636, 638-39 (2018)). When the government demonstrates hostility, animosity, distrust, or a negative normative evaluation of religious beliefs, it violates the neutrality prong of Smith, subjecting its action to strict scrutiny. Id. (citing We the Patriots USA, Inc., 76 F.4th at 149).

Here, however, Plaintiff offers nothing more than conclusory allegations regarding Defendants' discriminatory motive, and on a motion to dismiss, bare assertions and conclusory allegations are insufficient to state a claim. Chinchilla, 2024 U.S. Dist. LEXIS 123246 at *15 (citing Iqbal, 556 U.S. at 681; Bonilla, 2023 U.S. Dist. LEXIS 215081, at *5). Furthermore, the fact that Plaintiff's religious exemption was denied is not enough to demonstrate hostility or discrimination against his religious beliefs. See Chinchilla, 2024 U.S. Dist. LEXIS 123246 at *17.

Plaintiff has not demonstrated that the Vaccine Mandate's review process, as applied to him, was not neutral or generally applicable, so therefore, it is subject to rational basis review. Under the extremely deferential standard of rational basis review, Defendants' decision to not grant Plaintiff an exemption to the Vaccine Mandate passes Constitutional muster. See Chinchilla, 2024 U.S. Dist. LEXIS 123246 at *17. Accordingly, Plaintiff's free exercise claim fails and must be dismissed.

## POINT III

## PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO ACCOMMODATE UNDER THE SHRL

Plaintiff further alleges that Defendants violated the SHRL when they denied his RA request for an exemption to the Vaccine Mandate. Amended Compl. ¶¶346-409. Plaintiff's claim, however, fails, and must be dismissed.

The SHRL provides that "it shall be an unlawful discriminatory practice for any employer […] to impose upon a person as a condition of […] retaining employment […] any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion, […] unless, after engaging in a bona fide effort, the employer demonstrates that it is unable to reasonably accommodate the employee's or prospective employee's sincerely held religious observance or practice without undue hardship on the conduct of the employer's business." N.Y. Exec. Law § 296(1)(a).

"A plaintiff establishes a *prima facie* case of religious discrimination under a failure to accommodate theory by demonstrating that: (1) he has a bona fide religious belief conflicting with an employment requirement (2) he informed his employer of this belief, and (3) he was disciplined for failing to comply with the employment requirement." Islam Chowdhury v. Dep't of Hous. Pres., 2025 U.S. Dist. LEXIS 40873, *18-19 (S.D.N.Y. 2025) (quoting Cagle v. Weill Cornell Medicine, 680 F. Supp. 3d 428, 435 (S.D.N.Y. 2023); Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 167 (2d Cir. 2001). If the *prima facie* case is shown, "the burden then shifts to the employer to show that it could not accommodate the employees' religious beliefs without undue hardship." Id. An accommodation is said to cause an undue hardship whenever it results in more than a *de minimis* cost to the employer. Dennison v. Bon Secours Charity Health Sys. Med. Group, P.C., 2023 U.S. Dist. LEXIS 84888, at *12 (S.D.N.Y. May 15, 2023) (internal citations omitted). While a plaintiff need not establish a *prima facie* case at the pleading stage, a plaintiff must "set forth factual circumstances from which discriminatory motivation can be inferred, which may include **facts** suggesting preferential treatment given to similarly situated individuals, or remarks that convey discriminatory animus." Algarin v. City of New York, 2012 U.S. Dist. LEXIS 146190, *2 (S.D.N.Y. Oct. 10, 2012) (emphasis added).

### A. Plaintiff Has Not Demonstrated That He Has Sincere Religious Beliefs That Conflict With The Vaccine Mandate

Evaluating whether a religious belief is sincere is a threshold question of fact that "must be resolved in every case." United States v. Seeger, 380 U.S. 163, 185 (1965); Kane, 19 F.4th at 442. It is not sufficient for Plaintiff to merely state that the beliefs he asserts are "religious in nature." Rather, a plaintiff must demonstrate that his "espoused beliefs […] do in fact stem from religious convictions and have not merely been framed in terms of religious belief[s] so as to gain the legal remedy desired." Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F Supp 81, 94 (E.D.N.Y. 1987). This is because "medical, health related or purely moral considerations, scientific or secular theories, or philosophical and personal beliefs" are not sincerely held religious beliefs. Matter of Shmuel G., 4 Misc. 3d 1002(A), at 3 (Fam. Ct., Kings Co. 2004) (internal citations omitted).

Here, in the Complaint, Plaintiff claims that as a Roman Catholic, he is "require[d] […] to refuse the COVID-19 vaccine because, among other religious reasons, they are produced, developed, and/or tested with aborted fetal cell lines." Amended Compl. ¶¶15. As an initial matter, and as set forth above, Plaintiff did not articulate any such beliefs to DSNY in his RA Request. Though, in his Email Appeal, Plaintiff states, "there is a general moral duty to refuse the use of medical products, including certain vaccines, that are produced using human cells lines derived from direct abortions," Plaintiff gave no indication in the documents submitted to his employer that this purported moral duty has anything to do with a religious belief, nor that he did, in fact, refuse other such "medical products," and how his purported belief conflicted with the Vaccine Mandate. See id. ¶114; RA Request and Email Appeal, Lynn Decl. Exhs. A, C.

Furthermore, Plaintiff's purported opinions about the alleged use of "cells lines derived from direct abortions" reflect only personal preferences, and pursuant to the EEOC's

Guidance, "objections to COVID-19 vaccination that are based on social, political, or personal preferences, or on nonreligious concerns about the possible effects of the vaccine, do not qualify as 'religious beliefs.'" See https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L.%20[*11 (last accessed June 15, 2025). Courts have also held that such preferences are not connected to religious beliefs. See Pierre v. Fire Dept. of the City of N.Y., (Art. 78), 2023 N.Y. Misc. LEXIS 1272, *6-7 (Sup. Ct. N.Y. Cnty. 2023) (Art. 78 petition denied where the petitioner objected to a vaccine "that has used stem cells from fetuses […] without any connection to a sincerely held religious belief" because the "request was based on [the petitioner's] personal preferences"); Bath v. Fire Dept. of the City of N.Y., 2023 N.Y. Misc. LEXIS 2744 (Sup. Ct. N.Y. Cnty. 2023). Moreover, Plaintiff's professed objections appear to be stock language that is easily found on the internet. See "Vaccine Exemption Template Letter," located at https://www.ncbcenter.org/ncbc-news/vaccineletter (last accessed June 13, 2025), which is, notably, identical to the language Plaintiff used in his Email Appeal. See Exh. C. And courts in New York have held that where an individual seeking an exemption to an employer's vaccination requirement fails to provide a cogent explanation why their purported religion conflicted with vaccination, and their contentions regarding vaccination appear to be largely stock language derived from publicly available resources, the employer did not err in denying that request. See, e.g., Gardner-Alfred v. FRB of N.Y., 2023 U.S. Dist. LEXIS 171012 (S.D.N.Y. 2023); Hunold v. City of NY, 2023 N.Y. Misc. LEXIS 7771 (Sup. Ct. N.Y. Cnty. 2023).

**B. Plaintiff Was Not Subject to Disciplinary Procedures**

Plaintiff was not subjected to the DSNY's disciplinary procedures when he was facing termination due to his refusal to comply with the Vaccine Mandate. Courts have consistently held that during COVID-19 public health emergency, when the various levels of government were seeking to mitigate the virus's impact, getting vaccinated was a proper "condition of [Plaintiff's]

employment," and since it had nothing to do with Plaintiff's job performance, misconduct, or competency, the Vaccine Mandate did not implicate disciplinary procedures. See Garland v. New York City Fire Dep't, 574 F. Supp. 3d 120, 128 (E.D.N.Y. 2021); Broecker v. NY City Dept. of Educ., 585 F Supp 3d 299, 314 (E.D.N.Y. 2022) (the Vaccine Mandate is a lawful condition of employment); Marciano, 589 F. Supp. 3d at 426 (S.D.N.Y. 2022) (where, in dismissing NYPD employee's claim that he had been disciplined for failing to be vaccinated, the court held that the Vaccine Mandate created a condition of the plaintiff's employment, and that his termination based on his failure to meet that condition did not implicate applicable statutory or NYPD disciplinary procedures); O'Reilly v. Bd. of Ed., 2022 N.Y. Misc. LEXIS 246 (Sup. Ct. N.Y. Cnty. 2022) (court determined that employment action taken by DOE was "not discipline but instead was merely a response to petitioner's refusal to comply with a condition of employment."); Matter of Clarke v. Bd. Of Educ. of the City School Dist. of the City of N.Y., 213 A.D.3d 548, 550 (1st Dep't 2023) (Court held that "… placement on leave for failure to prove vaccination, a condition of employment, is 'unrelated to job performance, misconduct or competency' and does not constitute 'teacher discipline'.")

Here, Plaintiff failed to satisfy a condition of his employment by refusing to get vaccinated, and faced termination not because he was disciplined, but because he was no longer qualified for his position with DSNY. See Garland v. NY City Fire Dept., 574 F. Supp. 3d 128 ("the termination of a public employee based on the employee's failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency does not implicate the disciplinary procedures.").

### C. It Would Be An Undue Burden On The City To Allow Plaintiff To Continue Working While Unvaccinated

Plaintiff, absent any indication of why, makes the entirely conclusory claim that "Defendants cannot demonstrate that accommodating [Plaintiff] would cause an undue hardship." Amended Compl. ¶311. Contrary to Plaintiff's assertions, the requested accommodation would require Defendants permit him to potentially expose other DSNY employees and the public to a life-threatening virus, all which would pose an undue burden to Defendants. See Algarin v. NYC Health + Hosp. Corp., 678 F. Supp. 3d 497, 511 (S.D.N.Y. 2023) (internal citations omitted).

The City, as a government employer, has a duty to maintain a safe workplace, and the decision of how to do it best is within its discretion as the municipal employer. See N.Y. Labor Law § 27-a.; see also N.Y. State Inspection, Sec. & L. Enf't Emps. v. Cuomo, 64 N.Y.2d 233, 237-40 (1984). Given the public health emergency posed by COVID-19, the City promulgated the entirely lawful and rational Vaccine Mandate, and Defendants could not permit unvaccinated employees, absent accommodation required by law, to perform work for the City.

Plaintiff himself alleges that he was an essential worker. Amended Compl. ¶3. As such, Plaintiff was required to work in person, during alleged "twelve-hour shifts," surrounded by his colleagues as well as by the public citizens of the City of New York. See id. ¶¶8, 370. As such, in light of City's duty to keep its employees and the public safe at the height of COVID-19 pandemic, when the viral transmission rates were high, it would have been an undue burden to allow Plaintiff to continue performing his duties, alongside other essential-worker DSNY employees, without being vaccinated. See also Maniscalco v. N.Y. City Dept. of Educ., 563 F. Supp. 3d 33, 39-40 (E.D.N.Y. 2021) (the Court found that it was not shocking for the City to conclude that vaccination was the best way to do so, particularly at a time when viral transmission rates were high).

Plaintiff's argument that there was no undue hardship to Defendants in light of "other DSNY employees" being permitted to "submit weekly testing instead of receiving the COVID-19 vaccination" is unavailing. Amended Compl. ¶313. Plaintiff provides no information about these purported "other" DSNY employees whom he alleges were accommodated (notably, Plaintiff does not allege these "other" DSNY employees were granted religious exemptions to the Mandate). Indeed, the Complaint is devoid of any information about these "other DSNY employees'" including names, civil service titles, the specific facilities or units in which they worked, in what manner they were treated differently than Plaintiff, or the exact basis for their accommodation requests, such as their specific religious objections to the COVID-19 vaccine.

**POINT IV**

**PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO ACCOMMODATE UNDER THE CHRL**

Plaintiff's CHRL failure to accommodate claim similarly fails. Claims under the CHRL must be evaluated independently and with its provisions construed broadly in the plaintiff's favor. Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013). To survive a motion to dismiss, a plaintiff must plead actual fact in support of his claims, and "a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. 544, 555; Ortiz, 2025 U.S. Dist. LEXIS 3224, *3.

Plaintiff makes the mistaken argument that Defendants would not meet the "stiffer standard" of "undue hardship" under the CHRL. See Amended Compl. ¶295. However, Plaintiff ignores the portion of the CHRL that states "an accommodation shall be considered to constitute an undue hardship for purposes of [the subdivision of the CHRL dealing with religious observance] if it will result in the inability of an employee who is seeking a religious accommodation to perform the essential functions of the position in which the employee is employed." NYC Admin. Code §

8-107(31)(c)(3)(b)(i). Here, Plaintiff's claim fails for the same reasons Defendants asserted in response to his SHRL failure to accommodate allegation.

**POINT V**

**PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO ENGAGE IN A COOPERATIVE DIALOGUE UNDER THE CHRL**

Plaintiff alleges a failure to engage in cooperative dialogue only under the CHRL. Amended Compl. ¶¶410-426. Plaintiff alleges that Defendants violated his rights under the CHRL when they failed to engage in a "cooperative dialogue" regarding his reasonable accommodation request. Amended Compl. ¶415. However, courts in this district have held that the City engaged in a proper cooperative dialogue with employees when it provided information regarding its process for reviewing accommodation requests related to the Vaccine Mandate, instructed employees how to apply to their agency's Equal Employment Opportunity office, and instructed employees how to appeal denials. See Chinchilla, 2024 U.S. Dist. LEXIS 123248, at *35 (S.D.N.Y. July 12, 2024) (citing Matter of Marsteller v. City of NY, 217 A.D.3d 543, 545 (1st Dep't 2023), *lv rearg & lv appeal denied* 2023 NY Slip Op 72547(U) (1st Dep't 2023)). The Marsteller Court held that where individuals availed themselves of the City's reasonable accommodation process and received explanations as to why their applications were denied, and where the parties further engaged during the administrative appeals process, no further individualized dialogue was required. Id.

Furthermore, in a recent decision issued by the Appellate Division, Second Department, the Second Department adopted the First Department's holding, finding that because the City "provided information on the process for reviewing accommodation requests related to the vaccine mandate and informed employees on how to appeal request denials," and where "[t]he record demonstrates that the petitioner availed himself of this process," and that "that there were

multiple communications between the petitioner, the FDNY, and the Panel regarding the petitioner's accommodation request," the petitioner in that case "failed to demonstrate that the [City's] process for resolving requests for a reasonable accommodation from the vaccine mandate did not meet the requirements of the CHRL regarding cooperative dialogue." See Smith v. New York City Fire Department, et al., ____Ad3d____, Nos. 2023-09850, 2023-09852, Index No. 533033/2022 (2nd Dep't Jun. 18, 2025)

Here, Plaintiff himself alleges that he sought a reasonable accommodation from DSNY, and that DSNY denied his request. Amended Compl. ¶¶72, 74. In denying his RA Request, DSNY advised Plaintiff how to appeal the denial of his RA Request. See Lynn Decl., Exh. B. Further, Plaintiff alleges that he appealed that denial to the Citywide Panel. See Amended Compl. ¶¶6, 113. Thus, Plaintiff's Complaint demonstrates not only that Defendants notified Plaintiff of the accommodation and appeals processes, but that Plaintiff understood that process and availed himself of it.

Moreover, Defendants are not required to engage in a cooperative dialogue until Plaintiff establishes that he is entitled to an accommodation due to a sincerely held religious belief that conflicts with the Vaccine Mandate. See Bath v. Fire Dept. of the City of N.Y., 2023 N.Y. Misc. LEXIS; see also Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006) (employer must offer a reasonable accommodation after the employee establishes a *prima facie* case). Here, as demonstrated hereinabove, Plaintiff has not established that his purported bona fide religious beliefs conflict with the Vaccine Mandate. Thus, Defendants met their obligations under the CHRL to engage in the cooperative dialogue with Plaintiff, and Plaintiff's claims to the contrary must be dismissed.

## POINT VI

## THE AMENDED COMPLAINT VIOLATES FRCP RULE 8 AND SHOULD BE DISMISSED

Finally, this matter should be dismissed because the extraordinarily long and burdensome Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that "[a] pleading that states a claim for relief must contain . . . a **short and plain** statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The Second Circuit has noted that "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (internal quotation marks and citations omitted). A court may even dismiss an action with prejudice because of a prolix pleading, especially if both the original pleading and amended pleading are too verbose and filled with irrelevant material, as is clearly the case here. Id. at 42-43.

Here, the Amended Complaint contains over 500 paragraphs, many of which contain fantastical, redundant, and irrelevant allegations. See generally Amended Complaint. Furthermore, the prolix Amended Complaint relies on legal theories that at this point have been expressly rejected by the Second Circuit, and are thus frivolous. Therefore, the Amended Complaint should be dismissed for failure to comply with Rule 8.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss in its entirety, with prejudice, that judgment in favor of Defendants be entered, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 23, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Second Floor
New York, New York 10007
(212) 356-2481

By: Brigid Lynn
Brigid Lynn
Assistant Corporation Counsel