25-cv-00097 (LJL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT MAIORINO,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF SANITATION, and CITY OF NEW YORK,

Defendants.

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Second Floor
New York, N.Y. 10007

*Of Counsel*: Brigid Lynn
Tel: (212) 356-2481
Matter No.: 2025-004638

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

ARGUMENT

POINT I

PLAINTIFF DOES NOT OPPOSE THAT DSNY MUST BE DISMISSED AS A DEFENDANT ..... 2

POINT II

PLAINTIFF'S FREE EXERCISE CLAIM FAILS AND MUST BE DISMISSED ..... 2

POINT III

PLAINTIFF'S SHRL AND CHRL FAILURE TO ACCOMMODATE CLAIMS FAIL AND MUST BE DISMISSED ..... 7

A. Plaintiff failed to inform his employer of a sincerely held religious belief that conflicts with the vaccine mandate. ..... 7

POINT IV

PLAINTIFF'S COOPERATIVE DIALOGUE CLAIM MUST BE DISMISSED ..... 8

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Cases** **Pages**

Bacon v. Woodward,
104 F.4th 744 (9th Cir. 2024) ....................7

Broder v. Cablevision Sys. Corp.,
418 F.3d 187 (2d Cir. 2005)....................9

Chinchilla v. N.Y.C. Police Dep't,
2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. July 12, 2024) ....................9, 10

Colbert v. Rio Tinto PLC,
824 Fed. Appx. 5 (2d Cir. 2020)....................2

Gardner-Alfred v. FRB of N.Y.,
2025 U.S. App. LEXIS 16275 (2d. Cir. July 2, 2025)....................5, 6

Goldman v. Sol Goldman,
2022 U.S. Dist. LEXIS 175353 (S.D.N.Y. Sept. 27, 2022)....................10

Heiden v. New York City Health and Hosps. Corp.,
2023 U.S. Dist. LEXIS 5583 (S.D.N.Y. Jan. 11, 2023)....................10

Kane v. De Blasio,
19 F.4th 152 (2d Cir. 2021) ....................2, 3

Matter of Marstellar v. City of New York,
217 A.D.3d 543 (1st Dep't 2023) ....................8, 9

Morass v. White,
571 F. Supp. 3d 77 (S.D.N.Y. 2021)....................3

New Yorkers for Religious Liberty, Inc. v. City of New York,
125 F.4th at 335 ....................4, 5

Pentech Int'l, Inc. v. Wall St. Clearing Co.,
983 F.2d 441 (2d Cir. 1993)....................9

Phillip v. Dep't of Sanitation,
2019 U.S. Dist. LEXIS 32590 (E.D.N.Y. 2019)....................2

Smith v. New York City Fire Department,
239 A.D.3d 870 (2d Dep't 2025)....................9

U.S. Navy SEALs 1-26 v. Biden,
578 F. Supp. 3d 822 (N.D. Tex. 2022) ....................6

**Cases** **Pages**

United States v. Amalfi,
47 F.4th 114 (2d Cir. 2022) ....................................................................................7

**PRELIMINARY STATEMENT**

Defendants New York City Department of Sanitation ("DSNY") and the City of New York ("City") (collectively, "Defendants") submit this reply memorandum of law in further support of their Motion to Dismiss the Complaint. Plaintiff's allegations remain insufficient to state a cause of action. In his Opposition to Defendants' Motion to Dismiss the Complaint, Plaintiff argues that "he pleads a violation of the Free Exercise Clause not based on the vaccine mandate itself, but on the standards, policies, and procedures . . . employed by [Defendants] in evaluating religious accommodation requests." Opposition ("Opp'n") at 13. However, Plaintiff's arguments in support of this claim fail, because Plaintiff does not plausibly allege that Defendants' "policies" were not neutral and generally applicable. Plaintiff also argues in his Opposition that he has pleaded prima facie failure to accommodate claims under both the SHRL and CHRL, however, these claims fail because Plaintiff cannot demonstrate that he notified his employer of a sincerely held religious belief that conflicted with the Vaccine Mandate. Plaintiff also argues that Defendants failed to engage in a cooperative dialogue in violation of the CHRL, however, this claim fails because multiple courts have already held that the City's process for evaluating reasonable accommodation requests, the process by which Plaintiff's exemption request was evaluated, satisfies the cooperative dialogue standard under the CHRL.

As Defendants demonstrated in their Memorandum of Law in support of their Motion to Dismiss, and as further demonstrated below, Plaintiff's Complaint must be dismissed.

## ARGUMENT

### POINT I

### PLAINTIFF DOES NOT OPPOSE THAT DSNY MUST BE DISMISSED AS A DEFENDANT

Plaintiff does not contest Defendants' argument that DSNY is not a suable entity. DSNY, therefore, must be dismissed as a Defendant from this action. See Colbert v. Rio Tinto PLC, 824 Fed. Appx. 5, 11 (2d Cir. 2020) ("district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage"); see also Phillip v. Dep't of Sanitation, 2019 U.S. Dist. LEXIS 32590, *5 (E.D.N.Y. 2019) (dismissing all claims against DSNY as a non-suable entity.).

### POINT II

### PLAINTIFF'S FREE EXERCISE CLAIM FAILS AND MUST BE DISMISSED

In his Opposition, Plaintiff notes that he "pleads a violation of the Free Exercise Clause not based on the vaccine mandate itself," which has been upheld by the Second Circuit as neutral and generally applicable in Kane v. De Blasio, 19 F.4th 152 (2d Cir. 2021), but instead based "on the standards, policies, and procedures ("policies") employed by the DSNY and the Citywide Panel . . . in evaluating religious accommodation requests." See Opp'n at 13. Plaintiff's free exercise claim fails because Plaintiff cannot demonstrate that the Vaccine Mandate, as applied to him, violated his right to freely exercise his religion, and Plaintiff cannot show that the Defendants' policies were not neutral and generally applicable.

At the outset, Plaintiff continues to make a number of demonstrably false claims regarding the policy by which Defendants evaluated religious accommodation requests. Plaintiff argues that the "city's policies refused to recognize religious beliefs that were personal in nature," that "in the City's view, any Catholic who declined vaccination was simply making a personal

choice, not acting in accordance with a religious mandate," that "under Defendants' written standards and internal procedures, any religious belief that did not align with the tenets of a recognized religion was automatically deemed 'personal,' 'philosophical,' or 'political,'" and that Catholics "were categorically denied accommodations on the grounds that their beliefs did not reflect the Pope's public position." Opp'n at 14.

The Deposition of Eric Eichenholtz,[1] taken by Plaintiff's counsel in a nearly identical matter, submitted in support of Defendants' Motion to Dismiss (ECF No. 40, Exhibit F), provides sworn testimony regarding the City's standards and procedures for reviewing requests for religious accommodation requests to the Vaccine Mandate. This testimony, obtained in a deposition conducted by Plaintiff's counsel on April 11, 2025, directly refutes Plaintiff's allegations regarding categorical denials of accommodation requests from Catholics whose beliefs did not reflect Pope Francis's public position, or whose beliefs were "not central to Catholic doctrine." Opp'n at 14-15. Despite having sworn testimony to the contrary, Plaintiff continues to make these allegations in support of his free exercise claim.

Additionally, Plaintiff's reliance on Kane v. De Blasio, 19 F.4th 152 (2d Cir. 2021), in support of his free exercise claim is misplaced. In Kane, the court analyzed the process for determining religious and medical accommodations to the vaccine mandate applicable to New York City Department of Education ("DOE") employees, which was established by an Independent Arbitrator after the United Federation of Teachers ("UFT") filed a formal objection to the DOE's Vaccine Mandate. See id. at 160. The Kane court narrowly held that the DOE's

[1] Plaintiff argues that Defendants "improperly rely" on this deposition testimony. Opp'n at 18, n.5. However, this testimony, taken by Plaintiff's counsel, directly contradicts allegations about the City's process for evaluating religious exemption requests to the Vaccine Mandate, allegations which are integral to Plaintiff's free exercise claim. See Morass v. White, 571 F. Supp. 3d 77, 93 (S.D.N.Y. 2021).

review process, as applied to plaintiffs, was not neutral, because it provided that "'[e]xemption requests shall be considered for recognized and established religious organizations,' and that 'requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature.'" Id. at 168. The court found that the DOE's review process was not generally applicable because the arbitrators reviewing the plaintiffs' requests for religious accommodations "had substantial discretion over whether to grant those requests," noting that "[s]ometimes, arbitrators strictly adhered to the Accommodation Standard. Other times, arbitrators apparently ignored them." Id. at 169.

In his Opposition, Plaintiff argues that the policy and standards at issue in Kane were used to review DSNY appeals. See Opp'n at 16. To support this argument, Plaintiff cites to a portion of the letter from DSNY denying his exemption request, in which DSNY informed Plaintiff of his option to appeal the denial through Scheinman Arbitration and Mediation Services ("SAMS"). See DSNY Communication to Plaintiff denying RA Request, ECF No. 40, Exh. B. That the standard used by SAMS is similar to the standard struck down in Kane is entirely irrelevant here, because Plaintiff does not allege that he submitted his appeal to SAMS. Rather, Plaintiff alleges that he submitted his appeal to the Citywide Panel, and Plaintiff does not plausibly allege that the Citywide Panel used the standard stuck down in Kane when deciding appeals. See Compl. ¶112.

Plaintiff's reliance on New Yorkers for Religious Liberty, Inc. v. City of New York ("NYFRL") is similarly misplaced. See Opp'n at 19. To the extent Plaintiff claims his exemption request was denied for being "too idiosyncratic," like that of one NYFRL plaintiff, this argument fails. See id. The court explained in NYFRL that the plaintiff's allegations supported the inference

that her accommodation request was denied "solely on the basis of its characterization as too idiosyncratic rather than as not sincerely held or non-religious in nature." NYFRL, 125 F.4th at 335). Plaintiff, however, does not plausibly allege that his exemption request was denied because it was "too idiosyncratic." Further, Plaintiff's argument that his "God-guided belief was dismissed as insufficiently religious because it was not endorsed by an official religious authority – the same defect the Second Circuit identified in NYFRL" fails. See Opp'n at 19. In NYFRL, the Second Circuit found that one plaintiff's reasonable accommodation request was improperly denied pursuant to the "old Arbitration Award Standards [which] only allowed 'exemption requests . . . for recognized and established religious organizations.'" See NYFRL, 125 F.4th at 334. Plaintiff does not plausibly allege that the City's standards only allowed exemptions for applicants who were members of "recognized and established religious organizations." See NYFRL, 125 F.4th at 334. Further, the Arbitration Award standards at issue in NYFRL are not at issue in this case, as set forth in the immediately foregoing paragraph.

Plaintiff's reliance on Gardner-Alfred v. FRB of N.Y. is also misplaced. See 2025 U.S. App. LEXIS 16275 (2d. Cir. July 2, 2025). At the outset, the plaintiffs in Gardner-Alfred were Federal Reserve employees, whose requests for religious accommodations to their employer's vaccination requirement were evaluated under a different standard than Plaintiff's exemption request. See Gardner-Alfred, 2025 U.S. App. LEXIS 16275 at *4-5. Further, the Second Circuit explained that their task in Gardner-Alfred was limited: "we must determine whether [plaintiffs] adduced sufficient evidence to create a genuine dispute of material fact as to whether their sincerely held religious beliefs conflicted with the vaccine policy." Id. at *10-11. The court specifically stated it was not adjudicating the "merits of [plaintiffs'] contention that the Federal Reserve's actions infringed their religious liberties in violation of federal law." Id. at *10.

Accordingly, the court's narrow assessment of the sincerity of the plaintiffs' religious beliefs in Gardner-Alfred has no bearing on Plaintiff's free exercise claim.

Plaintiff's argument that the Defendants' policy was not generally applicable also fails. Plaintiff argues that "[i]n Kane, the Second Circuit found that the same accommodation policies and procedures challenged here failed general applicability." Opp'n at 20. Kane is inapposite because the policies in that case are neither the same nor similar to the ones at issue in this case. U.S. Navy SEALs 1-26 v. Biden, 578 F. Supp. 3d 822, 838 (N.D. Tex. 2022), is also distinguishable because the vaccine mandate applicable to the plaintiffs in Navy SEALs is entirely different than the one that was applicable to Plaintiff. See id. at 827 ("[Special Operations] personnel refusing to receive recommended vaccines . . . based solely on personal or religious beliefs are disqualified. This provision does not pertain to medical contraindications or allergies to vaccine administration."). Further, the Navy's mandate was found to be not neutral and generally applicable because it "treats comparable secular activity (e.g., medical exemptions) more favorably than religious activity." Id. at 883. The court found that the Navy had *never* granted a religious exemption from the vaccine, and "even if the Navy were to grant a religious exemption, that exemption would still receive less favorable treatment than its secular counterparts. Those who receive religious exemptions are medically disqualified. Those who receive medical exemptions are not." Id. at 833–34. Servicemembers who are "medically disqualified" are permanently barred from deployment, demonstrating less favorable treatment towards religious activity. Id. at 832. Plaintiff has not alleged that Defendants never granted religious accommodations, nor has Plaintiff plausibly alleged that Defendants treated a comparable secular activity more favorably than religious activity.

Plaintiff also argues that "the City's accommodation policies and procedures were not generally applicable because the City allowed thousands of employees–including members of the DSNY–to continue working unvaccinated for secular reasons, such as staffing needs." Opp'n at 20, citing Bacon v. Woodward, 104 F.4th 744 (9th Cir. 2024). Bacon is distinguishable because the vaccine mandate applicable to Washington state employees "exempted certain firefighters based on a secular criterion—being a member of a neighboring department—while holding firefighters who objected to vaccination on purely religious grounds to a higher standard." Id. at 751. Plaintiff has not alleged that the City had a comparable secular exemption. Plaintiff's argument that the City granted "permanent accommodations" to employees who could not mount an immune response to COVID-19 is irrelevant because any such accommodations necessarily would have been reviewed in connection with an employee's request for a medical exemption, not a religious one. Because the City's policies are neutral and generally applicable, they are subject to rational basis review, an "extremely deferential standard." See United States v. Amalfi, 47 F.4th 114, 125 (2d Cir. 2022). Under this deferential standard, the City's policies pass constitutional muster, and Plaintiff's free exercise claim must be dismissed.

## POINT III

## PLAINTIFF'S SHRL AND CHRL FAILURE TO ACCOMMODATE CLAIMS FAIL AND MUST BE DISMISSED

### A. Plaintiff failed to inform his employer of a sincerely held religious belief that conflicts with the vaccine mandate.

Plaintiff's failure to accommodate claims under the SHRL and CHRL must be dismissed because Plaintiff did not inform his employer of a sincerely held religious belief that prevented him from getting the COVID-19 vaccine. Plaintiff submitted an "Affidavit of Vaccine Exemption on Religious Grounds for City Employees" to DSNY in support of his request for a

religious exemption. See ECF No. 40, Exhibit A. Nowhere on this form does Plaintiff indicate that his faith "compel[s] him to treat his body as a temple of the Holy Spirit, preserve the sanctity of his blood, and abstain from introducing impure or religiously tainted substances–namely, the COVID-19 vaccine." See Opp'n at 7. Nor does the form include any mention of Plaintiff's alleged objections to the COVID-19 vaccine based on abortion. See Opp'n at 7. At most, the form states that Plaintiff is "a member of a recognized religious organization, and that the immunizations required by (Governing Authority Name) DSNY are contrary to my religious tenets and practices." ECF No. 40, Exhibit A.

Plaintiff argues in his Opposition that Defendants "ignore [Plaintiff's] accompanying personal statement detailing his specific religious objections." Opp'n at 9; see also ECF No. 40, Exhibit D. However, Plaintiff did not submit a personal statement until after his initial exemption request was denied. The "Affidavit of Vaccine Exemption on Religious Grounds for City Employees" submitted by Plaintiff to DSNY does not inform his employer of a sincerely held religious belief that conflicts with the vaccine mandate. Therefore, Plaintiff's failure to accommodate claims fail under both the CHRL and SHRL and must be dismissed.

## POINT IV

## PLAINTIFF'S COOPERATIVE DIALOGUE CLAIM MUST BE DISMISSED

Plaintiff's cooperative dialogue claim fails and must be dismissed. In Matter of Marstellar v. City of New York, the First Department held that the City met its obligations to engage in a cooperative dialogue when it "publicly offered information on its process for reviewing accommodation requests related to the vaccine mandate, and informed employees about how to apply to their agency's Equal Employment Opportunity office and how to appeal denials. Petitioner availed himself of this process, and the NYPD explained why his application did not

qualify for an accommodation, and the parties further engaged during the administrative appeals process." 217 A.D.3d 543, 545 (1st Dep't 2023). The Appellate Division, Second Department, adopted this holding in Smith v. New York City Fire Department, 239 A.D.3d 870 (2d Dep't 2025).

In this case, Plaintiff was provided information about applying for a religious accommodation to the Vaccine Mandate and submitted an exemption request. DSNY explained why Plaintiff's request was denied and provided information about how to appeal this denial. Plaintiff subsequently submitted an appeal to the Citywide Panel, which later explained why his appeal was denied. Marsteller and Smith require Plaintiff's claim for failure to engage in a cooperative dialogue be dismissed. See Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199-200 (2d Cir. 2005) ("As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts.") (quoting Pentech Int'l, Inc. v. Wall St. Clearing Co., 983 F.2d 441, 445 (2d Cir. 1993)). The court in Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248, at *33 (S.D.N.Y. July 12, 2024), likewise relied on Matter of Marsteller in dismissing a claim of "failure to offer a cooperative dialogue regarding Plaintiff's requested religious accommodation."[2]

Plaintiff's reliance on Goldman v. Sol Goldman, 2022 U.S. Dist. LEXIS 175353 (S.D.N.Y. Sept. 27, 2022); and Heiden v. New York City Health and Hosps. Corp., 2023 U.S. Dist. LEXIS 5583 (S.D.N.Y. Jan. 11, 2023), are misplaced because the plaintiffs in those cases requested accommodations to work remotely based on medical conditions that heightened their risk of contracting COVID-19. The plaintiffs did not request religious exemptions from a vaccine mandate and, further, the court found that the record evidence on summary judgment indicated a disputed issue of fact as to whether defendants engaged in a cooperative dialogue. These cases

[2] Notably, Plaintiff's counsel in the instant case represented the plaintiff in Chinchilla.

simply have no bearing on Plaintiff's case. Rather, Marstellar and Smith are directly on point because they address the Vaccine Mandate applicable to Plaintiff and hold that the City provided an adequate cooperative dialogue. Accordingly, this claim must be dismissed.

## **CONCLUSION**

For the foregoing reasons, and the reasons set forth in Defendants' memorandum of law in support of its motion to dismiss, Defendants' motion to dismiss should be granted.

Dated: New York, New York
September 8, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Second Floor
New York, New York 10007
(212) 356-2481

By: /s/ Brigid Lynn
Brigid Lynn
Assistant Corporation Counsel