No. 25-cv-00097 (LJL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT MAIORINO,

Plaintiff,

- against -

CITY OF NEW YORK,

Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Second Floor*
*New York, N.Y. 10007*

*Of Counsel:  Brigid Lynn*
*Tel: (212) 356-2481*
*Matter No. 2025-004638*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................III

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 2

    A.  Background ........................................................................................ 2

    B.  The City's Reasonable Accommodation Process ................................ 3

    C.  Plaintiff's Allegations in the Second Amended Complaint .............................................................................................. 4

    D.  Plaintiff's Reasonable Accommodation Request and Appeal to the Citywide Panel ........................................................ 5

ARGUMENT

       POINT I

       THE VACCINE MANDATE AND THE CITY'S ACCOMMODATION PROCESS DO NOT INFRINGE ON PLAINTIFF'S RIGHT TO FREELY EXERCISE HIS RELIGIOUS BELIEFS ................................................... 8

    A.  Legal Standard ................................................................................. 8

    B.  The Second Circuit Has Conclusively Determined That the Vaccine Mandate is Facially Neutral and Generally Applicable. ........................................ 9

        1.  The City's "Standards, Policies, and Procedures" For Evaluating Religious Accommodation Requests to the Vaccine Mandate Are Neutral and Generally Applicable. .......................................................... 10

           a.  Neutrality ................................................................ 12

           b.  General Applicability ............................................... 14

           c.  Rational Basis Review .............................................. 15

**Page**

POINT II

PLAINTIFF'S FAILURE TO ACCOMMODATE
CLAIMS SHOULD HAVE BEEN BROUGHT AS
AN ARTICLE 78 WITHIN FOUR MONTHS OF
THE CITYWIDE PANEL'S DENIAL AND IS NOW
UNTIMELY ........................................................................................... 15

POINT III

PLAINTIFF'S    SHRL    FAILURE    TO
ACCOMMODATE CLAIM ALSO FAILS .............................................. 17

A. Plaintiff Has Not Demonstrated That He Has a
Sincerely Held Religious Belief that Conflicted
With the Vaccine Mandate. .................................................... 18

B. Plaintiff Was Not Disciplined ............................................... 20

C. It Would Be An Undue Burden To Allow
Plaintiff To Continue Working While
Unvaccinated ........................................................................... 21

POINT IV

PLAINTIFF'S    CHRL    FAILURE    TO
ACCOMMODATE CLAIM FAILS ........................................................ 22

POINT V

PLAINTIFF'S    COOPERATIVE    DIALOGUE
CLAIM FAILS ..................................................................................... 23

CONCLUSION ............................................................................................... 25

CERTIFICATION ........................................................................................... 26

**TABLE OF AUTHORITIES**

**Cases**                                                                                                     **Pages**

Algarin v. City of N.Y.,
    2012 U.S. Dist. LEXIS 146190
    (S.D.N.Y. Oct. 10, 2012) ...........................................................................................18

Algarin v. N.Y.C. Health + Hosps. Corp.,
    678 F. Supp. 3d 497 (S.D.N.Y. 2023)........................................................................21

Almodovar v. City of N.Y.,
    2024 N.Y. Slip Op. 50475(U)
    (Sup. Ct. New York Cnty. Apr. 25, 2024) ...................................................................16

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)...............................................................................................8, 13

Ass'n of Jewish Camp Operators v. Cuomo,
    470 F. Supp. 3d 197 (N.D.N.Y. 2020)........................................................................10

Baker v. Home Depot,
    445 F.3d 541 (2d Cir. 2006)........................................................................................24

Bath v. Fire Dep't of the City of N.Y.,
    2023 N.Y. Slip Op. 31855(U),
    2023 N.Y. Misc. LEXIS 2744
    (Sup. Ct. New York Cnty. June 2, 2023) ..............................................................19, 24

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007).........................................................................................8, 9, 22

Bonilla v. City of N.Y.,
    2023 U.S. Dist. LEXIS 215081
    (S.D.N.Y. Dec. 4, 2023)..............................................................................................13

Broder v. Cablevision Sys. Corp.,
    418 F.3d 187 (2d Cir. 2005)........................................................................................15

Broecker v. N.Y.C. Dep't of Educ.,
    585 F. Supp. 3d 299 (E.D.N.Y. 2022) .....................................................................3, 20

Cagle v. Weill Cornell Medicine,
    680 F. Supp. 3d 428 (S.D.N.Y. 2023)........................................................................17

Campagna v. N.Y.C. Police Dep't,
    231 A.D.3d 531
    (App. Div. 1st Dep't 2024) ..........................................................................................15

**Cases**                                                                                  **Pages**

Chinchilla v. N.Y.C. Police Dep't,
    2024 U.S. Dist. LEXIS 123248
    (S.D.N.Y. July 12, 2024) ...................................................................2, 12, 13, 15, 23

Matter of Clarke v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
    213 A.D.3d 548 (1st Dep't 2023) ...........................................................................20

Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona, N.Y.,
    280 F. Supp. 3d 426 (S.D.N.Y. 2017).....................................................................10

Dennison v. Bon Secours Charity Health Sys. Med. Group, P.C.,
    2023 U.S. Dist. LEXIS 84888
    (S.D.N.Y. May 15, 2023)................................................................................ 17-18

Employment Div. v. Smith,
    494 U.S. 872 (1990)....................................................................................10, 12

Farrell v. City of N.Y.,
    2024 U.S. Dist. LEXIS 146937
    (S.D.N.Y. Aug. 16, 2024)...................................................................................15

Ferrelli v. State Unified Court Sys.,
    2022 U.S. Dist. LEXIS 39929
    (N.D.N.Y. Mar. 7, 2022)...............................................................................10, 14

Fifth Ave. Presbyterian Church v. City of N.Y.,
    293 F.3d 570 (2d Cir. 2002)................................................................................10

Fulton v. City of Philadelphia,
    593 U.S. 522 (2021)..........................................................................................12

Furno v. N.Y.C. Police Dep't,
    Index No. 85021/2023
    (Sup. Ct. Richmond Cnty. 2025) ..................................................................... 11-12

Gardner-Alfred v. FRB of N.Y.,
    2023 U.S. Dist. LEXIS 171012
    (S.D.N.Y. 2023)...............................................................................................20

Garland v. N.Y.C. Fire Dep't,
    574 F. Supp. 3d 120 (E.D.N.Y. 2021) ........................................................3, 20, 21

Goolsby v. City of N.Y.,
    83 Misc. 3d 445
    (Sup. Ct. New York Cnty. 2024) ....................................................................15, 16

**Cases**                                                                                    **Pages**

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013).........................................................................8

Hunold v. City of N.Y.,
    2023 N.Y. Misc. LEXIS 7771
    (Sup. Ct. New York Cnty. 2023) ...............................................................20

Indig v. Pomona,
    2019 U.S. Dist. LEXIS 200934
    (S.D.N.Y. 2019)...........................................................................................10

Islam Chowdhury v. Dep't of Hous. Pres.,
    2025 U.S. Dist. LEXIS 40873
    (S.D.N.Y. 2025)...........................................................................................17

Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021) ...........................................1, 9, 12, 13, 18

Knight v. Conn. Dep't of Pub. Health,
    275 F.3d 156 (2d Cir. 2001).......................................................................17

L-7 Designs Inc. v. Old Navy, LLC,
    647 F.3d 419 (2d Cir. 2011).........................................................................5

Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
    198 N.Y.S.3d 78 (1st Dep't 2021),
    *lv appeal denied*, 42 N.Y.3d 905 (2024)...................................................2

Maiorino v. N.Y.C. Dep't of Sanitation,
    2025 U.S. Dist. LEXIS 203304
    (S.D.N.Y. Oct. 15, 2025) ...........................................................................11

Maniscalco v. N.Y.C. Dep't of Educ.,
    563 F. Supp. 3d 33 (E.D.N.Y. 2021) ........................................................22

Marciano v. De Blasio,
    589 F. Supp. 3d 426 (S.D.N.Y. 2022)........................................................20

Matter of Marsteller v. City of N.Y.,
    217 A.D.3d 543 (1st Dep't 2023),
    *lv rearg & lv appeal denied*,
    2023 N.Y. App. Div. LEXIS 7044 (2023).........................................2, 23

Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.,
    631 F.3d 57 (2d Cir. 2011)...........................................................................8

**Cases**                                                                                                    **Pages**

McCullen v. Coakley,
    573 U.S. 464 (2014).................................................................................................11

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013).....................................................................................22

Miller v. McDonald,
    130 F.4th 258 (2d Cir. 2025) ..................................................................................12

N.Y.S. Inspection, Sec. & L. Enf't Emps. v. Cuomo,
    64 N.Y.2d 233 (1984)..............................................................................................21

New Yorkers for Religious Liberty v. City of N.Y.,
    125. F.4th 319 (2d Cir. 2024) ....................................................................................9

Nieves v. N.Y.C. Police Dep't,
    2024 N.Y. Slip Op. 33476(U)
    (Sup. Ct. Kings Cnty. Sept. 30, 2024) .....................................................................16

O'Leary v. City of N.Y.,
    2024 U.S. Dist. LEXIS 164908
    (S.D.N.Y. Sept. 12, 2024)............................................................................ 12-13, 14

O'Reilly v. Bd. of Educ.,
    2022 N.Y. Misc. LEXIS 246
    (Sup. Ct. New York Cnty. 2022) .............................................................................20

Ortiz v. Pace Univ.,
    2025 U.S. Dist. LEXIS 3224
    (S.D.N.Y. 2025)...................................................................................................8, 22

Pentech Int'l, Inc. v. Wall St. Clearing Co.,
    983 F.2d 441 (2d Cir. 1993).....................................................................................16

Pierre v. Fire Dep't of the City of N.Y.,
    2023 N.Y. Misc. LEXIS 1272
    (Sup. Ct. New York Cnty. 2023) .............................................................................19

Rizzo v. N.Y.C. Dep't of Sanitation,
    No. 23-cv-7190 (JMF), 2024 U.S. Dist. LEXIS 116666
    (S.D.N.Y. July 2, 2024) .............................................................................................9

Roach v. N.Y.C. Hous. Auth.,
    2025 N.Y. Misc. LEXIS 2282
    (Sup. Ct. New York Cnty. Apr. 9, 2025) .............................................................15, 16

**Cases**                                                                                           **Pages**

Roman Cath. Diocese of Brooklyn v. Cuomo,
    141 S. Ct. 63 (2020)...................................................................................................10

Sacerdote v. N.Y. Univ.,
    9 F.4th 95 (2d Cir. 2021) ..........................................................................................13

Sherr v. Northport-East Northport Union Free Sch. Dist.,
    672 F. Supp. 81 (E.D.N.Y. 1987) ..............................................................................18

Matter of Shmuel G.,
    4 Misc. 3d 1002(A)
    (Fam. Ct. Kings Cnty. 2004).......................................................................................18

Smith v. New York City Fire Dep't,
    239 A.D.3d 870 (2d Dep't 2025).................................................................................24

United States v. Seeger,
    380 U.S. 163 (1965)...................................................................................................18

We the Patriots USA, Inc. v. Hochul,
    17 F.4th 266 (2d Cir. Nov. 4, 2021)......................................................................12, 14

Wong v. City of N.Y. & Parks & Recreation,
    2024 N.Y. Slip Op. 34031(U)
    (Sup. Ct. Kings Cnty. 2024)...................................................................................15, 16

**Statutes**

Fed. R. Civ. P. 12(b)(6)....................................................................................................2, 8

N.Y.C. Admin. Code § 8-107(31)(c)(3)(b)(i) ...............................................................23

N.Y. Exec. Law § 296(1)(a)...............................................................................................17

N.Y. Labor Law § 27-a ......................................................................................................21

## PRELIMINARY STATEMENT

Plaintiff, Vincent Maiorino ("Plaintiff"), a sanitation worker formerly employed by the New York City Department of Sanitation ("DSNY") brings this action against the City of New York ("City" or "Defendant"), alleging that in denying his request for a reasonable accommodation request ("RA Request") for a religious exemption to the COVID-19 vaccine mandate applicable to City employees ("Vaccine Mandate," or, "Mandate"), Defendant violated the New York State Human Rights Law and the New York City Human Rights Law ("SHRL," and, "CHRL," respectively). Furthermore, despite the Second Circuit's definitive position that the Vaccine Mandate "in all its iterations, is neutral and generally applicable," (see Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021)), Plaintiff also alleges that, through its "standards, policies, and procedures" for deciding religious accommodation requests, Defendant violated the Free Exercise Clause of the First Amendment to the United States Constitution.

Plaintiff commenced this action on January 4, 2025, against Defendants City of New York and the New York City Department of Sanitation. Defendants moved to dismiss the Complaint, and Plaintiff subsequently filed an Amended Complaint on April 9, 2025, which included a First Amendment Free Exercise Claim, failure to accommodate claims under the SHRL and CHRL, and a claim for failure to engage in a cooperative dialogue under the CHRL. Defendants moved to dismiss the Amended Complaint. Defendants' motion was granted, and the Amended Complaint was dismissed without prejudice. Plaintiff then filed his Second Amended Complaint on November 4, 2025.

The Second Amended Complaint must be dismissed in its entirety because Plaintiff fails to state a claim for any of the causes of action he asserts. Specifically, Plaintiff's failure to accommodate claims fail because, based on holdings from the New York State Appellate Division, First Department, Plaintiff should have challenged DSNY's and the Citywide Panel's denial of his

RA Request through an Article 78 proceeding within four months of those determinations. Additionally, Plaintiff fails to plausibly allege actual facts that demonstrate that he notified his employer of a sincerely-held religious belief that conflicted with the Vaccine Mandate. Second, Plaintiff's claim that Defendant failed to engage in the cooperative dialogue similarly fails, because, as has been noted by other courts in this circuit, "New York's appellate courts, in Marsteller[1] and Lynch[2], held that the systems operated by the NYPD and other City agencies satisfy the cooperative dialogue requirements of the []CHRL." See Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248, at *35 (S.D.N.Y. July 12, 2024). Finally, Plaintiff's Free Exercise claim fails because not only does Plaintiff allege facts that are facially untrue, but he also fails to demonstrate that the Vaccine Mandate or the "standards, policies and procedures" by which Defendant evaluated religious accommodation requests infringe on his right to freely exercise his religious beliefs. For these reasons, and as set forth more fully below, the Second Amended Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

### A. Background

On October 20, 2021, the former Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dave A. Chokshi, issued a Commissioner's Order ("COH Order") requiring all New York City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. by October 29, 2021 ("Vaccine Mandate"). On

---

[1] See Matter of Marsteller v. City of NY, 217 A.D.3d 543, 545 (1st Dep't 2023), lv rearg & lv appeal denied 2023 N.Y. App. Dix. LEXIS 7044 (2023).

[2] See Lynch v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 198 N.Y.S. 3d 78 (1st Dep't 2021), lv appeal denied 42 N.Y.3d 905 (2024).

February 9, 2023, the Board of Health ("BOH") amended the Vaccine Mandate, and in recognizing that 96% of City workers and 90% of New York City residents had "completed a primary series of vaccination," BOH repealed the requirement that City employees be excluded from their work premises if they did not demonstrate proof of COVID-19 vaccination.

The Vaccine Mandate created a condition of employment for City employees, including Plaintiff, to be vaccinated. On this point, the law is clear. Courts in this circuit have unequivocally held that the Vaccine Mandate is a "condition of employment" for City employees such as Plaintiff. See Garland v. N.Y. City Fire Dep't, 574 F. Supp. 3d 120, 129 (E.D.N.Y. 2021); see also Broecker v. N.Y.C. Dep't of Educ., 585 F. Supp. 3d 299, 318 (E.D.N.Y. 2022). The law of this case – as well as holdings in similar cases brought in the Southern District of New York and New York Supreme Court – is likewise clear that because vaccination against COVID-19 is a condition of employment, non-compliant employees can be terminated based on their failure to satisfy this condition.

## B. The City's Reasonable Accommodation Process

In response to the COH Order, the City established additional procedures specific to requests for vaccination-related accommodations in an effort to address the anticipated increase in accommodation requests. One day after the issuance of the Vaccine Mandate, on October 21, 2021, the Department of Citywide Administrative Services ("DCAS") issued guidance with respect to the vaccination requirement, which included the "FAQ on New York City Employees Vaccine Mandate," and a document entitled "Applying for a Reasonable Accommodation from the            Covid-19            Vaccine            Mandate."            See https://www1.nyc.gov/assets/dcas/downloads/pdf/guidelines/vaccine-reasonableaccommodation-process.pdf (last accessed Jan 7, 2026). These documents laid out the guidelines for seeking an exemption from the Vaccine Mandate through a reasonable accommodation request. According to

these guidelines, the deadline to submit an RA Request was October 27, 2021. Id. Any City employee who was denied a reasonable accommodation by their agency had the right to appeal that denial. Id. All appeals were reviewed by the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel"). The Citywide Panel was created specifically in response to the DOHMH Order to consider appeals filed by employees whose accommodation requests had been denied by their respective agency. Alternatively, some City employees' collective bargaining agreements also provided alternate appeal options that would allow their appeal to be heard by an arbitrator. Id.

### C. Plaintiff's Allegations in the Second Amended Complaint

Plaintiff was a Sanitation Worker employed by DSNY and the City of New York. See Second Amended Complaint ("SAC") ¶18. Plaintiff alleges he "was a dedicated public servant for over fifteen years" a senior employee in his district. Id. ¶¶20, 21. Plaintiff also alleges that he was an "essential worker" who "worked throughout the COVID-19 pandemic [in] person, for approximately two years." Id. ¶32. Plaintiff alleges that he is a practicing Catholic, and that he "refuses all vaccinations based on his sincerely held Catholic religious beliefs." Id. ¶¶22, 24. Plaintiff further alleges that he "refuses COVID-19 vaccines in particular because he believes that they go against his conscience." Id. ¶25. Plaintiff alleges that "the dictates of conscience" are "recognized by the Catholic Church as the voice of God speaking to the individual soul." Id. ¶27.

On November 4, 2021, Plaintiff alleges that he submitted a formal request to DSNY for a religious accommodation to the COVID-19 vaccine mandate. Id. ¶65. Plaintiff alleges that he "was actively working during the period when requests for reasonable accommodation[s] to the October 20, 2021 Commissioner's Order were due," and that he "was never advised by his superiors or any agency representative that he had the right to apply for a religious accommodation to the COVID-19 vaccine mandate while working his day shift." Id. ¶¶56, 58. Plaintiff alleges that

4

his November 4, 2021, exemption request to DSNY stated in part that his is "a member of a recognized religious organization, and that the immunizations required by DSNY are contrary to my religious tenets and practices." Id. ¶63.

On November 20, 2021, Plaintiff alleges that DSNY denied his exemption request. Id. ¶73. Plaintiff alleges that he timely appealed this denial, submitting an appeal to the Citywide Panel. Id. ¶131. In support of his appeal, Plaintiff alleges that he "informed DSNY that [he] is Catholic and that he was refusing the COVID-19 vaccine based on his sincerely held religious belief opposing the use of vaccines developed or produced using human cell lines from abortion." Id. ¶144. Plaintiff also alleges that his "attorney submitted an appellate brief to DSNY's EEO Office (through their e-mail address designated for Vaccine Mandate appeals) in support of Plaintiff's appeal" which "included a comprehensive written statement from Plaintiff further articulating the nature and basis of his sincerely held religious beliefs and how they directly conflicted with compliance with the Vaccine Mandate." Id. ¶148-49; see also id. ¶154. Plaintiff alleges that DSNY confirmed receipt of these additional documents and "reviewed these appeal documents before decision on Plaintiff's appeal." Id. ¶¶155, 157.

On January 4, 2022, Plaintiff alleges that he was notified by DCAS that the Citywide Panel denied his appeal. Id. ¶268. Plaintiff alleges there was "no reasoning provided for the denial," but that his appeal was denied because it "Does Not Meet Criteria." Id. ¶269. Plaintiff alleges that he was terminated on February 11, 2022. Id. ¶286.

**D.  Plaintiff's Reasonable Accommodation Request and Appeal to the Citywide Panel[3]**

---

[3] Plaintiff's Reasonable Accommodation Request and Appeal documents may be incorporated by reference.  See L-7 Designs Inc. v. Old Navy, LLC, 647 F.3d 419 (2d Cir. 2011) (citations omitted) ("A complaint is deemed to include … materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.").

On November 4, 2021, well beyond the October 27, 2021, deadline by which City employees were required to submit any requests for reasonable accommodations to the Vaccine Mandate, Plaintiff submitted a fill-in-the-blank form entitled, "Affidavit of Vaccine Exemption on Religious Grounds for City Employees." See Plaintiff's Reasonable Accommodation Request dated November 4, 2021, annexed to the Declaration of Brigid Lynn ("Lynn Decl.) as Exh. A.  The document states Plaintiff "affirm[s] that [he is] a member of a recognized religious organization, and that the immunizations required by (Governing Authority Name) DSNY are contrary to [his] religious tenets and practices." Id.  Notably, nowhere in the document does Plaintiff articulate his religious beliefs or explain that, or even how, his purported "religious tenets and practices" conflict with the Vaccine Mandate.  Instead, the form only references provisions of law. Id.  On November 18, 2021, DSNY denied Plaintiff's RA Request, and in doing so, advised him that, "[b]ecause [his] request for an accommodation was submitted after November 2, 2021, [he was to be] placed in Leave Without Pay Status effective Wednesday, November 24, 2021, unless you submit proof of receipt of a COVID-19 vaccine before this date." See DSNY Communication to Plaintiff Denying RA Request, annexed to the Lynn Decl. as Exh. B.

On November 19, 2021, Plaintiff appealed the DSNY's denial of his RA Request. Plaintiff's appeal was comprised of an email and his certificate of baptism from 1965. See Plaintiff Appeal Email, dated November 19, 2021, annexed to the Lynn Decl. as Exh. C ("Appeal Email"). In his Appeal Email, Plaintiff did not articulate his religious beliefs, nor did he explain how his religious beliefs conflicted with the Vaccine Mandate.  Rather, Plaintiff's Appeal Email explained, in part, that "the Catholic Church does not prohibit the use of vaccines in principle" and that its "teachings do provide a principled religious basis on which a Catholic may determine that he or

she ought to refuse certain vaccines." Id.  Plaintiff's email stated that "[i]t is permissible to use such vaccines only under certain case specific conditions, based on a judgment of conscience." Id.

On December 21, 2021, Plaintiff submitted what appears to be a legal brief written by attorney Jeannette Poyerd-Loiacono ("Appeals Brief"). See Email from Poyerd-Loiacono dated Dec. 21, 2021 with Appeals Brief, annexed to the Lynn Decl. as Exh. D.  Attached as an exhibit to this Appeals Brief was a "Supplemental Request for Religious Accommodation" in support of Plaintiff's appeal. Id. at 41-53. This supplemental letter explains how Plaintiff purportedly "researched and investigated vaccines with a new perspective, one through the lens of the word of God," and "realized that they conflict with the tenets of [his] faith." See Lynn Decl., Exh. D; see also SAC ¶154. The letter also states that, "vaccines are unholy" and that Plaintiff must "abstain[] from injecting vaccines into [his] body, as the vaccines are unclean and impure according to God's word." Id. Additionally, this letter states that "[a]ccording to the CDC website, vaccines have been manufactured, produced, and contain fetal cell lines from aborted babies, neurotoxins, hazardous substances, attenuated viruses, animal cells, foreign DNA, albumin from human blood, carcinogens, and chemical wastes," and that "consuming them is in direct contradiction to my religious beliefs to keep my temple holy, clean and pure." Id.

In his supplemental letter, Plaintiff also states that the "most horrifying discovery [he] made was that the vaccines not only contain impure additives that the Scripture teaches [him he] must avoid, but the vaccines are also produced, manufactured and contain the fetal cell lines from aborted babies." Id. The letter states that "[c]onsuming a vaccine that has been made from the degradation of the sanctity of another life goes against [his] personal religious beliefs and [his] conscience," and that receiving "these vaccines" is a violation "of God's order in these three ways: By participating in the actual murder of a human being. I am complicit in the heinous business of

7

trafficking and marketing the remains of aborted children, and I am disregarding the way that God made me." <u>Id</u>. Additionally, the letter states his belief that since his conscience tells him to refuse COVID-19 vaccines, then he is required by God to refuse them, and that his conscience came to the "sure judgment not to get the shot." <u>Id</u>. The letter further states that "[t]he Catholic Church has been also very clear that getting a vaccination or any medical procedure is not a moral obligation and the decision to do so must be voluntary" and that "mandates are in violation of Scripture and God's law because it take the obligatory choice from God's creation." <u>Id</u>.

On January 5, 2022, Plaintiff was advised by email that his Appeal was denied. <u>See</u> SAC ¶283; <u>see also</u> Appeal Denial Email dated January 5, 2022, annexed to the Lynn Decl. as Exh. E. On February 11, 2022, DSNY terminated Plaintiff's employment due to his failure to comply with the Vaccine Mandate.

## **ARGUMENT**

### **POINT I**

### **THE VACCINE MANDATE AND THE CITY'S ACCOMMODATION PROCESS DO NOT INFRINGE ON PLAINTIFF'S RIGHT TO FREELY EXERCISE HIS RELIGIOUS BELIEFS**

#### **A. Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Hogan v. Fischer</u>, 738 F.3d 509, 514 (2d Cir. 2013) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>See</u> <u>Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.</u>, 631 F.3d 57, 63 (2d Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 678) (internal quotation omitted). Thus, the pleading standard "requires

more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); Ortiz v. Pace Univ., 2025 U.S. Dist. LEXIS 3224, *3 (S.D.N.Y. 2025) ("[a] complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal) (quoting Twombly, 550 U.S. 544, 555, 557)).

**B.  The Second Circuit Has Conclusively Determined That the Vaccine Mandate is Facially Neutral and Generally Applicable.**

Plaintiff's only federal claim is brought under the First Amendment's Free Exercise Clause. See SAC ¶¶456-531. Plaintiff predicates this cause of action on his conclusory claim that the "standards, policies, and procedures governing the religious accommodation process adopted by Defendant for evaluating religious accommodation requests were neither neutral nor generally applicable." Id. ¶481. In support of this claim, Plaintiff makes a number of knowingly false claims which have been explicitly rejected in deposition testimony taken by Plaintiff's counsel in a separate matter and in documentary evidence in Plaintiff's counsel's possession.[4]

---

[4] In support of Plaintiff's Free Exercise Claim, the Second Amended Complaint contains knowingly false allegations that are controverted by sworn testimony and documentary evidence. Specifically, Plaintiff makes the knowingly falsely allegation that (1) Catholic employees were categorically denied religious exemptions from the Vaccine Mandate or were automatically ineligible for an exemption (see SAC ¶¶173, 214, 217, 229, 233, 234, 236, 259); (2) Catholic employees were denied religious exemptions to the Vaccine Mandate because of public statements made by the Pope (see id. ¶¶85, 165, 172, 174, 214, 248, 260, 483, 488); and (3) the City only granted religious exemption requests for City employees who were members of certain religious sects or organizations with longstanding objections to vaccination (see id. ¶¶257, 263, 499, 503). For the Court's review of the aforementioned deposition testimony concerning the claims Plaintiff alleges here, and in an effort to demonstrate to the Court the false nature of Plaintiff's allegations, Defendant appends relevant testimony from the 30(b)(6) deposition of Eric Eichenholtz, taken by Plaintiff's counsel in Rizzo v. City of New York, No. 23-cv-7190 (JMF), to the Lynn Declaration as Exhibit F.

The Second Circuit Court of Appeals has already held that the Vaccine Mandate is neutral and generally applicable. Kane v. De Blasio, 19 F.4th, 152, 164 (2d Cir. 2021) (finding the Vaccine Mandate neutral on its face because it applied equally to all employees); see also New Yorkers for Religious Liberty, 125. F.4th 319 (2d. Cir. 2024). It is "not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." See Indig v. Pomona, 2019 U.S. Dist. LEXIS 200934, *22 (S.D.N.Y. 2019) (citing Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY, 280 F. Supp. 3d 426, 482 (S.D.N.Y. 2017), Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002)).

Further, "the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)." Employment Div. v. Smith, 494 U.S. 872, 879 (1990). Therefore, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement." Fifth Ave. Presbyterian Church, 293 F.3d at 574; see also Smith, 494 U.S. at 879. Certainly, the City had a rational basis for enforcing the Vaccine Mandate in order to stem the spread of COVID-19 among City employees. See Ferrelli v. State Unified Court Sys., 2022 U.S. Dist. LEXIS 39929, *25 (N.D.N.Y. Mar. 7, 2022) (citing Roman Cath. Diocese of Brooklyn, 141 S. Ct. 63, 67 (2020); Ass'n of Jewish Camp Operators v. Cuomo, 470 F. Supp. 3d 197, 224 (N.D.N.Y. 2020)).

1. **The City's "Standards, Policies, and Procedures" For Evaluating Religious Accommodation Requests to the Vaccine Mandate Are Neutral and Generally Applicable.**

Plaintiff argues that the City's standards, policies, and procedures are not neutral and generally applicable, and that they are, therefore, subject to strict scrutiny. This argument fails. In support of this argument, Plaintiff makes several allegations which have been explicitly rejected by deposition testimony given by city officials in matters brought by the same counsel representing Plaintiff here. See Lynn Decl., Exhibit F. Specifically, Plaintiff alleges that Defendant's policy required Catholic employees to demonstrate agreement with the Pope's stance on vaccination; required submission of a clergy letter; and evaluated the "veracity" or "accuracy" of an applicant's religious beliefs rather than assessing whether the beliefs are sincerely held. See SAC ¶483. Plaintiff also alleges that it "was the policy and practice of the Defendant to deny requests if the applicant's opposition to vaccination was not 'required' by his religion, or where other members of the faith did not oppose the vaccine," and that it under the City's policies, "Catholics were categorically disqualified from receiving a religious accommodation because their beliefs diverged from the Pope's official position." Id. ¶173. These allegations regarding the City's "standards, policies, and procedures" are knowingly false, and Plaintiff cannot plausibly allege that it was Defendant's policy to deny religious accommodation requests on these grounds.

To the extent Plaintiff conflates the City's standards, policies, and procedures for reviewing religious accommodation requests with those used by Scheinman Arbitration & Mediation Services ("SAMS") under "Option 2," this argument is baseless. See SAC ¶¶80-87. Plaintiff does not allege that he appealed the denial of his RA request pursuant to Option 2. See SAC ¶131. "[A] plaintiff generally cannot prevail on an *as applied* challenge without showing that the law has in fact been (or is sufficiently likely to be) *applied* to him." Maiorino v. N.Y.C. Dep't of Sanitation, 2025 U.S. Dist. LEXIS 203304, at *27 (S.D.N.Y. Oct. 15, 2025) (quoting McCullen v. Coakley, 573 U.S. 464, 485 (2014)). The fact that SAMS utilized a particular standard under

Option 2 has no bearing on whether that same standard was used by the Citywide Panel in deciding Plaintiff's appeal, which was submitted under Option 1. See id. at *28.

Furthermore, to the extent Plaintiff claims that the City "openly defended its continued policy of denying Catholic employee's accommodation requests based upon the Pope's opinion of the COVID-19 vaccine," through a legal argument made in Furno v. New York City Police Dep't, Index No.: 85021/2023, NYSCEF Doc. No. 31, this argument also fails. See SAC 266. The legal argument that made by the City in Furno does not demonstrate that Plaintiff's RA request was denied based on statements by the Pope, or that it was the City's policy to deny RA requests on that basis. Plaintiff also does not, and cannot, allege that the attorney who made that legal argument in Furno ever evaluated Plaintiff's RA request or his appeal to the Citywide Panel.

### a. Neutrality

Although the Vaccine Mandate itself has already been upheld as neutral, Plaintiff argues that the "standards, policies, and procedures governing the religious accommodation process" were not neutral. To succeed past the motion to dismiss stage, Plaintiff must plausibly allege that the Mandate was not applied neutrally to him. See O'Leary v. City of New York, 2024 U.S. Dist. LEXIS 164908, at *18 (S.D.N.Y. Sep. 12, 2024). A defendant "fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature." Miller v. McDonald, 130 F.4th 258, 265-66 (2d Cir. 2025) (citing Fulton v. City of Philadelphia, 593 U.S. 522, 533 (2021)). Further, it is not enough for a law to simply affect religious practice; rather, the law of the process of its enactment must demonstrate hostility to religion. Id. at 266 (citing We the Patriots, 76 F.4th at 145). When the government demonstrates hostility, animosity, distrust, or a negative normative evaluation of religious beliefs, it violates the neutrality prong of Smith, subjecting its action to strict scrutiny. See Chinchilla (citing We the Patriots USA, Inc., 76 F.4th at 149).

In contrast to the "exceedingly narrow" set of facts in Kane v. De Blasio, 19 F.4th at 167, where the "arbitration award procedures likely violated the First Amendment as applied" to plaintiffs, **this** Plaintiff fails to plausibly allege that his religious beliefs "were . . . evaluated for their objective validity by comparison to those of other members of his faith" or against someone else's publicly expressed religious views, or that it was Defendant's policy or practice to do so. See O'Leary, 2024 U.S. Dist. LEXIS 164908, *16 (S.D.N.Y. Sept. 12, 2024) (citing Chinchilla, 2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. July 12, 2024)).

In O'Leary, where the plaintiff's RA request was denied because his employer determined it was "not based on a sincerely held religious, moral, or ethical belief," the court rejected plaintiff's argument that his RA request was denied because of "the religious beliefs of another individual or religious leader." Id. The court found that "[a]ny suggestion by plaintiff that the Citywide Panel rejected his claim because he did not produce 'an authoritative document[] from a religious organization' presupposes a level of studied ignorance or defiance to Kane's teachings." Id. at *17. Here, Plaintiff alleges that his RA request was denied because it "does not meet criteria." See SAC ¶269. Any suggestion by Plaintiff that the Citywide Panel denied his appeal because Pope Francis publicly supported vaccination, because Plaintiff is Catholic, or because Plaintiff is not a member of a particular religious group is entirely baseless, speculative, and "presupposes a level of studied ignorance and defiance to Kane's teachings." See O'Leary, 2024 U.S. Dist. LEXIS 164908, *17.

Furthermore, Plaintiff makes nothing more than conclusory allegations regarding any discriminatory motive by Defendant, which is insufficient to survive a motion to dismiss. See O'Leary, 2024 U.S. Dist. LEXIS 164908, *18 (citing Iqbal, 556 U.S. at 681; Sacerdote v. N.Y. Univ., 9 F.4th 95, 107 (2d Cir. 2021); Bonilla v. City of New York, 2023 U.S. Dist. LEXIS 215081,

at *12-13 (S.D.N.Y. Dec. 4, 2023)). Plaintiff alleges that Defendant is "hostile to Plaintiff's religious beliefs because Plaintiff is not a member of one of the Defendant's 'preferred sects'" and that "Defendant demonstrated a hostility to Plaintiff's religious practices and beliefs." See SAC ¶¶498, 500. Essentially, Plaintiff alleges that Defendant discriminated against him by denying his RA Request and appeal. This is insufficient. See Bonilla, 2023 U.S. Dist. LEXIS 215081, at *12-13; see also Chinchilla, 2024 U.S. Dist. LEXIS 123246 at *17. Further, to the extent Plaintiff alleges Defendant's "standards, policies, and procedures" discriminated against Catholics by "automatically" or "categorically" denying their RA requests, this allegation is entirely untrue and without merit as Plaintiff is well aware that this was not the City's policy.[5]

### b. General Applicability

Plaintiff also does not plausibly allege that Defendant's "standards, policies, and procedures" for deciding religious accommodation requests was not generally applicable. Plaintiff alleges that the "Defendant's employees charged with reviewing and deciding requests for religious accommodations had total discretion over whether to grant those requests" and that "[s]ometimes those decision makers strictly adhered to the standards, policies, and procedures." SAC ¶¶205-06. This allegation is speculative and, frankly, baseless. "The 'mere existence of an exemption procedure, absent any showing that secularly motivated conduct could be impermissibly favored over religiously motivated conduct, is not enough to render a law not generally applicable.'" O'Leary, 2024 U.S. Dist. LEXIS 164908, at *19 (quoting We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 288-89 (2d Cir. Nov. 4, 2021)).

As the Court held in Ferrelli v. State Unified Ct. Sys., "a mandate is not individualized merely because it includes express exceptions, rather, to demonstrate that a law is

---

[5] See Deposition of Eric Eichenholtz, Lynn Decl., Exh. F at 99:12-25-100:1-11.

not generally applicable 'there must be some showing that the exemption procedures allow secularly motivated conduct to be favored over religiously motivated conduct'." <u>See</u> 2022 U.S. Dist. LEXIS 39929, *17-18 (N.D.N.Y. Mar. 7, 2022) (internal citations omitted). Here, Plaintiff does not allege that secularly motivated conduct is favored over religiously motivated conduct. <u>See</u> <u>id</u>. The only secular exemptions to the Vaccine Mandate were medical exemptions. Therefore, Defendant's "standards, policies, and procedures" are generally applicable.

### c. Rational Basis Review

Because Plaintiff does not plausibly allege that the standards, policies, and procedures used to evaluate religious accommodation requests, are not neutral and generally applicable, rational basis review applies. <u>See</u> <u>O'Leary</u>, 2024 U.S. Dist. LEXIS 164908, *20. Under rational basis review, Defendant's decision to not grant Plaintiff's exemption request passes constitutional muster. <u>See</u> <u>Chinchilla</u>, 2024 U.S. Dist. LEXIS 123246 at *17. During a pandemic when COVID-19 transmission rates were high and when the City sought to protect its workforce, Defendant had a rational basis for not granting Plaintiff's request for an exemption.  Accordingly, Plaintiff's free exercise claim fails and must be dismissed.

### POINT II

**PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIMS SHOULD HAVE BEEN BROUGHT AS AN ARTICLE 78 WITHIN FOUR MONTHS OF THE CITYWIDE PANEL'S DENIAL AND IS NOW UNTIMELY**

The denial of Plaintiff's exemption request, either initially by DSNY or on appeal by the Citywide Panel, was an administrative determination that Plaintiff was required to challenge through an Article 78 proceeding. <u>See</u> <u>Campagna v. N.Y.C. Police Dept.</u>, 231 A.D.3d 531 (App. Div. 1st Dept. 2024) (reversing preliminary injunction because plaintiff could not demonstrate a likelihood of success when "he failed to challenge the termination" of his employment, based on

his "noncompliance with the vaccine mandate," in a timely Article 78 proceeding); Roach v. N.Y.C. Hous. Auth., 2025 N.Y. Misc. LEXIS 2282, at *3 (Sup. Ct. N.Y. Cnty. Apr. 9, 2025) ("Plaintiff's disagreement with NYCHA's administrative decision to refuse him a COVID-19 vaccine exemption" had to be brought in an Article 78 proceeding); Goolsby v. City of N.Y., 83 Misc. 3d 445, 454 (Sup. Ct. N.Y. Cnty. 2024) (plaintiff's challenge to denial of vaccine exemption request had to be pursued in an Article 78 proceeding); Wong v. City of N.Y. & Parks & Recreation, 2024 N.Y. Slip Op. 34031(U), at *4 (Sup. Ct. Kings Cty. 2024) (same).[6]

The statute of limitations to bring an Article 78 proceeding is four months from the date the challenged decision becomes final. See Roach, 2025 N.Y. Misc. LEXIS 2282, at *3; Goolsby, 83 Misc. 3d at 454; Wong, 2024 N.Y. Slip Op. 34031(U), at *3. Plaintiff alleges that on or about November 20, 2021, DSNY denied his RA request, and that on January 4, 2022, he was notified that the Citywide Panel denied his appeal. SAC ¶73, 268. Plaintiff did not commence this action until January 4, 2025, three years after the Citywide Panel denied his appeal. See ECF Dkt. No. 1. Plaintiff's claims are, therefore, time-barred and must be dismissed.

The fact that Plaintiff characterized these claims as failure to accommodate claims does not change the result. See Roach, 2025 N.Y. Misc. LEXIS 2282, at *4 ("Plaintiff cannot avoid the time limitation to initiate an Article 78 proceeding by reframing his claims" as violations of the SHRL and CHRL); Wong, 2024 N.Y. Slip Op. 34031(U), at *4 ("Although plaintiff frames

---

[6] The City is aware that Farrell v. City of N.Y., 2024 U.S. Dist. LEXIS 146937, at *6-10 (S.D.N.Y. Aug. 16, 2024), and Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248, at *29-32 (S.D.N.Y. July 12, 2024), have found to the contrary. However, these decisions should not be followed because they conflict with the majority of the New York State courts that have addressed the issue, including the New York First Department's decision in Campagna, 231 A.D.3d 531. See Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199-200 (2d Cir. 2005) ("As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts.") (quoting Pentech Int'l, Inc. v. Wall St. Clearing Co., 983 F.2d 441, 445 (2d Cir. 1993)).

this action as a religious discrimination lawsuit under the [CHRL], the crux of his . . . challenge . . . stripped of all artifice squarely fits the parameters of a CPLR Article 78 proceeding . . . .”). The crux of Plaintiff's failure to accommodate claims is a challenge of the denial of his RA request and subsequent appeal. See SAC ¶¶337-338; 387-88. Because Plaintiff is essentially challenging these denials, these administrative determinations were required to be challenged through an Article 78 petition and is now time-barred. See e.g., Almodovar v. City of New York, 2024 NY Slip Op 50475(U) (Sup Ct. NY Cnty. Apr. 25, 2024); Nieves v. New York City Police Dept., 2024 NY Slip Op 33476(U), *4, (Sup Ct. Kings Cnty. Sept. 30, 2024); Goolsby v. City of New York, 83 Misc. 3d 445, 453 (Sup Ct. NY Cnty. 2024). Because Plaintiff's claims should have been brought as an Article 78 proceeding, and because he did not bring this action within four months of the challenged administrative determination, his failure to accommodate claims are time barred and should be dismissed.

## POINT III

## PLAINTIFF FAILS TO STATE A FAILURE TO ACCOMMODATE CLAIM UNDER THE SHRL

Notwithstanding the fact that this claim should have been pursued as an Article 78 proceeding within four months of the denial, this claim is subject to dismissal because Plaintiff fails to state a claim. The SHRL provides that "it shall be an unlawful discriminatory practice for any employer […] to impose upon a person as a condition of […] retaining employment […] any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion, […] unless, after engaging in a bona fide effort, the employer demonstrates that it is unable to reasonably accommodate the employee's or prospective employee's sincerely held religious observance or practice without undue hardship on the conduct of the employer's business." N.Y. Exec. Law § 296(1)(a).

"A plaintiff establishes a prima facie case of religious discrimination under a failure to accommodate theory by demonstrating that: (1) he has a bona fide religious belief conflicting with an employment requirement (2) he informed his employer of this belief, and (3) he was disciplined for failing to comply with the employment requirement." Islam Chowdhury v. Dep't of Hous. Pres., 2025 U.S. Dist. LEXIS 40873, *18-19 (S.D.N.Y. 2025) (quoting Cagle v. Weill Cornell Medicine, 680 F. Supp. 3d 428, 435 (S.D.N.Y. 2023); Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 167 (2d Cir. 2001). If the prima facie case is shown, "the burden then shifts to the employer to show that it could not accommodate the employees' religious beliefs without undue hardship." Id. An accommodation is said to cause an undue hardship whenever it results in more than a de minimis cost to the employer. Dennison v. Bon Secours Charity Health Sys. Med. Group, P.C., 2023 U.S. Dist. LEXIS 84888, at *12 (S.D.N.Y. May 15, 2023) (internal citations omitted). While a plaintiff need not establish a prima facie case at the pleading stage, a plaintiff must "set forth factual circumstances from which discriminatory motivation can be inferred, which may include facts suggesting preferential treatment given to similarly situated individuals, or remarks that convey discriminatory animus." Algarin v. City of New York, 2012 U.S. Dist. LEXIS 146190, *2 (S.D.N.Y. Oct. 10, 2012) (emphasis added).

## A. Plaintiff Has Not Demonstrated That He Has a Sincerely Held Religious Belief that Conflicted With the Vaccine Mandate.

Evaluating whether a religious belief is sincere is a threshold question of fact that "must be resolved in every case." United States v. Seeger, 380 U.S. 163, 185 (1965); Kane, 19 F.4th at 442. It is not sufficient for Plaintiff to merely state that the beliefs he asserts are religious in nature. Rather, a plaintiff must demonstrate that his "espoused beliefs […] do in fact stem from religious convictions and have not merely been framed in terms of religious belief[s] so as to gain the legal remedy desired." Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F Supp

81, 94 (E.D.N.Y. 1987). This is because "medical, health related or purely moral considerations, scientific or secular theories, or philosophical and personal beliefs" are not sincerely held religious beliefs. <u>Matter of Shmuel G.</u>, 4 Misc. 3d 1002(A), at 3 (Fam. Ct., Kings Co. 2004) (internal citations omitted).

      In the Second Amended Complaint, Plaintiff claims that as a Roman Catholic, he is "require[d] […] to refuse the COVID-19 vaccine because, among other religious reasons, they are produced, developed, and/or tested with aborted fetal cell lines." SAC ¶8. As an initial matter, and as set forth above, Plaintiff did not articulate any such beliefs to DSNY in his RA Request. Though, in his Email Appeal, Plaintiff states, "there is a general moral duty to refuse the use of medical products, including certain vaccines, that are produced using human cells lines derived from direct abortions," Plaintiff gave no indication in the documents submitted to his employer that this purported moral duty has anything to do with a religious belief, nor that he did, in fact, refuse other such "medical products," and how his purported belief conflicted with the Vaccine Mandate. <u>See</u> <u>id</u>. ¶143; Lynn Decl., Exh. A.

      Furthermore, Plaintiff's purported opinions about the alleged use of "cells lines derived from direct abortions" reflect only personal preferences, and pursuant to the EEOC's Guidance, "objections to COVID-19 vaccination that are based on social, political, or personal preferences, or on nonreligious concerns about the possible effects of the vaccine, do not qualify as 'religious beliefs.'" <u>See</u> <u>https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L.%20[*11</u> (last accessed Jan. 7, 2026).

      Courts have also held that such preferences are not connected to religious beliefs. <u>See</u> <u>Pierre v. Fire Dept. of the City of N.Y.</u>, (Art. 78), 2023 N.Y. Misc. LEXIS 1272, *6-7 (Sup. Ct. N.Y. Cnty. 2023) (Art. 78 petition denied where the petitioner objected to a vaccine "that has

used stem cells from fetuses […] without any connection to a sincerely held religious belief" because the "request was based on [the petitioner's] personal preferences"); <u>Bath v. Fire Dept. of the City of N.Y.</u>, 2023 N.Y. Misc. LEXIS 2744 (Sup. Ct. N.Y. Cnty. 2023). Moreover, Plaintiff's professed objections appear to be stock language that is easily found on the internet. <u>See</u> "Vaccine Exemption Template Letter," located at <u>https://www.ncbcenter.org/ncbc-news/vaccineletter</u> (last accessed Jan. 8, 2026), which is, notably, identical to the language Plaintiff used in his Email Appeal. <u>See</u> Exh. C. And courts in New York have held that where an individual seeking an exemption to an employer's vaccination requirement fails to provide a cogent explanation why their purported religion conflicted with vaccination, and their contentions regarding vaccination appear to be largely stock language derived from publicly available resources, the employer did not err in denying that request. <u>See</u>, e.g., <u>Gardner-Alfred v. FRB of N.Y.</u>, 2023 U.S. Dist. LEXIS 171012 (S.D.N.Y. 2023); <u>Hunold v. City of NY</u>, 2023 N.Y. Misc. LEXIS 7771 (Sup. Ct. N.Y. Cnty. 2023).

**B.  Plaintiff Was Not Disciplined**

   Plaintiff was not subjected to the DSNY's disciplinary procedures when he was facing termination due to his refusal to comply with the Vaccine Mandate. Courts have consistently held that during COVID-19 public health emergency, when the various levels of government were seeking to mitigate the virus's impact, getting vaccinated was a proper "condition of [Plaintiff's] employment," and since it had nothing to do with Plaintiff's job performance, misconduct, or competency, the Vaccine Mandate did not implicate disciplinary procedures. <u>See</u> <u>Garland v. New York City Fire Dep't</u>, 574 F. Supp. 3d 120, 128 (E.D.N.Y. 2021); <u>Broecker v. NY City Dept. of Educ.</u>, 585 F Supp 3d 299, 314 (E.D.N.Y. 2022) (the Vaccine Mandate is a lawful condition of employment); <u>Marciano</u>, 589 F. Supp. 3d at 426 (S.D.N.Y. 2022) (where, in dismissing NYPD employee's claim that he had been disciplined for failing to be vaccinated, the court held that the

Vaccine Mandate created a condition of the plaintiff's employment, and that his termination based on his failure to meet that condition did not implicate applicable statutory or NYPD disciplinary procedures); O'Reilly v. Bd. of Ed., 2022 N.Y. Misc. LEXIS 246 (Sup. Ct. N.Y. Cnty. 2022) (court determined that employment action taken by DOE was "not discipline but instead was merely a response to petitioner's refusal to comply with a condition of employment."); Matter of Clarke v. Bd. Of Educ. of the City School Dist. of the City of N.Y., 213 A.D.3d 548, 550 (1st Dep't 2023) (Court held that "... placement on leave for failure to prove vaccination, a condition of employment, is 'unrelated to job performance, misconduct or competency' and does not constitute 'teacher discipline'.").

Here, Plaintiff failed to satisfy a condition of his employment by refusing to get vaccinated, and faced termination not because he was disciplined, but because he was no longer qualified for his position with DSNY. See Garland, 574 F. Supp. 3d 128 ("the termination of a public employee based on the employee's failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency does not implicate the disciplinary procedures.").

## C. It Would Be An Undue Burden To Allow Plaintiff To Continue Working While Unvaccinated

Plaintiff, absent any indication of why, makes the conclusory claim that "Defendant cannot demonstrate undue hardship." SAC at ¶49. Contrary to Plaintiff's assertions, the requested accommodation would require Defendant permit him to potentially expose other DSNY employees and the public to a life-threatening virus, all which would pose an undue burden to Defendants. See Algarin v. NYC Health + Hosp. Corp., 678 F. Supp. 3d 497, 511 (S.D.N.Y. 2023) (internal citations omitted). The City, as a government employer, has a duty to maintain a safe workplace, and the decision of how to do it best is within its discretion as the municipal employer. See N.Y. Labor Law § 27-a.; see also N.Y. State Inspection, Sec. & L. Enf't Emps. v. Cuomo, 64 N.Y.2d

233, 237- 40 (1984). Given the public health emergency posed by COVID-19, the City promulgated the entirely lawful and rational Vaccine Mandate, and Defendant could not permit unvaccinated employees, absent accommodation required by law, to perform work for the City.

Plaintiff himself alleges that he was an essential worker. SAC ¶32. As such, Plaintiff was required to work in person, during alleged "twelve-hour shifts multiple days a week," surrounded by his colleagues as well as by the public citizens of the City of New York. See id. ¶399. As such, in light of City's duty to keep its employees and the public safe at the height of COVID-19 pandemic, when the viral transmission rates were high, it would have been an undue burden to allow Plaintiff to continue performing his duties, alongside other essential-worker DSNY employees, without being vaccinated. See Maniscalco v. N.Y. City Dept. of Educ., 563 F. Supp. 3d 33, 39-40 (E.D.N.Y. 2021).

Plaintiff's argument that there was no undue hardship to Defendants in light of "other DSNY employees" being permitted to submit weekly testing is unavailing. See SAC ¶330. Plaintiff provides no information about these purported "other" DSNY employees whom he alleges were accommodated, such as the "other DSNY employees'" names, civil service titles, the specific facilities or units in which they worked, in what manner they were treated differently than Plaintiff, or the exact basis for their accommodation requests, such as their specific religious objections to the COVID-19 vaccine.

## POINT IV

### PLAINTIFF'S   CHRL   FAILURE   TO ACCOMMODATE CLAIM FAILS

Plaintiff's CHRL failure to accommodate claim similarly fails. Claims under the CHRL must be evaluated independently and with its provisions construed broadly in the plaintiff's favor. Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013). To

survive a motion to dismiss, a plaintiff must plead actual fact in support of his claims, and "a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. 544, 555; Ortiz, 2025 U.S. Dist. LEXIS 3224, *3.

Plaintiff makes the mistaken argument that Defendants would not meet the "stiffer standard" of "undue hardship" under the CHRL. See SAC ¶324. However, Plaintiff ignores the portion of the CHRL that states "an accommodation shall be considered to constitute an undue hardship for purposes of [the subdivision of the CHRL dealing with religious observance] if it will result in the inability of an employee who is seeking a religious accommodation to perform the essential functions of the position in which the employee is employed." NYC Admin. Code § 8-107(31)(c)(3)(b)(i). Here, Plaintiff's claim fails for the same reasons Defendants asserted in response to his SHRL failure to accommodate allegation.

### POINT V

### PLAINTIFF'S COOPERATIVE DIALOGUE CLAIM FAILS

Plaintiff alleges a failure to engage in cooperative dialogue only under the CHRL. SAC ¶¶439-455. Plaintiff alleges that Defendant violated his rights under the CHRL when they failed to engage in a "cooperative dialogue" regarding his exemption request. Id. ¶444. However, courts in this district have held that the City engaged in a proper cooperative dialogue with employees when it provided information regarding its process for reviewing accommodation requests related to the Vaccine Mandate, instructed employees how to apply to their agency's Equal Employment Opportunity office, and instructed employees how to appeal denials. See Chinchilla, 2024 U.S. Dist. LEXIS 123248, at *35 (S.D.N.Y. July 12, 2024) (citing Matter of Marsteller v. City of NY, 217 A.D.3d 543, 545 (1st Dep't 2023), *lv rearg & lv appeal denied* 2023 NY Slip Op 72547(U) (1st Dep't 2023)). The Marsteller Court held that where individuals availed

themselves of the City's reasonable accommodation process and received explanations as to why their applications were denied, and where the parties further engaged in the administrative appeals process, no further individualized dialogue was required. Id.

The Appellate Division, Second Department, adopted the First Department's holding, finding that because the City "provided information on the process for reviewing accommodation requests related to the vaccine mandate and informed employees on how to appeal request denials," and where "[t]he record demonstrates that the petitioner availed himself of this process," and that "that there were multiple communications between the petitioner, the FDNY, and the Panel regarding the petitioner's accommodation request," the petitioner in that case "failed to demonstrate that the [City's] process for resolving requests for a reasonable accommodation from the vaccine mandate did not meet the requirements of the CHRL regarding cooperative dialogue." See Smith v. New York City Fire Dep't., 239 A.D.3d 870, 872 (2nd Dep't 2025).

Here, Plaintiff himself alleges that he sought a reasonable accommodation from DSNY, and that DSNY denied his request. SAC ¶¶65, 73. In denying his RA Request, DSNY advised Plaintiff how to appeal the denial of his RA Request. See Lynn Decl., Exh. B. Further, Plaintiff alleges that he appealed that denial to the Citywide Panel and submitted additional materials to the Panel for their review. See SAC ¶142. Thus, Plaintiff's Complaint demonstrates not only that Defendants notified Plaintiff of the accommodation and appeals processes, but that Plaintiff understood that process and availed himself of it. Moreover, Defendant are not required to engage in a cooperative dialogue until Plaintiff establishes that he is entitled to an accommodation due to a sincerely held religious belief that conflicts with the Vaccine Mandate. See Bath v. Fire Dept. of the City of N.Y., 2023 NY Slip Op 31855(U), *9 (Sup. Ct. N.Y. Cnty. June 2, 2023); see also Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006) (employer must

offer a reasonable accommodation after the employee establishes a prima facie case). Here, as demonstrated hereinabove, Plaintiff has not established that his purported bona fide religious beliefs conflict with the Vaccine Mandate. Thus, Defendant met its obligations under the CHRL to engage in the cooperative dialogue with Plaintiff, and Plaintiff's claims to the contrary must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to dismiss in its entirety, with prejudice, that judgment in favor of Defendant be entered, and that Defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             January 16, 2026

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2481

By:       /s/ Brigid Lynn
          Brigid Lynn
          *Assistant Corporation Counsel*

## <u>CERTIFICATION</u>

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 7,916 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated:        New York, New York
              January 16, 2026

                              Respectfully submitted,


                              By:    /s/ Brigid Lynn
                                     Brigid Lynn
                                     *Assistant Corporation Counsel*