25-cv-00097 (LJL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT MAIORINO,

                                                            Plaintiff,

-against-

CITY OF NEW YORK,

                                                            Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**MURIEL GOODE-TRUFANT**

*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Second Floor
New York, N.Y. 10007

*Of Counsel:* Brigid Lynn
*Tel:* (212) 356-2481
Matter no.: 2025-004638

Served January 16, 2026

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ....................................................................................................................... 4

    POINT I

        THE SECOND AMENDED COMPLAINT VIOLATES RULE 11 .................................................................... 4

        A.    Legal Standard ................................................................................... 4

        B.    Allegations in the Second Amended Complaint are Knowingly False and Controverted by Sworn 30(b)(6) Testimony and Documentary Evidence. ............................................................. 5

            1.    Allegations Regarding the City's Policy to "Categorically" or "Automatically" Deny Reasonable Accommodation Requests from Catholic Employees are Knowingly False. ............................................................. 6

            2.    Allegations that it was the City's Policy to Deny Religious Exemption Requests from Catholic Employees Because of Public Statements by the Pope, or because of the Pope's Public Support of Vaccination, are knowingly false. ....................................... 7

            3.    Allegations That it was The City's Policy to Only Grant Religious Accommodation Requests from Members of Particular Religious Organizations Are Knowingly False. .................................. 9

        C.    Requests for Relief ........................................................................... 10

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Annicelli v. New York City Police Dep't, et al.,
    Case No. 25-cv-2424 ....................................................................................................... 10

China AI Capital LTD v. DLA Piper LLP United States,
    2023 U.S. Dist. LEXIS 127574 (S.D.N.Y. Jul. 24, 2023) ........................................................ 4

Chinchilla v. N.Y.C. Police Dep't, et al.,
    Case No. 23-cv-08986-DEH ................................................................................ 5, 6, 8, 9, 10

Chum Ltd. v. Lisowski,
    No. 98-CV-5060 (KMW), 2001 U.S. Dist. LEXIS 2462
    (S.D.N.Y. Mar. 12, 2001) .................................................................................................... 5

G-I Holdings Inc. v. Baron & Budd,
    2002 U.S. Dist. LEXIS 15443 (S.D.N.Y. 2002) ............................................................ 6, 7, 9

Kropelnicki v. Siegel,
    290 F.3d 118 (2d Cir. 2002) ................................................................................................. 5

Messer v. Fahenstock & Co.,
    No. 03-CV-4989 (ENV), 2008 U.S. Dist. LEXIS 93572
    (E.D.N.Y. Nov. 18, 2008) .................................................................................................... 5

Michael Rizzo v. New York City Dep't of Sanitation, et al.,
    Case no. 1:23-cv-07190-JAV .................................................................................. 3, 6, 7, 9, 10

O'Brien v. Alexander,
    101 F.3d 1479 (2d Cir. 1996) .............................................................................................. 5

Rizzo v. City of New York,
    Case No. 23-cv-07190-JAV ................................................................................................ 5

Sichel v. UNUM Provident Corp.,
    230 F. Supp. 2d 325 (S.D.N.Y. 2002) ................................................................................ 5

Sportvision, Inc. v. MLB Advanced Media, LP,
    2022 U.S. Dist. LEXIS 240585 (S.D.N.Y. Dec. 5, 2022) ...................................................... 5

Velluzzi v. New York City Police Dep't, et al.,
    Case No. 25-cv-03712 ........................................................................................................ 10

| **Statutes** | **Pages** |
|---|---|

Fed. R. Civ. P. 11 ..................................................................................................1, 2, 4, 10

Fed. R. Civ. P. 11(b) .................................................................................................................4

Fed. R. Civ. P. 11(b)(3)..................................................................................................3, 4, 5

Fed. R. Civ. P. 11(c)(4).................................................................................................10

New York City Human Rights Law § 8-107 ................................................................................1

New York Executive Law § 296................................................................................1

**PRELIMINARY STATEMENT**

Plaintiff Vincent Maiorino brings this action pursuant to the Free Exercise Clause of the First Amendment of the United States Constitution, New York Executive Law § 296 ("SHRL"), and New York City Human Rights Law § 8-107 ("CHRL"), against Defendant the City of New York. Plaintiff, a sanitation worker formerly employed by the New York City Department of Sanitation, alleges that Defendant violated his right to freely exercise his religion when it denied his reasonable accommodation request to exclude him from the City's COVID-19 vaccine mandate. Plaintiff also alleges that Defendant failed to accommodate his religion in violation of the SHRL and CHRL and failed to engage in a cooperative dialogue in violation of the CHRL.

Defendant moves, pursuant to Rule 11 of the Federal Rules of Civil Procedure, because the Second Amended Complaint, filed November 4, 2025, contains allegations that counsel to Plaintiff knows, or should know, are materially false. Plaintiff's pleading contends that it was the City's policy (1) to categorically deny religious accommodation requests from Catholic employees, (2) to only give religious accommodations to employees who were members of established or recognized religious with longstanding objections to vaccination, and (3) to deny religious accommodation requests from Catholic employees based on statements by the Pope. These materially false allegations regarding the City's "standards, policies and procedures" used to evaluate religious accommodation requests to the Vaccine Mandate are directly contradicted by sworn 30(b)(6) testimony of Eric Eichenholtz, which Plaintiff's counsel obtained in a separate action. Despite possessing such sworn testimony that contradicts the allegations made here, and despite being alerted more than 21-days ago, as per Rule 11, to her sanctionable conduct, Plaintiff's counsel has not acted to cure or otherwise redress the materially false statements she advances in this case.

Patently, Plaintiff's counsel has violated Rule 11 of the Federal Rules of Civil Procedure. They knew or should have known that these allegations were false and contradicted by sworn testimony and documentary evidence within their possession at the time of filing the Second Amended Complaint. Accordingly, sanctions are warranted against Plaintiff's attorneys, Martinez & Loiacono, PLLC, pursuant to Rule 11 and the inherent power of this Court.

## STATEMENT OF FACTS

Plaintiff alleges that Defendant violated his First Amendment right to freely exercise his religion, failed to accommodate his religion in violation of the NYSHRL and NYCHRL, and failed to engage in a cooperative dialogue in violation of the NYCHRL.

This action was brought on January 4, 2025 (Dkt. No. 1) and the First Amended Complaint was filed on April 9, 2025 (Dkt. No. 20). In that pleading, Plaintiff claimed that "Catholics were categorically disqualified from receiving a religious accommodation because their beliefs diverged from the Pope's official position;" that "[t]he City's accommodation policy, as applied, automatically denied religious accommodation requests from individuals identifying as Catholic, on the grounds that the Catholic Church does not officially prohibit the vaccine;" and that "Defendants implemented the Vaccine Mandate standards, policies, and procedures governing the religious accommodation process in a discriminatory manner by implementing denominational preferences for certain religious sects, such as Christian Scientists and Jehovah's Witnesses, and other sects that the Defendants recognize as established." See First Am. Compl. ¶¶146, 202, 474.

Defendant moved to dismiss the Amended Complaint for failure to state a claim. See ECF Dkt. No. 39. In the Memorandum of Law in Support of its motion to dismiss the Amended Complaint, Defendant noted that Plaintiff relied on allegations that were contradicted by the 30(b)(6) testimony of Eric Eichenholtz, Managing Attorney of the New York City Law Department. That deposition was conducted by Plaintiff's counsel on April 11, 2025, in connection

2

with a separate action, Michael Rizzo v. New York City Dep't of Sanitation, et al., Case no. 1:23-cv-07190-JAV. In its Opinion and Order granting Defendants' Motion to Dismiss the Amended Complaint, this Court expressly acknowledged that Defendant had provided "sworn testimony controverting Plaintiff's allegations," and that the "remedy for such conduct . . . is a motion under Federal Rule of Civil Procedure 11(b)(3) after the required procedural steps are taken." See Opinion and Order at 1 n.1 (ECF Dkt. No. 49).

Despite the Court's acknowledgment of potentially contradicting evidence warranting Rule 11 sanction, on November 4, 2025, Plaintiff filed his Second Amended Complaint still containing the same materially false assertions. See Dkt. No. 51. Plaintiff's First Amendment free exercise claim specifically challenges the City's "standards, policies, and procedures" for evaluating and deciding religious accommodation requests to the City's COVID-19 Vaccine Mandate. See, e.g. Second Amended Compl. ("SAC") ¶¶481-83. Plaintiff alleges that "[u]nder the City's policies and practices, Catholic employees were categorically denied accommodations because the Pope had publicly expressed support for vaccination." See id. ¶2; see also ¶¶85, 165, 171, 172, 173, 174, 214, 217, 222, 229, 233, 234, 236, 248, 259, 260, 261, 483, 488. Plaintiff also alleges that under the City's policies, exemptions were only granted for members of "recognized and established religious organizations with longstanding objections to all vaccinations." See id. ¶263; see also ¶¶257, 499, 503.

On December 23, 2025, Defendant served Plaintiff's Counsel with a notice of motion and a safe-harbor letter that outlined the specific grounds upon which sanctions would be sought, and thereupon provided Plaintiff's counsel an opportunity to withdraw or amend the knowingly false allegations. See Safe Harbor Letter and Notice of Motion, served Dec. 23, 2025, annexed to the Declaration of Brigid Lynn ("Lynn Decl.") as Exh. A. Plaintiff's counsel responded

3

to the safe-harbor letter on December 26, 2025, declining to withdraw or amend the Second Amended Complaint. See Response from Plaintiff's Counsel dated Dec. 26, 2025, Lynn Decl. Exh. B.

## ARGUMENT

### POINT I

### THE SECOND AMENDED COMPLAINT VIOLATES RULE 11

**A.    Legal Standard**

Federal Rule of Civil Procedure 11 imposes on a party who signs a pleading an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing. China AI Capital LTD v. DLA Piper LLP United States, 2023 U.S. Dist. LEXIS 127574, at *19 (S.D.N.Y. Jul. 24, 2023) (internal quotations omitted). The signature of an attorney on a document filed with the court constitutes a certification that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

Rule 11 provides that, by submitting a signed pleading to the Court, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims ... are warranted by existing law or by a nonfrivolous argument for extending ... law [and]; (3) the factual contentions have evidentiary support...." Fed. R. Civ. P. 11(b). "Rule 11(b)(3) is violated where a party falsely represents that its allegations or factual contentions have evidentiary support or are likely to have such support after a reasonable opportunity for further investigation."

Sportvision, Inc. v. MLB Advanced Media, LP, 2022 U.S. Dist. LEXIS 240585, at *13 (S.D.N.Y. Dec. 5, 2022) (citing Sichel v. UNUM Provident Corp., 230 F. Supp. 2d 325, 332 (S.D.N.Y. 2002)).

Sanctions may be imposed where "a particular allegation is utterly lacking in support" or "where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the [submission] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996); Messer v. Fahenstock & Co., No. 03-CV-4989 (ENV), 2008 U.S. Dist. LEXIS 93572, at *57 (E.D.N.Y. Nov. 18, 2008) (quoting Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002)). Courts typically look for statements which rise to the level of direct falsehoods before they find that sanctions are warranted pursuant to Rule 11(b)(3). Sichel v. Unum Provident Corp., 230 F. Supp. 2d 325, 332 (S.D.N.Y. 2002); Chum Ltd. v. Lisowski, No. 98-CV-5060 (KMW), 2001 U.S. Dist. LEXIS 2462, at *14 (S.D.N.Y. Mar. 12, 2001)

**B.      Allegations in the Second Amended Complaint are Knowingly False and Controverted by Sworn 30(b)(6) Testimony and Documentary Evidence.**

Plaintiff's counsel conducted a deposition, held pursuant to Fed. R. Civ. P. 30(b)(6), and obtained testimony from Eric Eichenholtz, the Managing Attorney of the New York City Law Department, in two actions, Chinchilla v. N.Y.C. Police Dep't, et al., Case No. 23-cv-08986-DEH and Rizzo v. City of New York, Case No. 23-cv-07190-JAV[1]. Each case involves a City employee whose request for religious accommodation excepting them from the City's Vaccine Mandate was denied. In both depositions, Mr. Eichenholtz provided testimony concerning the City's COVID-19 Vaccine Mandate as well as the Citywide Vaccine Appeals Panel, an ad hoc entity created to review appeals from City employees whose reasonable accommodation requests had been denied by their

---

[1] The transcripts of these depositions are annexed to the Declaration of Brigid Lynn as Exhibits C and D, respectively.

5

agency employers. Mr. Eichenholtz's testimony, taken by Plaintiff's counsel, flatly contradicts the subject allegations advanced in the Second Amended Complaint.

### 1. Allegations Regarding the City's Policy to "Categorically" or "Automatically" Deny Reasonable Accommodation Requests from Catholic Employees are Knowingly False.

In the Second Amended Complaint, Plaintiff falsely alleges that it was the City's "standard, policy or practice" to categorically deny religious accommodation requests from Catholic employees, and that under the City's standards, policies and practices, Catholic employees were automatically ineligible for religious accommodations. See SAC ¶¶173, 214, 217, 229, 233, 234, 236, 259. At the time of filing the Second Amended Complaint, Plaintiff's counsel could not have reasonably believed that these allegations had or were likely to have evidentiary support. See G-I Holdings Inc. v. Baron & Budd, 2002 U.S. Dist. LEXIS 15443, at *13 (S.D.N.Y. 2002). This allegation is directly controverted by Mr. Eichenholtz's sworn 30(b)(6) testimony, taken by Plaintiff's counsel in Rizzo on April 11, 2025. During this deposition, Mr. Eichenholtz testified on behalf of the City that it had granted religious accommodation requests from employees identifying as Catholic. See Eichenholtz Rizzo Depo., Lynn Decl., Exh. D at 100:23-25–101:1-2.

Mr. Eichenholtz also testified during his deposition in Chinchilla that, with regard to the Citywide Panel, "There were no automatic disqualifications. You read the whole thing and looked at what the person was saying and you did the evaluations." See Eichenholtz Chinchilla Deposition, Lynn Decl., Exh. C at 71:7-10. Given this testimony, provided pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff's counsel lacked any evidentiary support to reasonably allege that the City's policy was to "categorically" or "automatically" deny reasonable accommodations from the vaccine mandate. Indeed, counsel possessed evidence starkly to the contrary.

6

Furthermore, documentary evidence exchanged in Rizzo v. New York City Dep't of Sanitation clearly established that religious exemption requests were granted for over one hundred City employees identifying as Catholic who had met the criteria for an exemption. See DSNY RA Spreadsheet, Lynn Decl., Exh. E. Plaintiff's counsel, who likewise represented Rizzo, cannot colorably assert, as allegations of material fact, that it was the City's policy to "categorically" or "automatically" deny exemption requests from Catholic employees; counsel possessed information that clearly refutes this assertion. See SAC ¶¶173, 214, 217, 229, 233, 234, 236, 259.

**2. Allegations that it was the City's Policy to Deny Religious Exemption Requests from Catholic Employees Because of Public Statements by the Pope, or because of the Pope's Public Support of Vaccination, are knowingly false.**

The Second Amended Complaint also alleges that it was the City's policy to deny religious exemption requests to the Vaccine Mandate from Catholic employees because of public statements made by the Pope. See id. ¶¶85, 165, 172, 174, 214, 248, 260, 483, 488. Plaintiff's counsel could not have reasonably believed that this allegation was likely to have evidentiary support at the time of filing the Second Amended Complaint. See G-I Holdings Inc, 2002 U.S. Dist. LEXIS 15443, at *13 (S.D.N.Y. 2002).

The 30(b)(6) testimony of Mr. Eichenholtz taken in Rizzo specifically addresses the issue of the Pope's position on vaccination. There, Plaintiff's counsel asked Mr. Eichenholtz: "Is it the Citywide Panel's position that a Catholic employee can be denied a religious accommodation if their beliefs don't align with the Pope's?" See Lynn Decl., Exh. D at 99:8-11. He answered:

> No. And in fact, the Panel did and I personally did approve religious reasonable accommodations for Catholics who had religious objections and practices grounded in the issue of abortion and

7

>sometimes for other reasons that did not reflect what – what Pope Francis was saying there.
>
>And – and that was done for the same reason when you said 'Well, are you familiar with, you know, these various Catholic teachings and doctrines?' I said, it's not relevant what general doctrines say. It's relevant on what these – these specific employees say.
>
>So, no, the answer to that is an unequivocal no. And – and I'll say it again. And I understand, Ms. Martinez, you even very recently again have put in a pleading and represented to a court I believe attributing to me that there is some sort of standard for Catholics and on the issue of abortion that was adopted by the Panel and that there was not and I will say that unequivocally. And, like I said, that our cases bear that out. The decision-making bears that out.

Id. at 99:12-25 – 100:1-11. Having taken this testimony on April 11, 2025, Plaintiff's counsel lacked any reasonable belief when filing the Second Amended Complaint for evidentiary support for the allegation that it was the City's policy to deny reasonable accommodation requests from Catholic employees based on statements by the Pope.

Plaintiff's counsel disregards not only the most recent 30(b)(6) testimony, but the cumulative testimony she has obtained from Mr. Eichenholtz concerning the policies of the Citywide Appeals Panel. During his October 9, 2024 30(b)(6) deposition in Chinchilla, when discussing applicants' personal beliefs compared to teachings from an official organized religious group, Mr. Eichenholtz testified: "I know the most common one that came up was the Pope. Does that mean that all Catholics could get vaccinated and not have a religious belief. The answer to that of course is, no." See Lynn Decl., Exh. C at 72:5-9.

It is abundantly clear that, faced with repeated corporate testimony that obviates a claim they wish to propel, counsel has elected instead to eschew objective facts, willfully ignore their own personal knowledge of sworn statements, and recklessly advance purported assertions in a pleading that will, as in Chinchilla and Rizzo, be no less upended by the very same categorical testimony as to the City's policies and practices.

8

### 3. Allegations That it was The City's Policy to Only Grant Religious Accommodation Requests from Members of Particular Religious Organizations Are Knowingly False.

The Second Amended Complaint also contains allegations that it was the City's policy to only grant religious exemption requests from City employees who were members of certain religious sects or organizations with longstanding objections to vaccination. See SAC ¶¶257, 263, 499, 503. When filing the Second Amended Complaint, Plaintiff's counsel could not have reasonably believed that this allegation had or was likely to have evidentiary support. See G-I Holdings Inc., 2002 U.S. Dist. LEXIS 15443, at *13 (S.D.N.Y. 2002). During his 30(b)(6) deposition in Chinchilla, Mr. Eichenholtz stated that City employees requesting accommodations to the Vaccine Mandate did not need to belong to any specific religion to qualify for religious accommodation by the Citywide panel, and that applicants did not need to belong to a religion that required all its members to refuse vaccination to qualify for an accommodation by the panel. See Lynn Decl., Exh. C at 75:4-16.

Additionally, the DSNY spreadsheet exchanged in Rizzo indicates that employees identifying with a wide array of religious practices, sects, and affiliations, including Catholicism, Christianity, Judaism, Islam, Buddhism, "Unknown," and "Unaffiliated Spirituality," were granted religious exemptions to the Vaccine Mandate. See Lynn Decl., Exh. E. This evidence, palpably known and possessed by opposing counsel, directly contradicts Plaintiff's allegations that, under the City's policies, exemptions were only granted for members of "recognized and established religious organizations with longstanding objections to all vaccinations" See SAC ¶ 263; see also ¶499.

Indisputably, Plaintiff's counsel knew when filing the Second Amended Complaint that it was not Defendant's policy to categorically or automatically deny exemption requests from Catholic employees and indeed had evidence that directly refutes this assertion. Counsel also knew

9

that it was not Defendant's policy to deny exemption requests from Catholic employees based on any statements from the Pope or other religious leader, and that it was not the City's policy to limit religious exemptions to the Vaccine Mandate to members of recognized or established religious organizations with longstanding objections to vaccination.[2]

### C. Requests for Relief

Once a district court finds that Rule 11 has been violated, "it may in its discretion impose sanctions limited to what is 'sufficient to deter repetition of such conduct.'" Simon Debartolo Group, 186 F.3d at 166; Fed. R. Civ. P. 11(c)(4). As a consequence of the above-described violations of Rule 11 by Plaintiff's counsel, Defendant respectfully requests that the Court order that opposing counsel pay Defendant's reasonable attorneys' fees and costs attributable to the preparing and filing of this motion. Should the Court order such an award, Defendant will supply a fee petition and supporting affidavit to establish the reasonable amount incurred. Defendant also respectfully requests that the Court enter an order admonishing Plaintiff's counsel for pleading allegations that are materially false and known by them to be materially false at the time of signing the Second Amended Complaint, and directing Plaintiff's counsel to remove such allegations from this and all future pleadings concerning the City's Vaccine Mandate.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Defendant's motion for sanctions be granted, and that the Court impose sanctions on Martinez & Loiacono PLLC, and

---

[2] Not only has counsel repeatedly made these allegations in the First and Second Amended Complaints in this action, but counsel for Plaintiff makes similar allegations in Velluzzi v. New York City Police Dep't, et al., Case No. 25-cv-03712, which was initiated on May 2, 2025, almost one month after Plaintiff's counsel took Mr. Eichenholtz's testimony in Rizzo, and several months after taking his testimony in Chinchilla. Counsel also made similar allegations regarding the City's alleged policies in Annicelli v. New York City Police Dep't, et al., Case No. 25-cv-2424, which was initiated on March 26, 2025, several months after Mr. Eichenholtz testified in Chinchilla.

10

on Plaintiff's counsel of record, Christina Martinez and Jeannette Poyerd-Loiacono, and grant

Defendant any further relief the Court deems just and proper.

Date:    New York, New York
         January 16, 2026

                **MURIEL GOODE-TRUFANT**
                Corporation Counsel of the
                City of New York
                *Attorney for Defendant*
                100 Church Street, Second Floor
                New York, New York 10007
                (212) 356-2481

By:   /s/ *Brigid Lynn*
                Brigid Lynn
                Assistant Corporation Counsel

## **CERTIFICATION**

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 3,114 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated:   New York, New York
         January 16, 2026

                                             Respectfully submitted,

                                      By:    /s/ Brigid Lynn
                                             Brigid Lynn
                                             *Assistant Corporation Counsel*