25-cv-00097 (LJL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT MAIORINO,

Plaintiff,

-against-

CITY OF NEW YORK,

Defendant.

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**STEVEN BANKS**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Second Floor
New York, New York 10007

*Of Counsel*: Brigid Lynn
Tel.: (212) 356-2481

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ........................................................................................II

STATEMENT OF FACTS .......................................................................................... 2

ARGUMENT .......................................................................................................... 2

PLAINTIFF'S FREE EXERCISE CLAIM MUST BE DISMISSED .................... 2

PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIMS SHOULD HAVE BEEN BROUGHT AS AN ARTICLE 78 ............................................................ 5

PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIMS MUST BE DISMISSED ........................................................................................ 6

PLAINTIFF FAILS TO STATE A COOPERATIVE DIALOGUE CLAIM UNDER THE CHRL ............................................................................ 8

CONCLUSION ..................................................................................................... 10

CERTIFICATION ................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Almodovar v. City of New York,
2024 NY Slip Op 50475(U) (Sup. Ct. N.Y. Cnty. Apr. 25, 2024) ....9

Baker v. Home Depot,
445 F.3d 541 (2d Cir. 2006)....9

Bath v. Fire Dept.,
2023 NY Slip Op 31855(U) (Sup. Ct. N.Y. Cnty. Jun. 2, 2023) ....9

Broder v. Cablevision Sys. Corp.,
418 F.3d 187 (2d Cir. 2005)....6

Cagle v. Weill Cornell Medicine,
680 F. Supp. 3d 428 (S.D.N.Y. 2023)....7

Campagna v. N.Y.C. Police Dept.,
231 A.D.3d 531 (1st Dept. 2024)....5

Chinchilla v. N.Y.C. Police Dep't,
2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. Jul. 12, 2024) ....8

Ferrelli v. State Unified Court Sys.,
2022 U.S. Dist. LEXIS 39929 (N.D.N.Y. Mar. 7, 2022)....4

Goolsby v. City of N.Y.,
83 Misc. 3d 445 (Sup. Ct. N.Y. Cnty. 2024) ....6

Indig v. Pomona,
2019 U.S. Dist. LEXIS 200934 (S.D.N.Y. 2019)....2

Islam Chowdhury v. Dep't of Hous. Pres.,
2025 U.S. Dist. LEXIS 40873 (S.D.N.Y. 2025)....6

Kane v. De Blasio,
19 F.4th 152 (2d Cir. 2021) ....2

Knight v. Conn. Dep't of Pub. Health,
275 F.3d 156 (2d Cir. 2001)....7

Koerner v. State of New York,
62 N.Y.2d 442 (1984) ....5

Lee v. N.Y.C Fire Dept.,
2025 U.S. Dist. LEXIS 191585 (E.D.N.Y. Sept. 29. 2025)....................3

Lynch v. Bd. of Educ. of the City of N.Y.,
221 A.D.3d 456 (1st Dept. 2023)....................9

Marsteller v. City of New York,
217 A.D.3d 543 (1st Dept. 2023)....................8, 9

Muhammad v. N.Y. City Transit Auth.,
52 F. Supp. 3d 468 (E.D.N.Y. 2014)....................9

New Yorkers for Religious Liberty v. City of New York,
125 F.4th 319 (2d Cir. 2024)....................2, 3

O'Leary v. City of New York,
2024 U.S. Dist. LEXIS 164908....................4, 5

Roach v. N.Y.C. Housing Auth.,
2025 N.Y. Misc. LEXIS 2282 (Sup. Ct. N.Y. Cnty. Apr. 9, 2025)....................6

Wong v. City of N.Y. & Parks & Recreation,
2024 N.Y. Slip Op 34031 (U), (Sup. Ct. Kings Cty. 2024)....................6

## PRELIMINARY STATEMENT

Plaintiff Vincent Maiorino brings this action against the City of New York alleging a violation of the First Amendment Free Exercise Clause, the New York State Human Rights Law ("SHRL") and New York City Human Rights Law ("CHRL"). Defendant moved to dismiss the Second Amended Complaint for failure to state a claim. In Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("Opposition," or "Opp."), Plaintiff argues that his claims should not have been brought as an Article 78 because he is seeking relief unavailable under Article 78; that the City's policies for granting or denying religious accommodation requests were "unconstitutional;" that he states viable failure to accommodate claims under the SHRL and CHRL; and that he states a claim under the CHRL for failure to engage in a cooperative dialogue.

Plaintiff's arguments fail. Plaintiff's First Amendment free exercise claim must be dismissed because Plaintiff rests on conclusory and unsupported allegations of alleged City policies, and he has not alleged that the denial of his appeal the Citywide Panel violated his rights under the First Amendment. In any event, the City had a rational basis for denying Plaintiff's accommodation request and appeal to the Citywide Panel. Plaintiff's failure to accommodate claims under the SHRL and CHRL must be dismissed because these claims should have been brought as proceedings under Article 78. Plaintiff does not oppose Defendants argument that Federal Courts applying state law should generally follow the decisions of intermediate appellate courts, which in this case, indicate that failure to accommodate claims like Plaintiff's here are, in essence, challenges to agency determinations that should be addressed through an Article 78 proceeding. Plaintiff's failure to accommodate claims otherwise fail because he did not notify his employer of a sincerely held religious belief that conflicted with the Vaccine Mandate. Lastly,

Plaintiff's cooperative dialogue claim fails because Plaintiff availed himself of the religious accommodation process and has not demonstrated that he was entitled to any additional dialogue.

As demonstrated in Defendant's Memorandum of Law in support of its Motion to Dismiss the Second Amended Complaint, and as set forth more fully below, Plaintiff's Second Amended Complaint must be dismissed in its entirety.

## STATEMENT OF FACTS

For a statement of material facts, Defendants respectfully refer the Court to their statement of facts set forth in their Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint ("Def's MOL") at pp. 2-8. See Dkt. No. 57.

## ARGUMENT

### POINT I

### PLAINTIFF'S FREE EXERCISE CLAIM MUST BE DISMISSED

The City's Vaccine Mandate is neutral and generally applicable. Kane v. De Blasio, 19 F.4th 152, 164 (2d Cir. 2021); New Yorkers for Religious Liberty v. City of New York, 125 F.4th 319 (2d Cir. 2024). The government only needs a rational basis for enforcing a law that is neutral and generally applicable. Indig v. Pomona, 2019 U.S. Dist. LEXIS 200934, *22 (S.D.N.Y. 2019). Plaintiff argues that the City's policies "were not neutral but instead overtly discriminatory" Opp. at 9. Plaintiff's arguments regarding an alleged "doctrinal framework" used by the Citywide Panel in deciding reasonable accommodation requests are baseless and rely on broad, unfounded generalizations.

Plaintiff argues that "[t]his Court has already recognized that application of the Citywide Panel's doctrinal framework—i.e., rejecting a belief as not 'religious' because it is not a part of a 'comprehensive belief system'—triggers strict scrutiny." Opp. at 9. However, Plaintiff's

appeal was not denied on those grounds. Plaintiff does not allege, nor does the cited documentary evidence indicate, that his appeal was denied because his beliefs were determined not to be part of a comprehensive religious belief system. It is clear that Plaintiff's appeal was denied because the panel found, based on all the information provided by Plaintiff that he did not have a "strongly held religious belief that would prevent vaccination," and that his "[a]rticulated belief does not preclude vaccination" and "Employee states in supplemental response that his religious belief permits vaccination. Objection is based on his conception of free will and not on a sincerely held religious belief." See Pl's Exh. 2. These stated reasons for denying Plaintiff's request do not indicate that the denial was based on a determination that his beliefs were not part of a comprehensive belief system. Rather, as Plaintiff himself explains in his appeal, he simply made a personal choice not to receive the COVID-19 vaccine. See Lynn Decl. Exh. C.

Plaintiff attempts to analogize this case to Lee v. N.Y.C Fire Dept., 2025 U.S. Dist. LEXIS 191585 *4 (E.D.N.Y. Sept. 29. 2025), where the court found that plaintiff's allegations fit within the framework of those claims that survived a motion to dismiss in New Yorkers for Religious Liberty, 25 F.4th at 330, namely that "religious accommodations were only provided 'for applicants who were members of religion that . . . [Defendants] deemed recognized and established religious organizations' and that Defendants adopted a 'policy to reject applicants' religious beliefs if they were personal and not shared by other members of the applicant's religious sect.'" Lee, 2025 U.S. Dist. LEXIS 191585 at *4. That comparison fails here. Plaintiff cannot possibly allege that his appeal was denied on similar grounds here, where Plaintiff is aware of the exact reasons provided for his denial, none of which match those alleged in Lee. See Opp. at 10; see also Pl's Exh. 2.

Looking at the denial letters sent to the Plaintiff as well as the Citywide Panel voting record for Plaintiff, it is clear that Plaintiff's appeal was not denied because it was "too idiosyncratic to be religious," Opp. at 12. Nor was it denied on the basis that his beliefs were "merely personal," that he was not a member of a "recognized or established religion," or that his views were "scientifically inaccurate." Id. at 12-13. Plaintiff's further assertion that his appeal was denied because of statements by the Pope is likewise unsupported. Id. at 14. Plaintiff's attempts to recast the basis for the denial is therefore without merit.

The Vaccine Mandate and the procedures for granting exemptions to the Vaccine Mandate are generally applicable. The mere existence of an exemption procedure, absent any showing that secularly motivated conduct could be impermissibly favored over religiously motivated conduct, is not enough to render a law not generally applicable. O'Leary v. City of New York, 2024 U.S. Dist. LEXIS 164908, at *19 (quoting We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 288-89 (2d Cir. Nov. 4, 2021)). Plaintiff's allegations that "decisionmakers applied doctrinal requirements to deny some requests while disregarding them to grant others" is without merit and does not support their argument that the City's policies are not generally applicable.

Plaintiff's argument that the "City tolerated comparable secular conduct while denying religious accommodations," fails. See Opp. at 16. Plaintiff does not allege that "secularly motivated conduct was favored over religiously motivated conduct." Ferrelli v. State Unified Court Sys., 2022 U.S. Dist. LEXIS 39929, *17-18 (N.D.N.Y. Mar. 7, 2022). The only secular exemptions to the Vaccine Mandate were medical exemptions. Additionally, Plaintiff's allegation that "[t]housands of employees remained unvaccinated due to administrative delays, staffing needs, or other non-religious reasons, and others were permitted to work while testing" does not demonstrate that the Vaccine Mandate was not generally applicable, as Plaintiff does not allege that these

alleged "thousands of people" requested exemptions for secular reasons and their requests were granted. See Opp. at 16.

Because the Vaccine Mandate, and the way in which exemption requests were decided, is neutral and generally applicable, rational basis review applies, and Defendant's decision to deny Plaintiff's exemption request clearly passes constitutional muster. See O'Leary v. City of New York, 2024 U.S. Dist. LEXIS 164908, *20 (S.D.N.Y. Sept. 12, 2024).

## POINT II

### PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIMS SHOULD HAVE BEEN BROUGHT AS AN ARTICLE 78

Contrary to Plaintiff's arguments in his Opposition, Defendant does not suggest that Plaintiff's First Amendment claim should have been brought as an Article 78 proceeding. Rather, Plaintiff's failure to accommodate claims under the SHRL and CHRL should have been brought as an Article 78 proceedings as the gravamen of those claims is a challenge of an agency determination. Plaintiff's reliance on Koerner v. State of New York, 62 N.Y.2d 442, 447-49 (1984), is misplaced. Koerner was decided decades before the circumstances presented here, and does not address the procedural posture implicated by challenges to vaccine-mandate determinations. More recent authority is directly on point, such as in Campagna v. N.Y.C. Police Dept., 231 A.D.3d 531 (1st Dept. 2024), where the First Department specifically noted in 2024 that a plaintiff could not demonstrate a likelihood of success where he "failed to challenge the termination" of his employment based on his "noncompliance with the vaccine mandate" in a timely Article 78 proceeding. Plaintiff does not disagree that "[a]s a federal court applying state law, [the court] is generally obliged to follow the state law decisions of state intermediate appellate

courts," like the First Department. See Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199-200 (2d Cir. 2005).

At their core, Plaintiff's SHRL and CHRL failure to accommodate claims are challenges of the Citywide Panel's determination to deny Plaintiff's appeal. Agency determinations are challenged through Article 78 proceedings. Article 78 proceedings have a 4-month statute of limitations. Roach v. N.Y.C. Housing Auth., 2025 N.Y. Misc. LEXIS 2282, *3 (Sup. Ct. N.Y. Cnty. Apr. 9, 2025); Goolsby v. City of N.Y., 83 Misc. 3d 445, 454 (Sup. Ct. N.Y. Cnty. 2024); Wong v. City of N.Y. & Parks & Recreation, 2024 N.Y. Slip Op 34031 (U), at *4 (Sup. Ct. Kings Cty. 2024). Plaintiff could have challenged the Citywide Panel's denial of his appeal within four months, but did not. These claims are now time-barred, as this action was commenced years after DSNY and the Citywide Panel issued determinations on Plaintiff's exemption request.

## POINT III

## PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIMS MUST BE DISMISSED

Plaintiff's failure to accommodate claims must be dismissed because, not only are they time-barred, but Plaintiff fails to state a claim for relief[1]. To state a viable failure to accommodate claim, Plaintiff must demonstrate that: (1) he has a bona fide religious belief conflicting with an employment requirement (2) he informed his employer of this belief, and (3) he was disciplined for failing to comply with the employment requirement." Islam Chowdhury v.

[1] As set forth in its Letter dated April 6, 2026 (Dkt. No.70), Defendant respectfully requested to withdraw its arguments set forth in its Motion to Dismiss the Second Amended Complaint regarding the undue hardship defense asserted in response to Plaintiff's failure to accommodate claims under the SHRL and CHRL. Defendant seeks to withdraw this argument in response to Plaintiff's safe harbor letter, dated March 16, 2026.

Dep't of Hous. Pres., 2025 U.S. Dist. LEXIS 40873, *18-19 (S.D.N.Y. 2025) (quoting Cagle v. Weill Cornell Medicine, 680 F. Supp. 3d 428, 435 (S.D.N.Y. 2023); Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 167 (2d Cir. 2001). In the instant matter, Plaintiff's failure to accommodate claims fail because he does not allege that he notified his employer of a sincerely held religious belief that conflicted with the Vaccine Mandate. Plaintiff's initial submission to DSNY, stated only that he is "a member of a recognized religious organization" and that the "immunizations required by . . . DSNY are contrary to my religious tenets and practices." See Lynn Decl. Exh. A. This conclusory assertion fails to notify his employer of a religious belief that conflicts with the vaccination requirement. See Cagle v. Weill Cornell Medicine, 680 F. Supp. 3d 428, 435 (S.D.N.Y. 2023). Plaintiff offered DSNY no information regarding the nature of his purported religious beliefs or tenets, nor any explanation of how these beliefs conflicted with the Vaccine Mandate. See id. ("Bald allegations that a plaintiff has a religious belief and that those religious beliefs conflict with an employment requirement are insufficient to state a claim for religious discrimination . . .").

The fact that Plaintiff submitted supplement materials to the Citywide Panel does not save his claim. In order to state failure to accommodate claims under the SHRL and CHRL, a plaintiff must allege that they informed their employer, in this case, DSNY, of a sincerely held religious belief. The Citywide Panel was an appeals board developed to review Reasonable Accommodation requests to the Vaccine Mandate. The Citywide Panel was not Plaintiff's employer. Accordingly, information provided for the first time on appeal to the Citywide Panel cannot substitute for the required notice to the employer in the first instance.

In fact, Plaintiff only informed his employer, DSNY, that he was a "member of an organized religion" and that the COVID-19 vaccine requirement was "contrary to [his] religious

tenets and practices." Lynn Decl. Exh. A. Clearly, the Plaintiff fails to plausibly plead that he provided sufficient notice of a bona fide religious conflict. This is insufficient as a matter of law, and his failure-to-accommodate claims must be dismissed.

## POINT IV

## PLAINTIFF FAILS TO STATE A COOPERATIVE DIALOGUE CLAIM UNDER THE CHRL

Contrary to Plaintiff's argument, the First Department's holding in Marsteller v. City of New York, 217 A.D.3d 543, 545 (1st Dept. 2023) squarely applies and forecloses Plaintiff's cooperative dialogue claim. Federal courts in this District have repeatedly relied on Marsteller to dismiss materially indistinguishable claims at the pleading stage. See Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248, at *33 (S.D.N.Y. Jul. 12, 2024) (dismissing failure to cooperate claim based on the First Department's holding in Marsteller).

The First Department in Marsteller determined that the petitioner did not establish that under the unique circumstances presented by the COVID-19 pandemic, an employer satisfies the CHRL's cooperative dialogue requirement where it provides a structured process for submitting, reviewing, and appealing accommodation requests. Marsteller, 217 A.D.3d at 545. That is precisely what occurred here. Plaintiff submitted an accommodation request on November 4, 2021, and his request was reviewed and was denied by DSNY. Plaintiff was expressly instructed on how to submit an appeal to the Citywide Panel, and he did so, including supplemental materials from himself and his attorney. Plaintiff was then notified when his request was denied. This multi-step process, which included an opportunity to supplement the record on appeal, more than satisfied the cooperative dialogue requirement under Marsteller and Chinchilla. See Chinchilla, 2024 U.S. Dist. LEXIS 123248, *36 (S.D.N.Y. Jul. 12, 2024).

Plaintiff's contention that Defendant was required to follow up with Plaintiff in order to satisfy the cooperative dialogue requirement in inconsistent with Marsteller or its progeny, under which Plaintiff received adequate process. See Almodovar v. City of New York, 2024 NY Slip Op 50475(U) (Sup. Ct. N.Y. Cnty. Apr. 25, 2024); Lynch v. Bd. of Educ. of the City of N.Y., 221 A.D.3d 456 (1st Dept. 2023). Further, Defendant is "not required to engage in a 'cooperative dialogue' until a [plaintiff] established that he or she was or may be entitled to an accommodation due to a 'sincerely held belief.'" Bath v. Fire Dept., 2023 NY Slip Op 31855(U), *9 (Sup. Ct. N.Y. Cnty. Jun. 2, 2023); see also Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006); Muhammad v. N.Y. City Transit Auth., 52 F. Supp. 3d 468, 483 (E.D.N.Y. 2014). Plaintiff's accommodation request did not satisfy that threshold. It merely asserted, in conclusory fashion, that he was a member of a religion and opposed vaccination, without identifying any actual religious belief or explaining any conflict with the vaccine mandate.

Because Plaintiff failed to provide sufficient notice of a sincerely held religious belief, Defendant had no obligation to engage in further dialogue. And in any event, the process that was provided was legally sufficient. Accordingly, Plaintiff's cooperative dialogue claim must be dismissed.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendant's Memorandum of Law in Support of its motion to dismiss the second amended complaint, Defendant's Motion to Dismiss should be granted and the Second Amended Complaint dismissed in its entirety.

Dated: New York, New York
April 27, 2026

**STEVEN BANKS**
Corporation Counsel of the
City of New York
*Attorney for Defendant*
100 Church Street, Second Floor
New York, New York 10007
(212) 356-2481

By: /s/ Brigid Lynn
Brigid Lynn
Assistant Corporation Counsel

.

**CERTIFICATION**

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 2,658 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated: New York, New York
April 27, 2026

By: /s/Brigid Lynn
Brigid Lynn
Assistant Corporation Counsel