25-cv-00097 (LJL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT MAIORINO,

Plaintiff,

-against-

CITY OF NEW YORK,

Defendant.

# DEFENDANT'S MOTION TO RECONSIDER OR VACATE THE JULY 6, 2026 ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**STEVEN BANKS**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Second Floor
New York, New York 10007

*Of Counsel*: Brigid Lynn
Tel.: (212) 356-2481

## PRELIMINARY STATEMENT

Defendant respectfully requests that the Court reconsider its Opinion and Order, dated July 6, 2026, granting in part and denying in part Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 75) ("Order and Opinion" or "Order"). For the reasons set forth below, Defendant respectfully submits that the Order overlooked Defendant's Motion for Sanctions under Rule 11 (ECF No. 60) filed on the same day as its motion to dismiss (ECF No. 59), which is fully briefed and before the Court. Defendant's Motion for Sanctions specifically addresses knowingly false allegations in the SAC that are contradicted by testimony and documentary evidence in the possession of Plaintiff's counsel at the time of its filing. In fact, the Court opined in its July 6 Order that it could not consider Defendant's Rule 12 arguments without a Rule 11 motion, and appears to have overlooked Defendant's pending Rule 11 motion.

Accordingly, Defendant respectfully requests that the Court reconsider its July 6, 2026, Decision and Order in light of Defendant's pending Motion for Sanctions, or alternatively, vacate the Order until the Motion for Sanctions has been decided.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on January 4, 2025. ECF No. 1. On March 31, 2025, Defendant moved to dismiss the Complaint. ECF No. 11. Plaintiff filed a First Amended Complaint on April 9, 2025, (ECF No. 20), and Defendant moved to dismiss. ECF No. 38. In its Motion to Dismiss the First Amended Complaint, Defendant argued that allegations in the First Amended Complaint were knowingly false. See ECF No. 39, at 10-11, 13.

On October 15, 2025, the Court issued an Opinion and Order granting Defendant's Motion to Dismiss the Amended Complaint without prejudice. See Opinion and Order, ECF No. 49. In this Opinion and Order, the Court noted that "Defendants argue that Plaintiff's allegations are demonstrably and knowingly false and violate the Federal Rules of Civil Procedure. Dkt. No.

39 at 11; see Dkt. No. 40-6 (containing sworn testimony controverting Plaintiff's allegations). The remedy for such conduct, as Defendants seem to recognize, is a motion under Federal Rule of Civil Procedure 11(b)(3) after the required procedural steps are taken." Id. at n.1. Plaintiff filed the SAC on November 4, 2025, again containing false allegations regarding the City's COVID-19 Vaccine Mandate. See ECF No. 51.

On January 16, 2026, Defendant filed a Motion to Dismiss the Second Amended Complaint. See ECF No. 56. Defendant also filed a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure to address the knowingly false allegations contained in the SAC. See ECF No. 59. Defendant did so in light of this Court's October 15 Order, which indicated that the remedy for such conduct was to make a Rule 11 motion after taking the required procedural steps.

Defendant argued that by alleging that it was the City's policy to categorically or automatically deny religious accommodation requests to the City's COVID-19 Vaccine Mandate from Catholic employees, that it was the City's policy to deny accommodation requests from Catholic employees due to the Pope's support for vaccination, and that under the City's policies, religious exemptions to the Vaccine Mandate were only granted for members of recognized and established religious organizations with longstanding objections to all vaccinations, Plaintiff's counsel repeatedly made allegations that they know to be false and that lack evidentiary support based on City deposition testimony and other documentary evidence in their possession. See ECF No. 59.

On July 6, 2026, this court granted in part and denied in part Defendant's Motion to Dismiss the Second Amended Complaint. See ECF No. 75. To date, the Court has not issued a decision on Defendant's Motion for Sanctions.

## ARGUMENT

### A. Legal Standard

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3. A motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." See In re Health Mgmt. Sys., Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. Sept. 20, 2000). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation Inc., 70 F.3d 255, 257 (2d Cir. 1995). The moving party must demonstrate "that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision," or that reconsideration would "correct a clear error or prevent manifest injustice." See Moss v. First Premier Bank, 2024 U.S. Dist LEXIS 175427, at *1-2 (E.D.N.Y. Sep. 8, 2024, No. 13-cv-5438 (BMC)) (quoting In re N.Y. Cmty. Bancorp, Inc., Sec. Litig., 244 F.R.D. 156, 159 (E.D.N.Y. 2007)).

### B. Defendant Respectfully Requests That The Court Reconsider Or Vacate Its Order and Opinion Pending the Outcome of Defendant's Rule 11 Motion

The July 6, 2026 Order twice states, and Defendant agrees, that the Court can address Defendant's arguments regarding knowingly false allegations through Rule 11 of the Federal Rules of Civil Procedure, rather than on a motion to dismiss under Rule 12. See July 6, 2026 Order, ECF No. 75, at n. 1, 8. However, it seems that the Court may have overlooked Defendant's fully briefed Rule 11 motion that is currently pending which specifically challenges these demonstrably and knowingly false allegations.

Defendant simultaneously filed its Motion to Dismiss the Second Amended Complaint and its Motion for Sanctions under Rule 11 on January 16, 2026, so that the Court could separately consider the falsity of allegations in the SAC. Defendant pursued sanctions under Rule 11 based on the Court's October 15 Order, which suggested that such motion was the proper avenue to address Defendant's concerns regarding false allegations.

As the Court seems to recognize, the outcome of a motion for sanctions under Rule 11 could affect the outcome of a motion to dismiss. In denying Defendant's motion to dismiss as to Plaintiff's First Amendment claim and finding that Plaintiff "has plausibly alleged that the Citywide Panel improperly denied his appeal by judging the validity of his religious beliefs rather than the sincerity with which he held them," (see July 6 Order at 14) the Court relies on allegations that are challenged in the Rule 11 Motion, specifically the allegation that "Defendant relied upon the Pope's public comments on the COVID-19 vaccine when denying Roman Catholic applicants like Plaintiff." See SAC at ¶488.

## CONCLUSION

Defendant respectfully requests that the court reconsider its decision on Defendant's motion to dismiss and consider it in conjunction with Defendant's Rule 11 motion, or in the alternative, vacate its decision on Defendant's Motion to Dismiss the SAC until there is a decision on the pending Rule 11 motion in the event the outcome of the Rule 11 motion impacts Defendant's motion to dismiss.

Date: New York, New York
July 20, 2026

**STEVEN BANKS**
Corporation Counsel of the
City of New York
*Attorney for Defendant*
100 Church Street, Second Floor
New York, NY 10007

By: /s/ Brigid Lynn
Brigid Lynn
Assistant Corporation Counsel

**CERTIFICATION**

Counsel of Record hereby certifies that pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 1152 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated: New York, New York
July 20, 2026

Respectfully submitted,

By: /s/ Brigid Lynn
Brigid Lynn
Assistant Corporation Counsel