**Applying for a Reasonable Accommodation from the COVID-19 Vaccine Mandate (Revised 10/28/2021)**

Per DOHMH Commissioner's Order to Require COVID-19 Vaccination for City Employees and Certain City Contractors, City employees are required to be vaccinated against COVID-19 by October 29, 2021 at 5 PM, or by their employment start date. Employees may apply for a Reasonable Accommodation to be exempt from this requirement.

Reasonable accommodations may be granted only for documented medical or religious reasons.

The New York City Department of Health has indicated that the *medical basis* for a *permanent* medical exemption includes:

- Documented contraindication such that an employee cannot receive any FDA-authorized vaccines, with contraindications delineated in CDC clinical considerations for COVID-19 vaccine.

The New York City Department of Health has indicated that the *medical basis* for a *temporary* medical exemption includes:

- An employee who is within the isolation period after COVID-19 infection.
- An employee who is within 90 days of monoclonal antibody or convalescent plasma treatment of COVID-19.
- Treatments for conditions as delineated in CDC clinical considerations, with the understanding that CDC guidance can be updated to modify considerations over time, and/or determined by a treating physician with a valid medical license responsible for immunosuppressive therapy, including full and appropriate documentation that may warrant temporary medical exemption for some period of time because of active therapy or treatment (e.g. stem cell transplant, CAR T-cell therapy) that would temporarily interfere with the patient's ability to respond adequately to vaccination, or mount an immune response due to treatment.
- Pericarditis or myocarditis not associated with COVID-19 vaccination or pericarditis or myocarditis associated with COVID-19 vaccination.

*Note:* The length of *temporary* medical exemption will be determined on a case-by-case basis and with consideration for provided medical documentation. An employee will be required to be vaccinated at the end of the temporary period. The length of the temporary period and any extension should be determined based on the employee's circumstances through the cooperative dialogue with the employee.

Cited in Maiorino v. City of New York 25cv0097 Decided 7/6/26 Archived on 11/13/26 This document is protected by copyright. Further reproduction is prohibited without permission.

A sincerely held *religious, moral or ethical belief may be a basis* for a religious accommodation. A request based solely on a personal, political, or philosophical preference does not qualify for a religious accommodation.

**Deadline to apply:**

- Existing City employees who opt to file a reasonable accommodation request must apply with their agency EEO Officer for an exemption from this vaccine requirement no later than October 27, 2021 to avoid being placed on Leave Without Pay (LWOP) on November 1, 2021. Employees who seek reasonable accommodations from their agencies after October 27, 2021 will be placed on LWOP on November 1, 2021 until the reasonable accommodation is decided, including any appeals.

- For reasonable accommodation requests filed on or before October 27, 2021, employees will be permitted to continue to submit weekly negative PCR test results while their accommodation request is under consideration or on appeal.
- New hires must apply for a reasonable accommodation before the start date of their new position.
- The determination of what accommodation, if any, is appropriate must be evaluated given the needs of the job, the level of contact with the public, etc. Mindful that the City has determined that it is important at this time to have as many staff as possible returning to work in the office, accommodations other than telework must be considered. The primary accommodation from the vaccination mandate that will not cause undue hardship and/or disruption is weekly testing and submission of negative PCR results. While this accommodation is available for most positions, there will be a few positions, particularly those with significant close and prolonged public contact where even weekly testing may cause an undue hardship and/or direct threat and leave may be the only available reasonable accommodation.

Agencies should complete all RA determinations within 7 days of submission.

**Appeals Process:**

Cited in Marino v City of New York
25cv0097 Decided 7/6/26
Archived on 7/13/26
This document is protected by copyright.
Further reproduction is prohibited without permission.

An agency that denies a reasonable accommodation request must provide written information to the employee whose request has been denied and include a link to a City's online appeals request portal at https://www.nyc.gov/vaxappeal.

If an employee is denied a reasonable accommodation by their agency, they may appeal the decision **within 3 business days** of the decision. If an agency denies a reasonable accommodation request prior to October 27, 2021, those employees will have until November 1, 2021 to submit their appeal.

An employee with a NYC work e-mail address may submit an appeal via the online review request portal at https://www.nyc.gov/vaxappeal, which will automatically notify their agency EEO Officer of the appeal. The portal is now live.

For employees who do not have an NYC e-mail address or limited or no computer access, agencies must also facilitate submission via paper form. The request for review must include a reason for the appeal. Upon notification of the appeal, the agency EEO Officer will upload all records concerning the agency determination of the reasonable accommodation request within **one business day.** Additional supplemental material to make a determination may be requested from the employee, including a release to permit contact with the employee's medical provider if such release was not obtained in connecting with the original request. The employee can submit this supplemental material directly through the appeals portal. For those who do not have an e-mail address or computer access, they should provide the documentation to their agency EEO office to upload to the portal.

Review of all appeals by the panel will be completed before November 25, 2021. A written determination will be provided to the employee and the Agency EEO Officer. There is no further appeals process.

Any employee who requests a reasonable accommodation from their agency on or before October 27, 2021 and is awaiting a reasonable accommodation determination from their agency or on any appeal

must continue to submit a negative PCR test result within every seven-day period, as previously required.

Prospectively, some employees may become subject to a collective bargaining agreement through their Union that provides an alternative appeal option that will allow their appeal to be heard by an arbitrator. For employees with this option, they will be required to submit an election of arbitration and waiver to their agency EEO officer. For those who do so, the EEO officer must upload the waver onto the appeals portal and will indicate when doing so that the employee has opted for arbitration

If an employee's appeal is denied, they must submit proof of the first dose of a vaccination **within 3 business days of receipt of the appeal denial,** and if part of a two-dose vaccine regimen, submit proof of a second dose within 45 days of receiving that second dose. If an employee refuses to be vaccinated within this timeframe after an appeal is denied, they will be placed on Leave Without Pay immediately and may be subject to termination.

**Timeline:**

- **10/20-10/29:** City employees may receive $500 incentive via payroll to receive first vaccine dose
- **10/27:** Last day to submit reasonable accommodation request to avoid being placed on LWOP 11/1/2021.
- **10/29 at 5 PM:** Deadline to submit proof of vaccination to avoid being placed on LWOP 11/1/21.
- **11/1:** Employees placed on LWOP who have not submitted proof of at least one dose of vaccine.
- **11/25:** Final determinations of appeals

Cited in Maiorino v City of New York
25cv0097 Decided 7/6/26
Archived on 7/13/26
This document is protected by copyright.
Further reproduction is prohibited without permission.