USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT MAIORINO,

Plaintiff,

-v-

CITY OF NEW YORK,

Defendant.

25-cv-0097 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

By Memorandum and Order of July 21, 2026, the Court granted Defendant's motion for Rule 11 sanctions and ordered that Plaintiff's counsel pay Defendant's reasonable attorneys' fees and costs attributed to the preparing and filing of the motion for sanctions. Dkt. No. 80. The Court gave Defendant 14 days to file a fee petition and supporting application and Plaintiff 14 days to respond. *Id.* at 16–17. Defendant seeks an award of $6,477.50 in attorneys' fees and does not seek costs. Dkt. No. 84 ¶ 17. Plaintiff opposes the request and argues that Defendant should receive fees of no more than $4,512. Dkt. No. 85 at 17.

"When a court determines that attorneys' fees and costs should be used as sanctions under Rule 11, the award should be based both on the total amount of reasonable attorneys' fees and costs attributable to the sanctioned party's misconduct and the amount needed to serve the deterrent purposes of Rule 11." *Gong v. Sarnoff*, 2024 WL 1621347, at *3 (S.D.N.Y. Apr. 15, 2024) (quoting *Offor v. Mercy Med. Ctr.*, 327 F.R.D. 32, 34 (E.D.N.Y. 2018)); *see Eastway Constr. Corp. v. City of New York*, 821 F.2d 121, 124 (2d Cir. 1987). As a general matter, the "starting point" and "lodestar" in analyzing whether claimed attorneys' fees are appropriate is

"the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended). The party seeking the attorneys' fees "bears the burden of demonstrating that its requested hours and hourly rates are reasonable, and must provide a court with sufficient information to assess the fee application." *Hong v. Mommy's Jamaican Mkt. Corp.*, 2024 WL 1242507, at *3 (S.D.N.Y. Mar. 21, 2024); *see, e.g.*, *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512–13 (S.D.N.Y. 2011); *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 898 F. Supp. 116, 121 (E.D.N.Y. 1995). This approach is intended to "produce[] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).

In determining a reasonable hourly rate, a court must take account "of all case-specific variables." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Bd. of Elections*, 522 F.3d 182, 189 (2d Cir. 2008). "The reasonable hourly rate is the rate a paying client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. A reasonable hourly rate is one "in line with . . . prevailing [rates]" in the district where the court sits "for similar services by lawyers of reasonably comparable skill, expertise and reputation." *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The Court considers:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time

> limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Casmento v. Volmar Constr., Inc.*, 2022 WL 17666390, at *3 (S.D.N.Y. Dec. 14, 2022) (quoting *Lilly*, 934 F.3d at 228). "[D]istrict courts in this Circuit generally employ market rates to calculate awards of government attorneys' fees." *Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 348 (S.D.N.Y. 2009); *see also NLRB v. A.G.F. Sports Ltd.*, 1994 WL 507779, at *1 (E.D.N.Y. June 22, 1994) ("[I]t is established law in this Circuit that government attorneys may be reimbursed at the prevailing market rate.").

Defendant has calculated a rate of $250 for Bridgid Lynn, the Assistant Corporation Counsel who performed the majority of the work on Defendant's motion for sanctions. Dkt. No. 84 ¶ 16. That rate is reasonable. Ms. Lynn is an Assistant Corporation Counsel in the Labor & Employment Law Division and a 2024 law school graduate. *Id.* ¶¶ 3–4. She was admitted to the New York bar in February 2025 and is admitted in the United States District Courts for the Southern and Eastern Districts of New York. *Id.* ¶ 3. In the past, courts in this District found rates of $250 to be within the range that is reasonable for the time of a junior associate. *See, e.g.*, *Francois v. Victory Auto Grp. LLC*, 2025 WL 2699991, at *4 (S.D.N.Y. Sept. 23, 2025) ("Recent decisions from courts in this District reflect 'a range of reasonable hourly rates for midlevel and junior associates between $225 and $325.'" (quoting *Z.H. v. N.Y.C. Dep't of Educ.*, 2024 WL 3385690, at *4 (S.D.N.Y. July 12, 2024))); *Sharbat v. Iovance Biotherapeutics, Inc.*, 2024 WL 2078390, at *8 (S.D.N.Y. May 9, 2024) (awarding fees based on hourly rate of $355 for work of attorney who was a second-year associate at the time of work performed in 2023); *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, 2023 WL 112552, at *4 (S.D.N.Y. Jan. 4, 2023) (finding $250 per hour is an appropriate rate for midlevel to junior associates). Taking

into account that Ms. Lynn's time was billed in late 2025 and early 2026, the $250 hourly rate is consistent with market for attorneys of comparable skill and experience. The $200 rate that Plaintiff urges is more appropriate for paralegals and non-lawyer support staff. *See Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, 2024 WL 3409278, at *6 (S.D.N.Y. July 15, 2024).

The hours billed are reasonable "based on an objective reasonableness standard." *Gong*, 2024 WL 1621347, at *6. Defendant has billed a total of 25.91 hours for Lynn's time preparing and filing the motion for sanctions. Dkt. No. 84-1. That includes at least three hours for legal research, five hours for the safe harbor letter and the notice of motion, 6.5 hours for drafting a memorandum in support of the motion for sanctions and preparing a declaration in support of the motion, and seven hours for the reply memorandum. *Id.* Those hours were efficiently spent. The memoranda were well researched and written. Defendant has not billed Plaintiff for the time of the senior counsel, Deputy Division Chief, and Division Chief who also reviewed the Rule 11 materials. Dkt. No. 84 ¶ 7. Plaintiff's argument that Lynn's time entries are vague, *see* Dkt. No. 85 at 4, is without merit. From context and from Lynn's own declaration, it is evident that the limited time billed to meetings related to meetings concerning the motion for sanctions. Finally, the Court rejects Plaintiff's argument that Defendant achieved limited success. Defendant had a steep hill to climb in establishing a Rule 11 violation. *See* Dkt. No. 80 at 6. Defendant climbed that hill. "[M]ovant 'conclusively' and 'irrefutably demonstrate[d]' 'that [Plaintiff's] factual allegations . . . were utterly lacking support and objectively unreasonable.'" *Id.* at 13 (quoting *Sportvision, Inc. v. MLB Advanced Media, LP*, 2022 WL 19406558, at *8 (S.D.N.Y. Dec. 5, 2022)).

The motion is GRANTED. Plaintiff's counsel shall pay Defendant the sum of $6,477.50 within 14 days of the date of this Order and shall file proof of payment on the docket.

SO ORDERED.

Dated: August 19, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge