UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

VINCENT MAIORINO

Plaintiff, **ANSWER**

-against- 25-cv-00097

CITY OF NEW YORK,

Defendant.

-------------------------------------------------------------x

Defendant the City of New York, by its attorney, **STEVEN BANKS**, Corporation Counsel of the City of New York, as and for its answer to the Second Amended Complaint, respectfully alleges as follows:

1. DENIES the allegations set forth in paragraph "1" of the Second Amended Complaint.

2. Paragraph "2" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

3. DENIES the allegations set forth in paragraph "3" of the Second Amended Complaint, except admits that Plaintiff submitted a request for a religious accommodation to the City's COVID-19 Vaccine Mandate.

4. DENIES the allegations set forth in paragraph "4" of the Second Amended Complaint.

5. DENIES knowledge and information sufficient to form a basis of belief as to the truth of the allegations set forth in paragraph "5" of the Second Amended Complaint.

6. DENIES the allegations set forth in paragraph "6" of the Second Amended Complaint, except admits that Plaintiff was a sanitation worker employed by the City of New York.

7. DENIES the allegations set forth in paragraph "7" of the Second Amended Complaint, except admits that Plaintiff's employment was terminated on February 11, 2022.

8. DENIES the allegations set forth in paragraph "8" of the Second Amended Complaint.

9. DENIES the allegations set forth in paragraph "9" of the Second Amended Complaint, except admits that the New York City Department of Sanitation ("DSNY") is an agency of the City of New York.

10. DENIES the allegations set forth in paragraph "10" of the Second Amended Complaint, except admits that DSNY has offices at 125 Worth Street, New York NY 10013.

11. DENIES the allegations set forth in paragraph "11" of the Second Amended Complaint, except admits that the City of New York is a municipality organized and existing under the laws of New York State.

12. DENIES the allegations set forth in paragraph "12" of the Second Amended Complaint.

13. DENIES the allegations set forth in paragraph "13" of the Second Amended Complaint, and respectfully refers the Court to the statutory authorities cited therein for a complete and accurate statement of their contents.

14. DENIES the allegations set forth in paragraph "14" of the Second Amended Complaint, except admits that the City of New York employs more than 15 persons.

15. DENIES the allegations set forth in paragraph "15" of the Second Amended Complaint, except admits that Plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

16. DENIES the allegations set forth in paragraph "16" of the Second Amended Complaint, except admits that Plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

17. DENIES the allegations set forth in paragraph "17" of the Second Amended Complaint, except admits that Plaintiff purports to allege venue as stated therein.

18. DENIES the allegations set forth in paragraph "18" of the Second Amended Complaint, except admits that Plaintiff was employed as a Sanitation Worker at DSNY from May 31, 2005 until February 11, 2022.

19. DENIES the allegations set forth in paragraph "19" of the Second Amended Complaint, except admits that Plaintiff was employed by the City.

20. DENIES the allegations set forth in paragraph "20" of the Second Amended Complaint, except admits that Plaintiff was hired as a Sanitation Worker on May 31, 2005.

21. DENIES the allegations set forth in paragraph "21" of the Second Amended Complaint, except admits that Plaintiff was employed as a Sanitation Worker at DSNY from May 31, 2005 until February 11, 2022.

22. DENIES knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Second Amended Complaint.

23. DENIES knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Second Amended Complaint.

24. DENIES the allegations set forth in paragraph "24" of the Second Amended Complaint.

25. DENIES the allegations set forth in paragraph "25" of the Second Amended Complaint.

26. DENIES the allegations set forth in paragraph "26" of the Second Amended Complaint.

27. DENIES the allegations set forth in paragraph "27" of the Second Amended Complaint.

28. DENIES the allegations set forth in paragraph "28" of the Second Amended Complaint, and respectfully refers the Court to the text cited therein.

29. DENIES the allegations set forth in paragraph "29" of the Second Amended Complaint.

30. ADMITS the allegations set forth in paragraph "30" of the Second Amended Complaint.

31. ADMITS the allegations set forth in paragraph "31" of the Second Amended Complaint.

32. DENIES the allegations set forth in paragraph "32" of the Second Amended Complaint, except admits that Plaintiff worked until he was placed on leave on November 28, 2021.

33. DENIES the allegations set forth in paragraph "33" of the Second Amended Complaint.

34. DENIES the allegations set forth in paragraph "34" of the Second Amended Complaint.

35. DENIES the allegations set forth in paragraph "35" of the Second Amended Complaint.

36. DENIES the allegations set forth in paragraph "36" of the Second Amended Complaint except admits that a Vaccine Mandate was issued on October 29, 2021.

37. DENIES the allegations set forth in paragraph "37" of the Second Amended Complaint, and states that the document speaks for itself.

38. DENIES the allegations set forth in paragraph "38" of the Second Amended Complaint, and states that the document speaks for itself.

39. DENIES the allegations set forth in paragraph "39" of the Second Amended Complaint, except admits that if an employee's request for a reasonable accommodation was denied, the employee had a right to appeal that denial.

40. DENIES the allegations set forth in paragraph "40" of the Second Amended Complaint, and states that the document speaks for itself.

41. DENIES the allegations set forth in paragraph "41" of the Second Amended Complaint, and states that the document speaks for itself.

42. DENIES the allegations set forth in paragraph "42" of the Second Amended Complaint, except admits that requests for religious and medical accommodations to the Vaccine Mandate were accepted.

43. DENIES the allegations set forth in paragraph "43" of the Second Amended Complaint.

44. DENIES the allegations set forth in paragraph "44" of the Second Amended Complaint, except admits that the City published a document titled "FAQ on New York City

Employees Vaccine Mandate," and respectfully refers the Court to the document referenced therein.

45. DENIES the allegations set forth in paragraph "45" of the Second Amended Complaint, and states that the document speaks for itself.

46. DENIES the allegations set forth in paragraph "46" of the Second Amended Complaint, and states that the document speaks for itself.

47. DENIES the allegations set forth in paragraph "47" of the Second Amended Complaint, except admits that the Vaccine Mandate allowed for medical exemptions.

48. DENIES the allegations set forth in paragraph "48" of the Second Amended Complaint, except admits that temporary medical exemptions were permitted.

49. DENIES the allegations set forth in paragraph "49" of the Second Amended Complaint, except admits that medical exemptions were granted.

50. DENIES the allegations set forth in paragraph "50" of the Second Amended Complaint, and states that document speaks for itself.

51. DENIES the allegations set forth in paragraph "51" of the Second Amended Complaint.

52. DENIES the allegations set forth in paragraph "52" of the Second Amended Complaint, except admits that DSNY issued a Policy and Administrative Procedure 2021-03 and refers the Court to the policy referenced therein for a complete and accurate statement of its contents.

53. DENIES the allegations set forth in paragraph "53" of the Second Amended Complaint, and refers the Court to the policy referenced therein for a complete and accurate statement of its contents.

54. DENIES the allegations set forth in paragraph "54" of the Second Amended Complaint.

55. DENIES the allegations set forth in paragraph "55" of the Second Amended Complaint.

56. DENIES the allegations set forth in paragraph "56" of the Second Amended Complaint, except admits that Plaintiff was employed by Defendant in October 20, 2021.

57. DENIES knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Second Amended Complaint.

58. DENIES the allegations set forth in paragraph "58" of the Second Amended Complaint.

59. DENIES knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Second Amended Complaint.

60. DENIES the allegations set forth in paragraph "60" of the Second Amended Complaint.

61. DENIES the allegations set forth in paragraph "61" of the Second Amended Complaint.

62. DENIES the allegations set forth in paragraph "62" of the Second Amended Complaint.

63. DENIES the allegations set forth in paragraph "63" of the Second Amended Complaint, except admits that Plaintiff submitted a religious accommodation request form, and respectfully refers the Court to the document referenced therein.

64. DENIES knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Second Amended Complaint.

65. DENIES the allegations set forth in paragraph "65" of the Second Amended Complaint, except admits that Plaintiff submitted a reasonable accommodation request to be exempt from the City's Vaccine Mandate.

66. DENIES the allegations set forth in paragraph "66" of the Second Amended Complaint.

67. DENIES the allegations set forth in paragraph "67" of the Second Amended Complaint.

68. DENIES the allegations set forth in paragraph "68" of the Second Amended Complaint.

69. DENIES the allegations set forth in paragraph "69" of the Second Amended Complaint.

70. DENIES the allegations set forth in paragraph "70" of the Second Amended Complaint.

71. DENIES the allegations set forth in paragraph "71" of the Second Amended Complaint.

72. DENIES the allegations set forth in paragraph "72" of the Second Amended Complaint.

73. DENIES the allegations set forth in paragraph "73" of the Second Amended Complaint, except admits that Plaintiff's request for a religious accommodation was denied by DSNY.

74. DENIES the allegations set forth in paragraph "74" of the Second Amended Complaint, except admits that the denial contained information regarding Plaintiff's right to appeal.

75. DENIES the allegations set forth in paragraph "75" of the Second Amended Complaint, and states that the document speaks for itself.

76. DENIES the allegations set forth in paragraph "76" of the Second Amended Complaint, and states that the document speaks for itself.

77. DENIES the allegations set forth in paragraph "77" of the Second Amended Complaint, except admits that Plaintiff submitted an appeal to the Citywide Panel.

78. DENIES the allegations set forth in paragraph "78" of the Second Amended Complaint, except admits that DSNY submitted appeal materials to the Citywide Panel on applicants' behalf.

79. DENIES the allegations set forth in paragraph "79" of the Second Amended Complaint, except admits that DSNY employees could appeal to Scheinman Arbitration and Mediation Services ("SAMS").

80. DENIES the allegations set forth in paragraph "80" of the Second Amended Complaint.

81. DENIES the allegations set forth in paragraph "81" of the Second Amended Complaint.

82. DENIES the allegations set forth in paragraph "82" of the Second Amended Complaint.

a. DENIES the allegations set forth in paragraph "82(a)" and states that the document speaks for itself.

b. DENIES the allegations set forth in paragraph "82(b)" and states that the document speaks for itself.

c. DENIES the allegations set forth in paragraph "82(c)" and states that the document speaks for itself.

83. DENIES the allegations set forth in paragraph "83" of the Second Amended Complaint, and states that the document speaks for itself.

84. DENIES the allegations set forth in paragraph "84" of the Second Amended Complaint.

85. Paragraph "85" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

86. DENIES the allegations set forth in paragraph "86" of the Second Amended Complaint.

87. DENIES the allegations set forth in paragraph "87" of the Second Amended Complaint.

88. DENIES the allegations set forth in paragraph "88" of the Second Amended Complaint.

89. DENIES the allegations set forth in paragraph "89" of the Second Amended Complaint.

90. DENIES the allegations set forth in paragraph "90" of the Second Amended Complaint.

91. DENIES the allegations set forth in paragraph "91" of the Second Amended Complaint.

92. DENIES the allegations set forth in paragraph "92" of the Second Amended Complaint.

93. DENIES the allegations set forth in paragraph "93" of the Second Amended Complaint, and respectfully refers the Court to the document referenced therein.

94. DENIES the allegations set forth in paragraph "94" of the Second Amended Complaint.

95. DENIES the allegations set forth in paragraph "95" of the Second Amended Complaint, except admits that Plaintiff requested a reasonable accommodation from DSNY, and states that the document speaks for itself.

96. DENIES the allegations set forth in paragraph "96" of the Second Amended Complaint.

97. DENIES the allegations set forth in paragraph "97" of the Second Amended Complaint.

98. DENIES the allegations set forth in paragraph "98" of the Second Amended Complaint.

99. DENIES the allegations set forth in paragraph "99" of the Second Amended Complaint, except admits that DSNY denied Plaintiff's reasonable accommodation request.

100. DENIES the allegations set forth in paragraph "100" of the Second Amended Complaint.

101. DENIES the allegations set forth in paragraph "101" of the Second Amended Complaint.

102. DENIES the allegations set forth in paragraph "102" of the Second Amended Complaint.

103. DENIES the allegations set forth in paragraph "103" of the Second Amended Complaint.

104. DENIES the allegations set forth in paragraph "104" of the Second Amended Complaint.

105. DENIES the allegations set forth in paragraph "105" of the Second Amended Complaint.

106. DENIES the allegations set forth in paragraph "106" of the Second Amended Complaint.

107. DENIES the allegations set forth in paragraph "107" of the Second Amended Complaint.

108. DENIES the allegations set forth in paragraph "108" of the Second Amended Complaint.

109. DENIES the allegations set forth in paragraph "109" of the Second Amended Complaint, except admits that DSNY denied Plaintiff's request.

110. DENIES the allegations set forth in paragraph "110" of the Second Amended Complaint.

111. DENIES the allegations set forth in paragraph "111" of the Second Amended Complaint.

112. DENIES the allegations set forth in paragraph "112" of the Second Amended Complaint, except admits that DSNY did not request additional information from Plaintiff regarding his reasonable accommodation request.

113. DENIES the allegations set forth in paragraph "113" of the Second Amended Complaint.

114. DENIES the allegations set forth in paragraph "114" of the Second Amended Complaint.

115. DENIES the allegations set forth in paragraph "115" of the Second Amended Complaint.

116. DENIES the allegations set forth in paragraph "116" of the Second Amended Complaint.

117. DENIES the allegations set forth in paragraph "117" of the Second Amended Complaint.

118. DENIES the allegations set forth in paragraph "118" of the Second Amended Complaint.

119. DENIES the allegations set forth in paragraph "119" of the Second Amended Complaint.

120. DENIES the allegations set forth in paragraph "120" of the Second Amended Complaint.

121. DENIES the allegations set forth in paragraph "121" of the Second Amended Complaint.

122. DENIES the allegations set forth in paragraph "122" of the Second Amended Complaint.

123. DENIES the allegations set forth in paragraph "123" of the Second Amended Complaint.

124. DENIES the allegations set forth in paragraph "124" of the Second Amended Complaint.

125. DENIES the allegations set forth in paragraph "125" of the Second Amended Complaint.

126. ADMITS the allegations set forth in paragraph "126" of the Second Amended Complaint.

127. ADMITS the allegations set forth in paragraph "127" of the Second Amended Complaint.

128. DENIES the allegations set forth in paragraph "128" of the Second Amended Complaint, except admits that the Citywide Panel reviewed appeals from employees whose religious accommodation requests were denied.

129. DENIES the allegations set forth in paragraph "129" of the Second Amended Complaint, except admits that the Citywide Panel included members from the Law Department, Department of Citywide Administrative Services, and the City Commission on Human Rights.

130. DENIES the allegations set forth in paragraph "130" of the Second Amended Complaint, except admits that panel members voted.

131. DENIES the allegations set forth in paragraph "131" of the Second Amended Complaint, except admits that Plaintiff submitted an appeal to the Citywide Panel.

132. DENIES the allegations set forth in paragraph "132" of the Second Amended Complaint.

133. DENIES the allegations set forth in paragraph "133" of the Second Amended Complaint.

134. DENIES the allegations set forth in paragraph "134" of the Second Amended Complaint.

135. DENIES the allegations set forth in paragraph "135" of the Second Amended Complaint.

136. DENIES the allegations set forth in paragraph "136" of the Second Amended Complaint.

137. DENIES the allegations set forth in paragraph "137" of the Second Amended Complaint.

138. DENIES the allegations set forth in paragraph "138" of the Second Amended Complaint.

139. DENIES the allegations set forth in paragraph "139" of the Second Amended Complaint.

140. DENIES the allegations set forth in paragraph "140" of the Second Amended Complaint, except admit that the Citywide Panel reviewed Plaintiff's submission to the agency and his submissions on appeal.

141. DENIES the allegations set forth in paragraph "141" of the Second Amended Complaint, except admits that Eric Eichenholtz testified in a deposition in Rizzo v. City of New York.

142. DENIES the allegations set forth in paragraph "142" of the Second Amended Complaint, except admits that Plaintiff submitted an appeal to the Citywide Panel.

143. DENIES the allegations set forth in paragraph "143" of the Second Amended Complaint except admits that Plaintiff sent an email and that the email speaks for itself.

144. DENIES the allegations set forth in paragraph "144" of the Second Amended Complaint, except admits that the email referenced therein was sent to DSNY. Defendant denies any characterization of the document inconsistent with its contents.

145. DENIES the allegations set forth in paragraph "145" of the Second Amended Complaint, except admits that DSNY submitted documentation to the Citywide Panel.

146. DENIES the allegations set forth in paragraph "146" of the Second Amended Complaint.

147. DENIES the allegations set forth in paragraph "147" of the Second Amended Complaint, except admits that Plaintiff was placed on Vaccine Mandate with benefits leave on or about November 28, 2021.

148. DENIES the allegations set forth in paragraph "148" of the Second Amended Complaint, except admits that Plaintiff's attorney submitted materials on December 21, 2021 in support of Plaintiff's appeal.

149. DENIES the allegations set forth in paragraph "149" of the Second Amended Complaint, except admits that Plaintiff's attorney included a written statement from Plaintiff in support of Plaintiff's appeal.

150. DENIES the allegations set forth in paragraph "150" of the Second Amended Complaint, and respectfully refers the Court to the document referenced therein.

151. DENIES the allegations set forth in paragraph "151" of the Second Amended Complaint, and respectfully refers the Court to the document referenced therein.

152. DENIES the allegations set forth in paragraph "152" of the Second Amended Complaint, and respectfully refers the Court to the document referenced therein.

153. DENIES the allegations set forth in paragraph "153" of the Second Amended Complaint, and respectfully refers the Court to the document referenced therein.

154. DENIES the allegations set forth in paragraph "154" of the Second Amended Complaint, except admits that Plaintiff sent the letter referenced in Paragraph 154 and that the letter contains the statement quoted therein. Defendant denies any characterization of the letter beyond its actual contents.

155. DENIES the allegations set forth in paragraph "155" of the Second Amended Complaint, except admits that DSNY responded by email to Plaintiff's attorney.

156. DENIES the allegations set forth in paragraph "156" of the Second Amended Complaint.

157. DENIES the allegations set forth in paragraph "157" of the Second Amended Complaint, except admits that the Citywide Panel received and reviewed Plaintiff's supplemental materials in support of his appeal.

158. DENIES the allegations set forth in paragraph "158" of the Second Amended Complaint.

159. DENIES the allegations set forth in paragraph "159" of the Second Amended Complaint, except admits that DCAS provided instruction to City agencies regarding the Vaccine Mandate.

160. DENIES the allegations set forth in paragraph "160" of the Second Amended Complaint, except admits that DCAS provided instruction to City agencies regarding the Vaccine Mandate.

161. DENIES the allegations set forth in paragraph "161" of the Second Amended Complaint.

162. DENIES the allegations set forth in paragraph "162" of the Second Amended Complaint.

163. DENIES the allegations set forth in paragraph "163" of the Second Amended Complaint.

164. DENIES the allegations set forth in paragraph "164" of the Second Amended Complaint.

165. Paragraph "165" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

166. DENIES the allegations set forth in paragraph "166" of the Second Amended Complaint, and states that the policy document speaks for itself.

167. DENIES the allegations set forth in paragraph "167" of the Second Amended Complaint.

168. DENIES the allegations set forth in paragraph "168" of the Second Amended Complaint.

169. DENIES the allegations set forth in paragraph "169" of the Second Amended Complaint.

170. DENIES the allegations set forth in paragraph "170" of the Second Amended Complaint.

171. Paragraph "171" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

172. Paragraph "172" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

173. Paragraph "173" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

174. Paragraph "174" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

175. DENIES the allegations set forth in paragraph "175" of the Second Amended Complaint.

176. DENIES the allegations set forth in paragraph "176" of the Second Amended Complaint.

177. DENIES the allegations set forth in paragraph "177" of the Second Amended Complaint.

178. DENIES the allegations set forth in paragraph "178" of the Second Amended Complaint.

179. DENIES the allegations set forth in paragraph "179" of the Second Amended Complaint.

180. DENIES the allegations set forth in paragraph "180" of the Second Amended Complaint.

181. DENIES the allegations set forth in paragraph "181" of the Second Amended Complaint.

182. DENIES the allegations set forth in paragraph "182" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

183. DENIES the allegations set forth in paragraph "183" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

184. DENIES the allegations set forth in paragraph "184" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

185. DENIES the allegations set forth in paragraph "185" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

186. DENIES the allegations set forth in paragraph "186" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

187. DENIES the allegations set forth in paragraph "187" of the Second Amended Complaint.

188. DENIES the allegations set forth in paragraph "188" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

189. DENIES the allegations set forth in paragraph "189" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

190. DENIES the allegations set forth in paragraph "190" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

191. DENIES the allegations set forth in paragraph "191" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

192. DENIES the allegations set forth in paragraph "192" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

193. DENIES the allegations set forth in paragraph "193" of the Second Amended Complaint.

194. DENIES the allegations set forth in paragraph "194" of the Second Amended Complaint.

195. DENIES the allegations set forth in paragraph "195" of the Second Amended Complaint.

196. DENIES the allegations set forth in paragraph "196" of the Second Amended Complaint.

197. DENIES the allegations set forth in paragraph "197" of the Second Amended Complaint.

198. DENIES the allegations set forth in paragraph "198" of the Second Amended Complaint.

199. DENIES the allegations set forth in paragraph "199" of the Second Amended Complaint.

200. DENIES the allegations set forth in paragraph "200" of the Second Amended Complaint.

201. DENIES the allegations set forth in paragraph "201" of the Second Amended Complaint.

202. DENIES the allegations set forth in paragraph "202" of the Second Amended Complaint.

203. DENIES the allegations set forth in paragraph "203" of the Second Amended Complaint.

204. DENIES the allegations set forth in paragraph "204" of the Second Amended Complaint.

205. DENIES the allegations set forth in paragraph "205" of the Second Amended Complaint.

206. DENIES the allegations set forth in paragraph "206" of the Second Amended Complaint.

207. DENIES the allegations set forth in paragraph "207" of the Second Amended Complaint.

208. DENIES the allegations set forth in paragraph "208" of the Second Amended Complaint.

209. DENIES the allegations set forth in paragraph "209" of the Second Amended Complaint.

210. DENIES the allegations set forth in paragraph "210" of the Second Amended Complaint.

211. DENIES the allegations set forth in paragraph "211" of the Second Amended Complaint.

212. DENIES the allegations set forth in paragraph "212" of the Second Amended Complaint.

213. DENIES the allegations set forth in paragraph "213" of the Second Amended Complaint.

214. Paragraph "214" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

215. DENIES the allegations set forth in paragraph "215" of the Second Amended Complaint.

216. DENIES the allegations set forth in paragraph "216" of the Second Amended Complaint.

217. Paragraph "217" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

218. DENIES the allegations set forth in paragraph "218" of the Second Amended Complaint.

219. DENIES the allegations set forth in paragraph "219" of the Second Amended Complaint.

220. DENIES the allegations set forth in paragraph "220" of the Second Amended Complaint, except admits that Defendant approved numerous religious accommodation requests.

221. DENIES the allegations set forth in paragraph "221" of the Second Amended Complaint.

222. DENIES the allegations set forth in paragraph "222" of the Second Amended Complaint.

223. DENIES the allegations set forth in paragraph "223" of the Second Amended Complaint.

224. DENIES the allegations set forth in paragraph "224" of the Second Amended Complaint.

225. DENIES the allegations set forth in paragraph "225" of the Second Amended Complaint.

226. DENIES the allegations set forth in paragraph "226" of the Second Amended Complaint.

227. DENIES the allegations set forth in paragraph "227" of the Second Amended Complaint.

228. DENIES the allegations set forth in paragraph "228" of the Second Amended Complaint.

229. DENIES the allegations set forth in paragraph "229" of the Second Amended Complaint.

230. DENIES the allegations set forth in paragraph "230" of the Second Amended Complaint.

231. DENIES the allegations set forth in paragraph "231" of the Second Amended Complaint.

232. DENIES the allegations set forth in paragraph "232" of the Second Amended Complaint.

233. DENIES the allegations set forth in paragraph "233" of the Second Amended Complaint.

234. Paragraph "234" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

235. DENIES the allegations set forth in paragraph "235" of the Second Amended Complaint.

236. Paragraph "236" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

237. DENIES the allegations set forth in paragraph "237" of the Second Amended Complaint.

238. DENIES the allegations set forth in paragraph "238" of the Second Amended Complaint.

239. DENIES the allegations set forth in paragraph "239" of the Second Amended Complaint.

240. DENIES the allegations set forth in paragraph "240" of the Second Amended Complaint.

241. DENIES the allegations set forth in paragraph "241" of the Second Amended Complaint.

242. DENIES the allegations set forth in paragraph “242” of the Second Amended Complaint.

243. DENIES the allegations set forth in paragraph “243” of the Second Amended Complaint.

244. DENIES the allegations set forth in paragraph “244” of the Second Amended Complaint.

245. DENIES the allegations set forth in paragraph “245” of the Second Amended Complaint.

246. DENIES the allegations set forth in paragraph “246” of the Second Amended Complaint.

247. DENIES the allegations set forth in paragraph “247” of the Second Amended Complaint.

248. DENIES the allegations set forth in paragraph “248” of the Second Amended Complaint.

249. DENIES the allegations set forth in paragraph “249” of the Second Amended Complaint.

250. DENIES the allegations set forth in paragraph “250” of the Second Amended Complaint.

251. DENIES the allegations set forth in paragraph “251” of the Second Amended Complaint.

252. DENIES the allegations set forth in paragraph “252” of the Second Amended Complaint.

253. Paragraph "253" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

254. DENIES the allegations set forth in paragraph "254" of the Second Amended Complaint.

255. DENIES the allegations set forth in paragraph "255" of the Second Amended Complaint.

256. DENIES the allegations set forth in paragraph "256" of the Second Amended Complaint.

257. Paragraph "257" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

258. DENIES the allegations set forth in paragraph "258" of the Second Amended Complaint.

259. Paragraph "259" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

260. Paragraph "260" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

261. DENIES the allegations set forth in paragraph "261" of the Second Amended Complaint.

262. DENIES the allegations set forth in paragraph "262" of the Second Amended Complaint.

263. Paragraph "263" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

264. DENIES the allegations set forth in paragraph "264" of the Second Amended Complaint, and respectfully refers the Court to the case cited therein.

265. DENIES the allegations set forth in paragraph "265" of the Second Amended Complaint.

266. DENIES the allegations set forth in paragraph "266" of the Second Amended Complaint, and respectfully refers the Court to the filing referenced therein.

267. Paragraph "267" sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

268. DENIES the allegations set forth in paragraph "268" of the Second Amended Complaint, except admits that the Citywide Panel denied Plaintiff's appeal.

269. DENIES the allegations set forth in paragraph "269" of the Second Amended Complaint, except admits that Plaintiff's appeal was denied.

270. DENIES the allegations set forth in paragraph "270" of the Second Amended Complaint, except admits that the Citywide Panel reviewed Plaintiff's additional submissions.

271. DENIES the allegation set forth in paragraph "271" of the Second Amended Complaint, except admits there was no communication between the Citywide Panel and Plaintiff outside of the denial of Plaintiff's appeal.

272. DENIES the allegation set forth in paragraph "272" of the Second Amended Complaint, except admits there was no communication between the Citywide Panel and Plaintiff outside of the denial of Plaintiff's appeal.

273. Paragraph "273" contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

274. DENIES the allegation set forth in paragraph "274" of the Second Amended Complaint.

275. DENIES the allegation set forth in paragraph "275" of the Second Amended Complaint.

276. DENIES the allegation set forth in paragraph "276" of the Second Amended Complaint, except admits that there was no communication between the Citywide Panel and Plaintiff outside of the denial of Plaintiff's appeal.

277. DENIES the allegation set forth in paragraph "277" of the Second Amended Complaint, except admits that the Citywide Panel was not tasked with considering potential accommodations.

278. DENIES the allegation set forth in paragraph "278" of the Second Amended Complaint.

279. DENIES the allegation set forth in paragraph "279" of the Second Amended Complaint.

280. DENIES the allegation set forth in paragraph "280" of the Second Amended Complaint.

281. DENIES the allegation set forth in paragraph "281" of the Second Amended Complaint.

282. DENIES the allegation set forth in paragraph "282" of the Second Amended Complaint.

283. DENIES the allegation set forth in paragraph "283" of the Second Amended Complaint, except admits that DSNY sent an email on January 5, 2022.

284. DENIES the allegation set forth in paragraph "284" of the Second Amended Complaint, except admits that Plaintiff was sent correspondence on January 31, 2022, and that the document speaks for itself.

285. DENIES the allegation set forth in paragraph "285" of the Second Amended Complaint, except admits that Plaintiff was sent correspondence on January 31, 2022, and that the document speaks for itself.

286. DENIES the allegation set forth in paragraph "286" of the Second Amended Complaint, except admits that Plaintiff was terminated on February 11, 2022.

287. DENIES the allegation set forth in paragraph "287" of the Second Amended Complaint.

288. DENIES the allegation set forth in paragraph "288" of the Second Amended Complaint, except admits that the Vaccine Mandate was amended on or about February 9, 2023.

289. DENIES the allegation set forth in paragraph "289" of the Second Amended Complaint, except admits the DSNY granted religious accommodations to some employees.

290. DENIES the allegation set forth in paragraph "290" of the Second Amended Complaint, except admits that Sanitation Workers received religious accommodations to the Vaccine Mandate.

291. DENIES the allegation set forth in paragraph "291" of the Second Amended Complaint, except admits that the Citywide Panel overturned the denials of some DSNY employees.

292. DENIES the allegation set forth in paragraph "292" of the Second Amended Complaint.

293. DENIES the allegation set forth in paragraph "293" of the Second Amended Complaint.

294. DENIES the allegation set forth in paragraph "294" of the Second Amended Complaint.

295. DENIES the allegation set forth in paragraph "295" of the Second Amended Complaint.

296. DENIES the allegation set forth in paragraph "296" of the Second Amended Complaint.

297. DENIES the allegation set forth in paragraph "297" of the Second Amended Complaint.

298. DENIES the allegation set forth in paragraph "298" of the Second Amended Complaint.

299. DENIES the allegation set forth in paragraph "299" of the Second Amended Complaint.

300. DENIES the allegation set forth in paragraph "300" of the Second Amended Complaint, except admits that some employees continued working while their accommodation requests and appeals were pending.

301. DENIES the allegation set forth in paragraph "301" of the Second Amended Complaint, except admits that some employees continued working while their accommodation requests and appeals were pending.

302. DENIES the allegation set forth in paragraph "302" of the Second Amended Complaint, except admits that Plaintiff continued working until he was placed on Vaccine Mandate with benefits leave on or about November 28, 2021.

303. DENIES the allegation set forth in paragraph "303" of the Second Amended Complaint, except admits that employees were permitted to continue working while their accommodation requests and appeals were pending.

304. DENIES the allegation set forth in paragraph "304" of the Second Amended Complaint.

305. DENIES the allegation set forth in paragraph "305" of the Second Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

306. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "306" of the Second Amended Complaint.

307. DENIES the allegation set forth in paragraph "307" of the Second Amended Complaint.

308. DENIES the allegation set forth in paragraph "308" of the Second Amended Complaint.

309. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "309" of the Second Amended Complaint.

310. DENIES knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "310" of the Second Amended Complaint.

311. DENIES the allegation set forth in paragraph "311" of the Second Amended Complaint.

312. DENIES the allegation set forth in paragraph "312" of the Second Amended Complaint.

313. [intentionally left blank]

314. In response to the allegations set forth in paragraph "314" of the Second Amended Complaint, Defendant repeats and realleges paragraphs "1" through"313" of the Complaint as if fully set forth herein.

315. Paragraph "315" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the statute referenced therein.

316. DENIES the allegation set forth in paragraph "316" of the Second Amended Complaint, except admits that Plaintiff was employed as a sanitation worker from May 31, 2005, to February 11, 2022.

317. DENIES the allegation set forth in paragraph "317" of the Second Amended Complaint.

318. DENIES the allegation set forth in paragraph "318" of the Second Amended Complaint, except admits that a Vaccine Mandate was issued by Defendant.

319. DENIES the allegation set forth in paragraph "319" of the Second Amended Complaint, except admits that Plaintiff requested a reasonable accommodation to the Vaccine Mandate.

320. DENIES the allegation set forth in paragraph "320" of the Second Amended Complaint, except admits that Plaintiff requested a reasonable accommodation to the Vaccine Mandate.

321. DENIES the allegation set forth in paragraph "321" of the Second Amended Complaint, except admits that Plaintiff requested a reasonable accommodation to the Vaccine Mandate and his request was denied.

322. DENIES the allegation set forth in paragraph "322" of the Second Amended Complaint, except admits that Plaintiff's reasonable accommodation request was denied.

323. Paragraph "323" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the statutes and case law referenced therein.

324. Denies the allegations set forth in paragraph "324" of the Second Amended Complaint, and respectfully refers the Court to the articles cited therein for a complete and accurate statement of their contents.

325. Paragraph "325" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the statute referenced therein.

326. DENIES the allegation set forth in paragraph "326" of the Second Amended Complaint.

327. DENIES the allegation set forth in paragraph "327" of the Second Amended Complaint.

328. DENIES the allegation set forth in paragraph "328" of the Second Amended Complaint.

329. DENIES the allegation set forth in paragraph "329" of the Second Amended Complaint.

330. DENIES the allegations set forth in paragraph "330" of the Second Amended Complaint, except admits that Defendant granted religious accommodation requests.

331. DENIES the allegation set forth in paragraph "331" of the Second Amended Complaint.

332. DENIES the allegation set forth in paragraph "332" of the Second Amended Complaint, except admits that Plaintiff was terminated on February 11, 2022.

333. DENIES the allegation set forth in paragraph "333" of the Second Amended Complaint, except admits that Plaintiff was placed on Vaccine Mandate with benefits leave on November 28, 2021.

334. DENIES the allegation set forth in paragraph "334" of the Second Amended Complaint.

335. DENIES the allegation set forth in paragraph "335" of the Second Amended Complaint.

336. DENIES the allegation set forth in paragraph "336" of the Second Amended Complaint.

337. DENIES the allegation set forth in paragraph "337" of the Second Amended Complaint.

338. DENIES the allegation set forth in paragraph "338" of the Second Amended Complaint.

339. DENIES the allegation set forth in paragraph "339" of the Second Amended Complaint.

340. DENIES the allegation set forth in paragraph "340" of the Second Amended Complaint.

341. DENIES the allegation set forth in paragraph "341" of the Second Amended Complaint, except admits that Defendant granted religious accommodation requests.

342. DENIES the allegation set forth in paragraph "342" of the Second Amended Complaint.

343. DENIES the allegations set forth in paragraph "343" of the Second Amended Complaint.

344. DENIES the allegations set forth in paragraph "344" of the Second Amended Complaint.

345. DENIES the allegations set forth in paragraph "345" of the Second Amended Complaint.

346. DENIES the allegations set forth in paragraph "346" of the Second Amended Complaint.

347. DENIES the allegations set forth in paragraph "347" of the Second Amended Complaint.

348. DENIES the allegations set forth in paragraph "348" of the Second Amended Complaint.

349. DENIES the allegations set forth in paragraph "349" of the Second Amended Complaint.

350. DENIES the allegations set forth in paragraph "350" of the Second Amended Complaint.

351. DENIES the allegation set forth in paragraph "351" of the Second Amended complaint.

352. DENIES the allegations set forth in paragraph "352" of the Second Amended Complaint.

353. Paragraph "353" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

354. DENIES the allegation set forth in paragraph "354" of the Second Amended Complaint, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

355. DENIES the allegation set forth in paragraph "355" of the Second Amended Complaint.

356. DENIES the allegation set forth in paragraph "356" of the Second Amended Complaint.

357. DENIES the allegation set forth in paragraph "357" of the Second Amended Complaint.

358. DENIES the allegation set forth in paragraph "358" of the Second Amended Complaint.

359. DENIES the allegation set forth in paragraph "359" of the Second Amended Complaint.

360. DENIES the allegation set forth in paragraph "360" of the Second Amended Complaint.

361. DENIES the allegation set forth in paragraph "361" of the Second Amended Complaint.

362. DENIES the allegation set forth in paragraph "362" of the Second Amended Complaint.

363. DENIES the allegation set forth in paragraph "363" of the Second Amended Complaint.

364. DENIES the allegation set forth in paragraph "364" of the Second Amended Complaint.

365. DENIES the allegation set forth in paragraph "365" of the Second Amended Complaint.

366. DENIES the allegation set forth in paragraph "366" of the Second Amended Complaint.

367. DENIES the allegation set forth in paragraph "367" of the Second Amended Complaint.

368. DENIES the allegation set forth in paragraph "368" of the Second Amended Complaint.

369. DENIES the allegation set forth in paragraph "369" of the Second Amended Complaint.

370. DENIES the allegation set forth in paragraph "370" of the Second Amended Complaint.

371. DENIES the allegation set forth in paragraph "371" of the Second Amended Complaint.

372. DENIES the allegation set forth in paragraph "372" of the Second Amended Complaint.

373. DENIES the allegation set forth in paragraph "373" of the Second Amended Complaint.

374. DENIES the allegation set forth in paragraph "374" of the Second Amended Complaint.

375. In response to the allegations set forth in paragraph "375" of the Complaint, Defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "374" of the Complaint as if fully set forth here.

376. Paragraph "376" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the statute referenced therein.

377. Paragraph "377" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the statute referenced therein.

378. Paragraph "378" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the statute referenced therein.

379. Paragraph "379" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the statute referenced therein.

380. DENIES the allegation set forth in paragraph "380" of the Second Amended Complaint, except admits that Plaintiff was a sanitation worker employed by the City of New York.

381. DENIES the allegation set forth in paragraph "381" of the Second Amended Complaint.

382. DENIES the allegation set forth in paragraph "382" of the Second Amended Complaint, except admits that Defendant issued a Vaccine Mandate.

383. DENIES the allegation set forth in paragraph "383" of the Second Amended Complaint, except admits that Plaintiff requested a reasonable accommodation to the Vaccine Mandate.

384. DENIES the allegation set forth in paragraph "384" of the Second Amended Complaint.

385. DENIES the allegation set forth in paragraph "385" of the Second Amended Complaint.

386. DENIES the allegation set forth in paragraph "386" of the Second Amended Complaint.

387. DENIES the allegation set forth in paragraph "387" of the Second Amended Complaint.

388. DENIES the allegation set forth in paragraph "388" of the Second Amended Complaint.

389. DENIES the allegation set forth in paragraph "389" of the Second Amended Complaint.

390. DENIES the allegation set forth in paragraph "390" of the Second Amended Complaint, except admits that Plaintiff's reasonable accommodation request was denied.

391. DENIES the allegation set forth in paragraph "391" of the Second Amended Complaint, except admits that Defendant did not provide Plaintiff with a reasonable accommodation.

392. DENIES the allegation set forth in paragraph "392" of the Second Amended Complaint.

393. DENIES the allegation set forth in paragraph "393" of the Second Amended Complaint.

394. DENIES the allegation set forth in paragraph "394" of the Second Amended Complaint.

395. DENIES the allegation set forth in paragraph "395" of the Second Amended Complaint.

396. DENIES the allegation set forth in paragraph "396" of the Second Amended Complaint.

397. DENIES the allegation set forth in paragraph "397" of the Second Amended Complaint.

398. DENIES the allegation set forth in paragraph "398" of the Second Amended Complaint.

399. DENIES the allegation set forth in paragraph "399" of the Second Amended Complaint.

400. DENIES the allegation set forth in paragraph "400" of the Second Amended Complaint.

401. DENIES the allegation set forth in paragraph "401" of the Second Amended Complaint.

402. DENIES the allegation set forth in paragraph "402" of the Second Amended Complaint, except admits that Defendant terminated Plaintiff on February 11, 2022.

403. DENIES the allegation set forth in paragraph "403" of the Second Amended Complaint, except admits that Defendant placed Plaintiff on Vaccine Mandate with benefits leave on November 28, 2021.

404. DENIES the allegation set forth in paragraph "404" of the Second Amended Complaint.

405. DENIES the allegation set forth in paragraph "405" of the Second Amended Complaint, except admits that Defendant terminated Plaintiff.

406. DENIES the allegation set forth in paragraph “406” of the Second Amended Complaint.

407. DENIES the allegation set forth in paragraph “407” of the Second Amended Complaint.

408. DENIES the allegation set forth in paragraph “408” of the Second Amended Complaint.

409. DENIES the allegation set forth in paragraph “409” of the Second Amended Complaint.

410. DENIES the allegation set forth in paragraph “410” of the Second Amended Complaint.

411. DENIES the allegation set forth in paragraph “411” of the Second Amended Complaint.

412. DENIES the allegation set forth in paragraph “412” of the Second Amended Complaint.

413. DENIES the allegation set forth in paragraph “413” of the Second Amended Complaint.

414. DENIES the allegation set forth in paragraph “414” of the Second Amended Complaint.

415. DENIES the allegation set forth in paragraph “415” of the Second Amended Complaint.

416. DENIES the allegation set forth in paragraph “416” of the Second Amended Complaint.

417. DENIES the allegation set forth in paragraph "417" of the Second Amended Complaint.

418. DENIES the allegation set forth in paragraph "418" of the Second Amended Complaint, and states that the document speaks for itself.

419. DENIES the allegation set forth in paragraph "419" of the Second Amended Complaint.

420. DENIES the allegation set forth in paragraph "420" of the Second Amended Complaint.

421. DENIES the allegation set forth in paragraph "421" of the Second Amended Complaint.

422. DENIES the allegation set forth in paragraph "422" of the Second Amended Complaint.

423. DENIES the allegation set forth in paragraph "423" of the Second Amended Complaint.

424. DENIES the allegation set forth in paragraph "424" of the Second Amended Complaint.

425. DENIES the allegation set forth in paragraph "425" of the Second Amended Complaint.

426. DENIES the allegation set forth in paragraph "426" of the Second Amended Complaint.

427. DENIES the allegation set forth in paragraph "427" of the Second Amended Complaint.

428. DENIES the allegation set forth in paragraph "428" of the Second Amended Complaint.

429. DENIES the allegation set forth in paragraph "429" of the Second Amended Complaint.

430. DENIES the allegation set forth in paragraph "430" of the Second Amended Complaint.

431. DENIES the allegation set forth in paragraph "431" of the Second Amended Complaint.

432. DENIES the allegation set forth in paragraph "432" of the Second Amended Complaint.

433. DENIES the allegation set forth in paragraph "433" of the Second Amended Complaint.

434. DENIES the allegation set forth in paragraph "434" of the Second Amended Complaint.

435. DENIES the allegation set forth in paragraph "435" of the Second Amended Complaint.

436. DENIES the allegation set forth in paragraph "436" of the Second Amended Complaint.

437. DENIES the allegation set forth in paragraph "437" of the Second Amended Complaint.

438. DENIES the allegation set forth in paragraph "438" of the Second Amended Complaint.

439. In response to the allegations set forth in paragraph "439" of the Complaint, Defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "438" of the Complaint as if fully set forth here.

440. Defendant is not required to respond to the allegations in paragraph "440" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

441. Defendant is not required to respond to the allegations in paragraph "441" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

442. Defendant is not required to respond to the allegations in paragraph "442" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

443. Defendant is not required to respond to the allegations in paragraph "443" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

444. Defendant is not required to respond to the allegations in paragraph "444" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

445. Defendant is not required to respond to the allegations in paragraph "445" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

446. Defendant is not required to respond to the allegations in paragraph "446" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

447. Defendant is not required to respond to the allegations in paragraph "447" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

448. Defendant is not required to respond to the allegations in paragraph "448" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

449. Defendant is not required to respond to the allegations in paragraph "449" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

450. Defendant is not required to respond to the allegations in paragraph "450" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

451. Defendant is not required to respond to the allegations in paragraph "451" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

452. Defendant is not required to respond to the allegations in paragraph "452" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

453. Defendant is not required to respond to the allegations in paragraph "453" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

454. Defendant is not required to respond to the allegations in paragraph "454" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

455. Defendant is not required to respond to the allegations in paragraph "455" because the Court dismissed this claim with prejudice in its Opinion and Order, dated July 6, 2026. (ECF Dkt. No. 75).

456. In response to the allegations set forth in paragraph "456" of the Complaint, Defendants repeat and reallege their responses to the allegations set forth in paragraphs "1" through "455" of the Complaint as if fully set forth here

457. DENIES the allegation set forth in paragraph "457" of the Second Amended Complaint, except admits the Plaintiff purports to proceed as set forth therein.

458. Paragraph "458" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the statute referenced therein.

459. Paragraph "459" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the statute referenced therein.

460. Paragraph "460" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the statute referenced therein.

461. DENIES the allegation set forth in paragraph "461" of the Second Amended Complaint.

462. DENIES the allegation set forth in paragraph "462" of the Second Amended Complaint.

463. DENIES the allegation set forth in paragraph "463" of the Second Amended Complaint.

464. DENIES the allegation set forth in paragraph "464" of the Second Amended Complaint, except admits that Defendant implemented a Vaccine Mandate.

465. DENIES the allegation set forth in paragraph "465" of the Second Amended Complaint.

466. DENIES the allegation set forth in paragraph "466" of the Second Amended Complaint.

467. DENIES the allegation set forth in paragraph "467" of the Second Amended Complaint.

468. DENIES the allegation set forth in paragraph "468" of the Second Amended Complaint, except admits that Plaintiff attempted to seek a reasonable accommodation.

469. DENIES the allegation set forth in paragraph "469" of the Second Amended Complaint.

470. DENIES the allegation set forth in paragraph "470" of the Second Amended Complaint.

471. DENIES the allegation set forth in paragraph "471" of the Second Amended Complaint, except admits that Plaintiff was placed on leave and was terminated.

472. DENIES the allegation set forth in paragraph "472" of the Second Amended Complaint.

473. DENIES the allegation set forth in paragraph "473" of the Second Amended Complaint.

474. DENIES the allegation set forth in paragraph "474" of the Second Amended Complaint.

475. DENIES the allegation set forth in paragraph "475" of the Second Amended Complaint.

476. DENIES the allegation set forth in paragraph "476" of the Second Amended Complaint.

477. DENIES the allegation set forth in paragraph "477" of the Second Amended Complaint.

478. DENIES the allegation set forth in paragraph "478" of the Second Amended Complaint.

479. DENIES the allegation set forth in paragraph "479" of the Second Amended Complaint.

480. DENIES the allegation set forth in paragraph "480" of the Second Amended Complaint.

481. DENIES the allegation set forth in paragraph "481" of the Second Amended Complaint.

482. DENIES the allegation set forth in paragraph "482" of the Second Amended Complaint.

483. Paragraph "483" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

484. DENIES the allegation set forth in paragraph "484" of the Second Amended Complaint.

485. DENIES the allegation set forth in paragraph "485" of the Second Amended Complaint.

486. DENIES the allegation set forth in paragraph "486" of the Second Amended Complaint.

487. DENIES the allegation set forth in paragraph "487" of the Second Amended Complaint.

488. DENIES the allegation set forth in paragraph "488" of the Second Amended Complaint.

489. DENIES the allegation set forth in paragraph "489" of the Second Amended Complaint.

490. DENIES the allegation set forth in paragraph "490" of the Second Amended Complaint.

491. DENIES the allegation set forth in paragraph "491" of the Second Amended Complaint.

492. DENIES the allegation set forth in paragraph "492" of the Second Amended Complaint.

493. DENIES the allegation set forth in paragraph "493" of the Second Amended Complaint.

494. DENIES the allegation set forth in paragraph "494" of the Second Amended Complaint.

495. DENIES the allegation set forth in paragraph "495" of the Second Amended Complaint.

496. DENIES the allegation set forth in paragraph "496" of the Second Amended Complaint.

497. DENIES the allegation set forth in paragraph "497" of the Second Amended Complaint.

498. DENIES the allegation set forth in paragraph "498" of the Second Amended Complaint.

499. Paragraph "499" of the Second Amended Complaint is stricken pursuant to this Court's July 21, 2026 Order, granting in part Defendant's Motion for Sanctions. See ECF No. 80.

500. DENIES the allegation set forth in paragraph "500" of the Second Amended Complaint.

501. DENIES the allegation set forth in paragraph "501" of the Second Amended Complaint.

502. DENIES the allegation set forth in paragraph "502" of the Second Amended Complaint.

503. DENIES the allegation set forth in paragraph "503" of the Second Amended Complaint.

504. DENIES the allegation set forth in paragraph "504" of the Second Amended Complaint.

505. DENIES the allegation set forth in paragraph "505" of the Second Amended Complaint.

506. DENIES the allegation set forth in paragraph "506" of the Second Amended Complaint.

507. DENIES the allegation set forth in paragraph "507" of the Second Amended Complaint.

508. DENIES the allegation set forth in paragraph "508" of the Second Amended Complaint.

509. DENIES the allegation set forth in paragraph "509" of the Second Amended Complaint.

510. DENIES the allegation set forth in paragraph "510" of the Second Amended Complaint.

511. DENIES the allegation set forth in paragraph "511" of the Second Amended Complaint.

512. DENIES the allegation set forth in paragraph "512" of the Second Amended Complaint.

513. DENIES the allegation set forth in paragraph "513" of the Second Amended Complaint.

514. DENIES the allegation set forth in paragraph "514" of the Second Amended Complaint.

515. DENIES the allegation set forth in paragraph "515" of the Second Amended Complaint.

516. DENIES the allegation set forth in paragraph "516" of the Second Amended Complaint.

517. DENIES the allegation set forth in paragraph "517" of the Second Amended Complaint.

518. DENIES the allegation set forth in paragraph "518" of the Second Amended Complaint.

519. DENIES the allegation set forth in paragraph "519" of the Second Amended Complaint.

520. DENIES the allegation set forth in paragraph "520" of the Second Amended Complaint.

521. Paragraph "521" contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies and respectfully refers the Court to the case law referenced therein.

522. DENIES the allegation set forth in paragraph "522" of the Second Amended Complaint.

523. DENIES the allegation set forth in paragraph "523" of the Second Amended Complaint.

524. DENIES the allegation set forth in paragraph "524" of the Second Amended Complaint.

525. DENIES the allegation set forth in paragraph "525" of the Second Amended Complaint.

526. DENIES the allegation set forth in paragraph "526" of the Second Amended Complaint.

527. DENIES the allegation set forth in paragraph "527" of the Second Amended Complaint.

528. DENIES the allegation set forth in paragraph "528" of the Second Amended Complaint.

529. DENIES the allegation set forth in paragraph "529" of the Second Amended Complaint.

530. DENIES the allegation set forth in paragraph "530" of the Second Amended Complaint.

531. DENIES the allegation set forth in paragraph "531" of the Second Amended Complaint.

**AS AND FOR A FIRST DEFENSE:**

532. The Second Amended Complaint fails to state any claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE:**

533. The Second Amended Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

**AS AND FOR A THIRD DEFENSE:**

534. The Second Amended Complaint is barred, in whole or in part, by the doctrines of election of remedies, mutually exclusive remedies, or any combination of these doctrines.

**AS AND FOR A FOURTH DEFENSE:**

535. The Second Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**AS AND FOR A FIFTH DEFENSE:**

536. The damage claims contained in the Second Amended Complaint are barred, in whole or in part, by the failure to mitigate damages.

**AS AND FOR A SIXTH DEFENSE:**

537. Defendant had legitimate nondiscriminatory business reasons for taking any of the alleged acts complained of by Plaintiff.

**AS AND FOR A SEVENTH DEFENSE:**

538. To the extent Plaintiff submitted any accommodation requests, Plaintiff's proposed accommodation would have caused undue hardship on the Defendant and therefore his request for reasonable accommodation was properly denied.

**AS AND FOR AN EIGHTH DEFENSE:**

539. The Second Amended Complaint is barred, in whole or in part, by the doctrine of election of remedies, mutually exclusive remedies, or any combination of these doctrines.

**AS AND FOR A NINTH DEFENSE:**

540. The City's Vaccine Mandate is neutral and generally applicable.

**AS AND FOR A TENTH DEFENSE:**

541. The City's procedure for reviewing requests for religious accommodations and exemptions to the Vaccine Mandate is neutral and generally applicable.

**AS AND FOR AN ELEVENTH DEFENSE:**

542. The Plaintiff only requested to be fully exempt from the Vaccine Mandate.

**WHEREFORE,** defendant respectfully requests that the Complaint be dismissed in its entirety, that the court enter judgment for defendant, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 28, 2026

**STEVEN BANKS**
Corporation Counsel of the
City of New York
Attorney for Defendant
100 Church Street, Second Floor
New York, New York 10007
(212) 356-2481

By: /s/ Brigid Lynn
Brigid Lynn
Assistant Corporation Counsel